*F*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:088 CV 2446 –T254
TBM

TAMPA BAY WATER,
      Plaintiff,

v.

HDR ENGINEERING, INC., et al.

      Defendants.

_____/

## DEFENDANT CONSTRUCTION DYNAMICS GROUP INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT OF TAMPA BAY WATER

COMES NOW the DEFENDANT, CONSTRUCTION DYNAMICS GROUP INC., ("CDG") and answers the complaint of PLAINTIFF TAMPA BAY WATER ("TBW"), paragraph by paragraph, as follows:

### GENERAL ALLEGATIONS

1. Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

3. Admitted.

4. Without knowledge and therefore denied.

5. CDG admits the "Regional Reservoir" ("Project") is a large off-stream reservoir located in Hillsborough County, Florida, and is owned and operated by TBW. CDG denies any allegations against it. Otherwise without knowledge and therefore denied.

Law Office of Michael J. Krakar
*Lawyer Employees of a Member Company of Zurich Financial Services Group*
1900 Summit Tower Blvd., Suite 500 ● Orlando, Florida 32810
Tel. 407-660-6568  Fax: 407.659.0202
Page 1 of 26

6.      Admitted for jurisdictional purposes only.

7.      As to the first sentence, without knowledge and therefore denied.  CDG affirmatively
        alleges that Exhibit 1 speaks for itself.

8.      CDG admits the court has personal jurisdiction over HDR.   Otherwise, without
        knowledge and therefore denied.

9.      As to the first sentence, denied.  CDG admits that Exhibit 2 is a true and correct copy
        of the contract.  CDG denies that it failed to perform its contractual obligations or
        promises related to the Project.

10.     CDG admits the court has personal jurisdiction over CDG. Otherwise, denied.

11.     Without knowledge and therefore denied.

12.     CDG admits the court has personal jurisdiction over BARNARD. Otherwise, without
        knowledge and therefore denied.

13.     CDG admits venue is proper in this court and district.  Otherwise, without knowledge
        and therefore denied.

14.     TBW has failed to comply with the following conditions precedent to this action:

        a.      Presuit notice and opportunity to cure under Sec. 558.001 et seq. Fla. Stat.

        b.      Submission of the claims against the Contractor to the Construction
        manager for determination as required by ¶ 3.5.1.3 of the TBW-CDG contract

        c.      Full performance of TBW's contractual obligations to CDG.

15.     Admitted

16.     Without knowledge and therefore denied.

17.     Without knowledge and therefore denied.

18.   Without knowledge and therefore denied.

19.   Without knowledge and therefore denied.

20.   Without knowledge and therefore denied.

21.   Without knowledge and therefore denied.

22.   Without knowledge and therefore denied.

23.   Without knowledge and therefore denied.

24.   Without knowledge and therefore denied.

25.   Without knowledge and therefore denied.

26.   Without knowledge and therefore denied.

27.   Without knowledge and therefore denied.

28.   Without knowledge and therefore denied.

29.   Without knowledge and therefore denied.

30.   Admitted.

31.   Without knowledge and therefore denied.

32.   Without knowledge and therefore denied.

33.   Without knowledge and therefore denied.

34.   Admitted.

35.   CDG admits that the contract contains the paraphrased provisions, but denies that the paraphrase of the provisions fully, fairly and accurately describes the duties and legal liability of CDG.  Accordingly, CDG cannot admit or deny while fairly meeting the substance of the allegation.  Otherwise, denied.

36.   Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. CDG admits bids were issued.  CDG moves to strike the remaining allegations as

immaterial to the causes of action against CDG.

55. Without knowledge and therefore denied.

56. Without knowledge and therefore denied.

57. Without knowledge and therefore denied.

58. Without knowledge and therefore denied.

59. Without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. CDG admits TBW received bids, including one from Barnard.  CDG moves to strike the remaining allegations as immaterial to the causes of action against CDG.

62. Without knowledge and therefore denied.

63. Without knowledge and therefore denied.

64. Admitted.

65. CDG admits there was a third amendment executed but denies that the tasks described in ¶ 65 of the complaint were the subject of that amendment.  CDG affirmatively alleges that the third amendment affirmatively adopted and reaffirmed all the limitations and disclaimers of liability and responsibility described in the original CDG-TBW agreement and including without limitation those described in ¶ 35 supra.  CDG denies any implicit allegation that the third amendment imposed any new duties or promises concerning quality control, inspection or reporting that are material to cause of the defects alleged by TBW.

66. Without knowledge and therefore denied.

67. Without knowledge and therefore denied.

68. Admitted.

69. Admitted.

70. CDG admits that it provided some quality assurance services as set forth in the CDG Contract.  The Contract is the best evidence of CDG's responsibilities and speaks for

itself. CDG denies that it provided blanket quality assurance for the entire Project, or that it promised or was required to do so, as implied by ¶70 of the complaint.

71. Without knowledge and therefore denied.

72. Without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Without knowledge and therefore denied..

75. Without knowledge and therefore denied.

76. CDG denies all the allegations of ¶ 76 as to CDG.  CDG is without knowledge and therefore denies all remaining allegations.

## COUNTS I THROUGH III -- CLAIMS AGANST HDR AND BARNARD

77.  CDG realleges and incorporates herein by reference its answers in ¶¶ 1 -76 *supra.*

78. – 91 and 97. - 109.  Counts I through III do not allege any causes of action against CDG and CDG therefore does not plead to them, except as to the following numbered paragraphs of the complaint incorporated by reference in Count IV directed to CDG.

92.    Admitted.

93.    Without knowledge and therefore denied.  CDG affirmatively alleges that TBW has at not time identified any deficiency in BARNARD'S work which is the basis for this allegation that would permit CDG to have sufficient knowledge to admit or deny this allegation.

94.    Without knowledge and therefore denied.  CDG affirmatively alleges that TBW has at not time identified any deficiency in BARNARD'S work which is the basis for this

allegation that would permit CDG to have sufficient knowledge to admit or deny this allegation.

95. Without knowledge and therefore denied.

96. Without knowledge and therefore denied.

## COUNT IV -- CLAIM FOR BREACH OF CONTRACT AGAINST CDG
### (alleging "Inadequate Quality Assurance")

110. CDG realleges and incorporates herein by reference its answers to ¶¶ 1 -76 and 92. – 94 *supra.*

111. CDG admits that the contract required CDG to provide certain services as described therein and affirmatively alleges that the contract speaks for itself. Otherwise denied.

112. To the extent ¶ 112 sets forth a conclusion of law, no response from CDG is required. CDG admits that its duties are set forth in the CDG Contract, which speaks for itself.

113. Denied.

114. Denied.

115. Denied.

116. CDG denies any allegations concerning CDG. Otherwise, without knowledge and therefore denied.

117. CDG denies any allegations concerning CDG. Otherwise, without knowledge and therefore denied.

118. CDG moves to strike this allegation as not one of fact and contrary to the requirement of the rules that a party seeking leave to amend must secure leave of court to do so.

WHEREFORE, DEFENDANT CONSTRUCTION DYNAMICS GROUP prays this Honorable Court will enter judgment in its favor and against the claim of PLAINTIFF TAMPA BAY WATER, and award CONSTRUCTION DYNAMICS GROUP its costs and if allowable attorneys' fees incurred in the defense of the claim.

## COUNT V – BREACH OF WARRANTY AGAINST BARNARD

119.  CDG incorporates ¶¶ 1 through 118 of this Answer in response to ¶ 119 of the Complaint.

120. – 129. The allegations in these paragraphs are not directed to CDG and CDG need not plead to them.

## GENERAL DENIAL

CDG denies every allegation, statement and conclusion of law contained in the Complaint which is not specifically admitted here.

## AFFIRMATIVE DEFENSES

Having answered the complaint, DEFENDANT, CDG, alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### Acceptance by Owner of Premises

TBW's claim against CDG is barred under Florida law, as all work performed by CDG was approved and accepted by the owner, TBW, after either a) actual inspection by TBW, or b) a reasonable opportunity to actually inspect the work and materials.  See, e.g., <u>Slavin v. Kay</u>, 108 So.2d 462 (Fla. 1959).

## SECOND AFFIRMATIVE DEFENSE

### Apportionment Statute

Fla. Stat. 768.81 is applicable herein, and CDG claims any benefits granted by said statute relating to effects of contributory fault, apportionment of damages, etc.

## THIRD AFFIRMATIVE DEFENSE

### Assumption of Risk

TBW knew of the existence of the danger complained of, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed itself to the danger.

## FOURTH AFFIRMATIVE DEFENSE

### Changes to the Work by Others

Persons other than CDG changed or damaged the work which work TBW alleges was defective, failed and/or cause damage, and such changes or damage to the work occurred when CDG had no control and custody of the work, nor any duty to control or protect the work, and/or was no longer contractually required to protect the work.

## FIFTH AFFIRMATIVE DEFENSE

### Collateral Benefits

Fla. Stat. 768.76 is applicable herein, and CDG claims any benefits granted by said statute(s) relating to collateral benefits.

## SIXTH AFFIRMATIVE DEFENSE

### The TBW-CRG Contract Expressly Exculpates CDG From Liability for the Contractor BARNARD's and Design Professional HDR's Acts or Omissions

The TBW-CDG contract expressly provides that CDG is not liable for any defect in the work of the general contractor, BARNARD, or for the work of the design professional HDR, by virtue of CDG's agreement to serve as construction manager.

Section 1.4.2 expressly precludes and exculpates CDG from any liability for any defect in BARNARD'S work, stating:

"Nothing in this Agreement shall be construed to mean that the CM assumes any of the responsibilities of the Contractor or Design professional.  The Contractor shall be *solely responsible* for means,  methods, techniques, sequences and procedures used in the construction of the project, and for the safety of its personnel, property and operations, and for  performing in accordance with the contract with the owner.

Section 3.5.1.11 expressly precludes and exculpates CDG from any liability for any defect in BARNARD'S work, stating:

"It is understood that the CM's [CDG'] action in providing Quality Review as stated herein is a service to the Owner [TBW] and by performing as provided herein, the CM is not acting in a manner as to assume responsibility or liability, in whole or in part, for all or any part of the work for the Project."

> accordance with the terms of the Contract Documents. The CM will not be responsible for, nor does the CM control, the means, methods, techniques, sequences and procedures of construction for the Project. It is understood that the CM's action in providing Quality Review as stated herein is a service to the Owner and by performing as provided herein, the CM is not acting in a manner so as to assume responsibility or liability, in whole or in part, for all or any part of the work for the Project. No action taken by the CM shall relieve the Contractor from its obligation to perform the

The contract provisions exculpating CDG from liability for the design professional HDR's acts and omissions is incorporated herein by reference and appears in part in ¶35 of this answer.

## SEVENTH AFFIRMATIVE DEFENSE

### TBW's Claim is Barred by TBW's Breach of Contract – TBW's Duty To CDG Procure Indemnity from BARNARD

Alternatively to other pleadings CDG may file, CDG alleges: TBW promised CDG that it would cause DEFENDANT BARNARD, the contractor, to indemnify, defend and hold CDG harmless from all claims arising in whole or in part out of the negligent acts or omissions of BARNARD, its employees, agents and representatives. On information and belief, and alternatively to other pleadings CDG may file, TBW failed cause HDR to indemnify CDG from such a claim, i.e., this action. That

failure was a material breach of the TBW-CDG contract. As a result of that breach, TBW is barred from enforcing the contract. Alternatively, if TBW secured the required indemnification of CDG from BARNARD, BARNARD is responsible to TBW for the alleged damages sought from CDG and an order should be entered requiring BARNARD to indemnify CDG from this claim.

## EIGHTH AFFIRMATIVE DEFENSE
### Setoff for TBW's Breach of Its Duty To CDG Procure Indemnity for CDG from BARNARD

Alternatively to other pleadings CDG may file, CDG alleges: TBW promised CDG that it would cause DEFENDANT BARNARD, the contractor, to indemnify, defend and hold CDG harmless from all claims, suits and damages against CDG arising in whole or in part out of the negligent acts or omissions of BARNARD, its employees, agents and representatives. On information and belief, and alternatively to other pleadings CDG may file, TBW failed cause BARNARD to indemnify CDG from such a claim, i.e., this action. That failure was a breach of the TBW-CDG contract. TBW has now asserted a claim against CDG arising out of the negligence of BARNARD, its employees, agents and representatives. CDG has incurred costs to defend this claim and may be exposed to further costs. CDG has now been damaged as a result of the breach. CDG is entitled to a setoff against TBW for all damages arising from the failure of TBW to secure the indemnity promise from BARNARD, and which damages would have been reimbursed by the indemnity agreement promised but not delivered. Alternatively, if TBW secured the required indemnification of CDG from BARNARD, BARNARD is responsible to TBW for the alleged damages sought from CDG and an order should be entered requiring BARNARD to indemnify CDG from this claim.

## NINTH AFFIRMATIVE DEFENSE

### TBW's Claim is Barred by TBW's Breach of Contract – TBW's Duty To CDG Request Indemnity from HDR

Alternatively to other pleadings CDG may file, CDG alleges:  TBW promised CDG that it would request DEFENDANT HDR, the design professional for the Project, to indemnify, defend and hold CDG harmless from all claims arising in whole or in part out of the negligent acts or omissions of HDR, its employees, agents and representatives.  On information and belief, and alternatively to other pleadings CDG may file, TBW failed to request HDR to indemnify CDG from such a claim, i.e., this action.  That failure was a material breach of the TBW-CDG contract.  As a result of that breach, TBW is barred from enforcing the contract.   Alternatively, if TBW secured the required indemnification of CDG from HDR, HDR is responsible to TBW for the alleged damages sought from CDG and an order should be entered requiring HDR to indemnify CDG from this claim.

## TENTH AFFIRMATIVE DEFENSE

### Setoff for TBW's Breach of Its Duty To CDG Request Indemnity for CDG from HDR

Alternatively to other pleadings CDG may file, CDG alleges:  TBW promised CDG that it would request DEFENDANT BARNARD, the design professional for the Project, to indemnify, defend and hold CDG harmless from all claims, suits and damages against CDG  arising in whole or in part out of the negligent acts or omissions of HDR, its employees, agents and representatives.  On information and belief, and alternatively to other pleadings CDG may file, TBW failed to request HDR

to indemnify CDG from such a claim, i.e., this action.  That failure was a breach of the TBW-CDG contract.  TBW has now asserted a claim against CDG arising out of the negligence of BARNARD, its employees, agents and representatives.  CDG has incurred costs to defend this claim and may be exposed to further costs.  CDG has now been damaged as a result of the breach.  CDG is entitled to a setoff against TBW for all damages arising from the failure of TBW to secure the indemnity promise from HDR, and which damages would have been reimbursed by the indemnity agreement promised but not delivered.  Alternatively, if TBW secured the required indemnification of CDG from HDR, HDR is responsible to TBW for the alleged damages sought from CDG and an order should be entered requiring HDR to indemnify CDG from this claim.


## ELEVENTH AFFIRMATIVE DEFENSE

## TBW's Claim is Barred by  TBW's Breach of Contract -- Duty To  CDG Procure Waiver of Subrogation  from BARNARD


Alternatively to other pleadings CDG may file, CDG alleges:  TBW promised to request an enforceable written waiver of subrogation from BARNARD.  TBW failed to secure such a written enforceable promise.  That failure was a material breach of the TBW-CDG contract.  As a result of that breach, TBW is barred from enforcing the contract.


## TWELFTH AFFIRMATIVE DEFENSE

## Setoff for TBW's Breach of Its Duty To  CDG Procure Waiver of Subrogation  from BARNARD

Alternatively to other pleadings CDG may file, CDG alleges:  TBW promised to request an enforceable written waiver of subrogation from BARNARD, and failed to do so.  As a result, CDG reasonably believes it will be subjected to claims by BARNARD and BARNARD and their insurance carrriers arising out of this project.  CDG is entitled to a setoff against TBW's claim to the extent of any damages for which it is held liable to BARNARD which would have been barred by the written enforceable waiver of subrogation.

## THIRTEENTH AFFIRMATIVE DEFENSE

## TBW's Claim is Barred by TBW's Breach of Contract -- Duty To CDG Procure Waiver of Subrogation from HDR

Alternatively to other pleadings CDG may file, CDG alleges:  TBW promised to request an enforceable written waiver of subrogation from HDR.  TBW failed to secure such a written enforceable promise.  That failure was a material breach of the TBW-CDG contract.  As a result of that breach, TBW is barred from enforcing the contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

## Setoff for TBW's Breach of Its Duty To CDG Procure Waiver of Subrogation from HDR

Alternatively to other pleadings CDG may file, CDG alleges:  TBW promised to request an enforceable written waiver of subrogation from HDR, and failed to do so.  As a result, CDG reasonably believes it will be subjected to claims by BARNARD and HDR and their insurance carrriers arising out of this project.  CDG is entitled to a setoff against TBW's claim to the extent of

any damages for which it is held liable to BARNARD or HDR which would have been barred by the written enforceable waiver of subrogation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Failure to Maintain the Work

The damage to the work for which TBW alleges CDG's is responsible, and resulting damages alleged by TBW, were the result of the failure of TBW or persons for whom the owner vicariously responsible, other than CDG, to maintain the project and the work.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

To the extent that TBW failed to take reasonable steps to attempt to mitigate his/her damages, its recovery should be barred or limited accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Final Payment

Prior to the filing of this action, TBW made final payment to CDG for the work performed by CDG which TBW alleges was defective, failed and/or cause damage, and by such final payment TBW released CDG from any liability for such work.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### CDG Did Not Know or Have Reason to Know of any Defect

CDG had no knowledge of any problems with the work or materials described in the complaint.  CDG did not know or should not have known of any problems with the subject work or materials.

## NINETEENTH AFFIRMATIVE DEFENSE

### Superseding/Intervening Fault

TBW's damages, if any, were caused by superseding and/or intervening fault or breach of duty of other parties not under the control of CDG, such that TBW cannot recover against CDG.

## TWENTIETH AFFIRMATIVE DEFENSE

### Third Parties

Plaintiff's injuries, if any, were proximately caused by the acts and/or omissions of third parties over which CDG had no control.  Discovery is just beginning, and Defendant CDGreserves the right to amend this affirmative defense to more specifically identify third parties who may be liable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Unforeseeability

The incident complained of and Plaintiff's injuries, if any, were unforeseeable to Defendant as a matter of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Act of God

To the extent that TBW's injury and damages, if any, resulted from an Act or Acts of God and CDG is not responsible for them.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Differing Site Conditions

To the extent TBW's injury and damages, if any, resulted from unknown and differing site conditions from those anticipated or warranted by TBW and accordingly TBW is not entitled to recover for such damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Warranty by Owner of Plans (*United States v. Spearin*)

At all relevant times, TBW engaged a design professional, HDR, which, on information and belief, provided a design, plans and specifications for the work to be done by BARNARD.   TBW impliedly warranted that the plans provided by TBW's design professional would

achieve the desired result if executed.  The circumstances which caused the alleged defective work and inujuries were latent and not discoverable by CDG.  CDG carried out its tasks as required by the TBW-CDG contract.  CDG relied reasonably on the soundness of the plans to produce the desired outcome if executed.  TBW is solely responsible for any failure of the planned work to achieve the desired result.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Failure To Comply With Ch. 558, Fla. Stat.

Plaintiff has failed to comply with the notice and opportunity to cure provisions under ch. 558, Fla. Stat.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Claim Barred by Waiver of Subrogation

To the extent the claim was or may be the result of loss covered TBW's insurance as provided in ¶ 9.4.1, TBW waived the right to recover and assert such a claim from CDG.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

The counts directed to CDG fail to state a cause of action on which relief can be granted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Waiver, Estoppel and Laches

TBW's claims are barred or limited by the doctrines of waiver, estoppel and/or laches.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### Failure of Conditions Precedent

TBW's claims are barred or limited by the failure of TBW to cause, or failure of the occurrence of, certain conditions precedent to suit, including without tlimitation TBW's failure to comply with the presuit notice and opportunity to cure under Sec. 558.001 et seq., Fla. Stat., and the submission of the claims against BARNARD to CDG as the Construction Manager for determination as required by the CDG Contract.

### THIRTIETH AFFIRMATIVE DEFENSE

### Spoliation of or Failure to Preserve Evidence

TBW's claim is barred for failure to preserve evidence, and/or destruction of evidence, causing prejudice to CDG's ability to defend the claim.

### CROSSCLAIMS

COMES NOW the DEFENDANT/COUNTERPLAINTIFF, CONSTRUCTION DYNAMICS GROUP, INC. ("CDG") and serves its counterclaim against DEFENDANT/CROSSCLAIM BARNARD CONSTRUCTION CO. INC., ("BARNARD") and HDR ENGINEERING, INC. ("HDR") and for its crossclaim alleges (in the alternative to other pleadings which CDG may file in this case):

1. This is a crossclaim for breach of contract by CDG against BARNARD.

2. BARNARD is a Montana corporation with its principal place of business in Montana.

3. HDR is a Nebraska corporation with its principal place of business in Nebraska.

4. CDG is a Maryland corporation with its principal place of business in Maryland.

5. This crossclaim arises out of a complaint over which TBW asserts, and CDG agrees, this court has jurisdiction and venue. TBW has asserted claims against BARNARD and HDR and served process upon them to bring them before this court, and they have answered without contesting jurisdiction or venue. Jurisdiction and venue are proper in this court.

6. All conditions precedent to this counterclaim have occurred, or are excused or waived. CDG has fully performed its obligations under the appropriate contracts (as described below).

## COUNT I – CONTRACTUAL INDEMNIFICATION BY BARNARD

7. CDG realleges and incorporates herein by reference the allegations of ¶¶ 1 – 6 of the counterclaim, *supra*.

8. On or about February 28, 2000, TBW and CDG entered into a construction management agreement, in substantially the form attached by TBW to its complaint and identified as Exhibit 2 or the "CDG Contract"

9. For good and valuable consideration, TBW promised in the CDG contract ¶ 9.5.3 to, inter alia , cause the project general contractor BARNARD to indemnify, defend and hold harmless CDG from and against any and all claims, demands, suits damages, including consequential damages resulting from personal injury and or property damage, costs, and expenses and fees that are asserted against the CM and that arise from or result from the

negligent acts or omissions by BARNARD, its employees, agents or representatives performing the work.

10. TBW entered into a contract with BARNARD for work on the Project. In the contract, BARNARD agreed to indemnify, defend and hold TBW's agents harmless from claims arising out of BARNARD's performance of its work. CDG was an express and intended beneficiary of that promise to indemnify, defend and hold harmless.

11. Alternatively or in addition, on information and belief, BARNARD agreed, pursuant to the promise by TBW to CDG described above, to indemnify, defend and hold CDG harmless from claims arising out of BARNARD's performance of its work. CDG was an express and intended beneficiary of that promise to indemnify, defend and hold harmless.

12. The complaint filed in this action is a claim which is within the scope of BARNARD's promise to indemnify, defend and hold CDG harmless.

13. BARNARD has breached the promise(s) to indemnify, defend and hold CDG harmless in that, upon the filing of this lawsuit by TBW, BARNARD has failed to indemnify, defend and hold CDG harmless from the claims asserted in TBW's complaint which arise from the negligence of BARNARD, its employees, agents and representatives; and from such other and further acts or omissions as may be identified in CDG's investigation and discovery.

14. As a result of the foregoing breaches, CDG has been damaged in that:

    a. It has incurred costs and attorneys' fees to defend this action;

    b. It may be held liable to others such as TBW for damages which should have been indemnified by BARNARD or HDR;

    c. Such other and further direct, incidental, and consequential damages, attorneys' fees and costs resulting from the wrongful acts of TBW, and other damages as may be disclosed by investigation and discovery;

d. The foregoing totaling in excess of $75,000, exclusive of costs, interest and attorneys' fees.

15. CDG or its privy have been required to engage the undersigned counsel to prosecute this action. CDG or its privy are obligated to pay a reasonable attorneys' fee for their services in prosecuting this action, plus ordinary and customary taxable costs.

WHEREFORE, DEFENDANT/COUNTERPLAINTFF CONSTRUCTION DYNAMICS GROUP, INC. demands judgment against DEFENDANT/CROSSCLAIM DEFENDANT BARNARD for an amount to be proven at trial in excess of $75,000, exclusive of costs, interest and attorneys' fees, and including special, direct, consequential and incidental damages, and attorneys' fees and costs incurred in defending the claims presented by others for which CDG may be held liable or accused as the result of the wrongful acts or omissions of TBW, including but not limited to the failure to procure the promised indemnities and waivers of subrogation, or such other relief as the Court deems just and proper.

## COUNT II – CONTRACTUAL INDEMNIFICATION BY HDR

16. CDG realleges and incorporates herein by reference the allegations of ¶¶ 1 – 6 of the counterclaim, *supra*.

17. On or about February 28, 2000, TBW and CDG entered into a construction management agreement, in substantially the form attached by TBW to its complaint and identified as Exhibit 2 or the "CDG Contract"

18. For good and valuable consideration, TBW promised in the CDG contract ¶ 9.5.2 to, inter alia, request the project design professional HDR to indemnify, defend and hold harmless CDG from and against any and all claims, demands, suits damages, including consequential

damages resulting from personal injury and or property damage, costs, and expenses and fees that are asserted against the CM and that arise from or result from the negligent acts or omissions by HDR, its employees, agents or representatives performing the work;

19. TBW entered into a contract with HDR for work on the Project.  In the contract, HDR agreed to indemnify, defend and hold TBW's agents harmless from claims arising out of HDR's performance of its work.  CDG was an express and intended beneficiary of that promise to indemnify, defend and hold harmless.

20. Alternatively or in addition, on information and belief, HDR agreed, pursuant to the promise by TBW to CDG described above, to indemnify, defend and hold CDG harmless from claims arising out of HDR's performance of its work.  CDG was an express and intended beneficiary of that promise to indemnify, defend and hold harmless.

21. The complaint filed in this action is a claim which is within the scope of HDR's promise to indemnify, defend and hold CDG harmless.

22. HDR has  breached the promise(s) to indemnify, defend and hold CDG harmless in that, upon the filing of this lawsuit by TBW, HDR has failed to indemnify, defend and hold CDG harmless from the claims asserted in TBW's complaint which arise from the negligence of HDR, its employees, agents and representatives; and from such other and further acts or omissions as may be identified in CDG's investigation and discovery.

23. As a result of the foregoing breaches, CDG has been damaged in that:

    a.  It has incurred costs and attorneys' fees to defend this action;

    b.  It may be held liable to others such as TBW for damages which should have been indemnified by HDR or HDR;

    c.  Such other and further direct, incidental, and consequential damages, attorneys' fees and costs resulting from the wrongful acts of TBW, and other damages as may be disclosed by investigation and discovery;

d.  The foregoing totaling in excess of $75,000, exclusive of costs, interest and attorneys' fees.

24. CDG or its privy have been required to engage the undersigned counsel to prosecute this action. CDG or its privy are obligated to pay a reasonable attorneys' fee for their services in prosecuting this action, plus ordinary and customary taxable costs.

WHEREFORE, DEFENDANT/COUNTERPLAINTFF CONSTRUCTION DYNAMICS GROUP, INC. demands judgment against DEFENDANT/CROSSCLAIM DEFENDANT HDR for an amount to be proven at trial in excess of $75,000, exclusive of costs, interest and attorneys' fees, and including special, direct, consequential and incidental damages, and attorneys' fees and costs incurred in defending the claims presented by others for which CDG may be held liable or accused as the result of the wrongful acts or omissions of TBW, including but not limited to the failure to procure the promised indemnities and waivers of subrogation, or such other relief as the Court deems just and proper.

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail to the Clerk of the U.S. District Court and via U.S. Mail delivery and facsimile to:

Richard A. Harrison, Esq.
ALLEN DELL, P.A.
202 South Rome Avenue, Ste. 100
Tampa, Florida 33606
Fax (813) 229-6682
Attorney for TBW

Ben Subin, Esq.
Holland & Knight LLP
200 S Orange Ave Ste 2600

Fax (206 344-7400

Timothy Woodward, Esq,
4301 Forizs & Dogali
Anchor Plaza Parkway
Suite 300
Tampa, Florida 33634
Fax (813) 289-9435 fax
Attorney for HDR

on this ~~Tuesday,~~ *MONDAY* February ~~10~~ *9*, 2009.


ROBERT P. VILECE
Cindi.plum@zurichna.com
Florida Bar No.: 0957216
1900 Summit Tower Blvd., Suite 500
Orlando, Florida 32810
(407) 660-6568
(407) 659-0202- fax
Attorneys    for    Defendant    CONSTRUCTION
DYNAMICS GROUP INC.

Law Office of Michael J. Krakar
*Lawyer Employees of a Member Company of Zurich Financial Services Group*
1900 Summit Tower Blvd., Suite 500 ● Orlando, Florida 32810
Tel. 407-660-6568   Fax: 407.659.0202