UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:08CV2446-T27TBM

TAMPA BAY WATER, REGIONAL
WATER SUPPLY AUTHORITY,

    Plaintiff

v.

HDR ENGINEERING, INC. ET AL.

    Defendants

### DEFENDANT CONSTRUCTION DYNAMICS GROUP, INC.'S MOTION TO STRIKE PARAGRAPHS 16 THROUGH 27, 31 THROUGH 34, 38 THROUGH 45, 49, 50, 54, 57, AND 60 OF THE COMPLAINT OF PLAINTIFF TAMPA BAY WATER

COMES NOW the Defendant, CONSTRUCTION DYNAMICS GROUP, INC. ("CDG") and moves this Honorable Court pursuant to Federal Rules of Civil Procedure 8 and 12 to strike 16 through 27, 31 through 34, 38 through 45, 49, 50, 54, 57, and 60 of the Complaint of Plaintiff, TAMPA BAY WATER, and as grounds therefore would show that:

1.    Paragraphs 16 through 27, 31 through 34, 38 through 45, 49, 50, 54, 57, and 60 of the Complaint insert much evidentiary and argumentative matter into the Complaint. These allegations are many and detailed, but are not necessary for a legally sufficient cause of action. These evidentiary allegations are contrary to Fed. R. Civ. P. 8's directive that the pleader present a "short and plain statement of the claim" in which each allegation is "simple, concise and direct."

2.    In addition, paragraphs 16 through 22 contain political arguments and citations of statutes and law which have no bearing on the merits, but are prejudicial to defendants in that

they imply that defendants owed some heightened duty of care to plaintiff because of its "paramount" governmental status. Such a heightened standard is not, in fact, required by the contracts in question. These matters are more fully described in the memorandum of law following.

## CONSTRUCTION DYNAMICS GROUP'S, INC. MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION

" Rule [8] was intended to obviate the technicalities of pleading and, particularly, long and verbose allegations of evidentiary facts." *Sheridan-Wyoming Coal Co. v. Krug*, 83 U.S. App. D.C. 162 (D.C. Cir. 1948). Regrettably, about a fifth of TBW's complaint is devoted to such matters, contrary to the Rule. CDG is prejudiced by having to answer many allegations about which it knows nothing, and for no good cause.

The complaint is not a "short and plain statement of the claim showing that pleader is entitled to relief" in which the allegations are "simple, concise and direct" as required by Rule 8. The Complaint would present arguably legally sufficient causes of action without any of the allegations contained in paragraphs 16 through 27, 31 through 34, 38 through 45, 49, 50, 54, 57, and 60, all constitute evidentiary matters involving the dates and times of various events and permits. These allegations add nothing necessary to make the five succeeding counts of the complaint legally sufficient.

Moreover, the allegations impose an undue burden to respond on the Defendants because many involve events which occurred prior to the respective involvement in the project and concerning which they have no direct personal knowledge. Answering these allegations adds nothing to the claim, and investigating them so they can answer merely burdens the defendants and counsel for no good reason. For example, nothing about the allegation of paragraph 49:

> "on or about July 27, 2001, the FTEP issued another request for clarification with regard to the ERP application prepared by HDR ("third RAI")."

will make CDG any more or less liable for breach of contract if it is admitted or denied. CDG submits that is the test for whether the statement is "short and plain" and not "simple, concise and direct".

While simplicity and concision are somewhat in the eye of the beholder, district courts have not hesitated to strike needless allegations in pleadings. For example, in *Buckley v. Altheimer*, 2 F.R.D. 285, 287 (D. Ill. 1942), the court found the following example of evidentiary detail improper in the complaint under the Rule 8 standard:

> "'Altheimer was a very smart man when he executed the contract of November 20, 1928 alleged in paragraph 75 hereof, he had thoroughly investigated the business of Tularosa Tie & Lumber Company and Sacramento Tie Company and he was confident that said contract so executed by him was a good deal for him and that he would make a lot of money from it; but he now claims that he was a sucker in advancing the money because, following the economic depression commencing late in 1929, the subsequent operations of Tularosa Tie and Lumber Company were not as successful as contemplated'."
>
> By no stretch of the imagination can this pleading be said to be "simple, concise, and direct" as required by Rule 8(e) (1), nor is it "a short and plain statement of the claim" as required by Rule 8(a) (2). …. Brevity, conciseness and directness in the framing of bills of complaint are contemplated by the rules. In framing an amended bill, not only are the rules above referred to commended to the pleader, but also one of Lord Clarendon's Orders as follows:
>
> "Counsel are to take care that the same be not stuffed with repetition of deeds, writings or records in haec verba; but the effect and substance of so much of them as is pertinent and material to set down, and that in brief terms, without long and needless traverses of points not traversable, tautologies, multiplication of words, or other impertinencies, occasioning needless prolixity, to the end that the ancient brevity and succinctness in bills and other pleadings may be restored and observed." Quoted in 1 Daniell's Chancery Pleading and Practice, page 314, (Third American Edition).

Moreover, the allegations in paragraphs 16 through 22 concerning the Plaintiff's alleged "paramount governmental public purposes" and "absolute and unequivocal obligation" to satisfy member governments' wholesale water needs are matters of political opinion which have no bearing on whether or not CDG is liable for breach of a construction management contract. CDG reasonably infers that TAMPA BAY WATER will ask to have those allegations read to the jury in this case. The allegations are prejudicial to the extent that they imply to a jury that it should treat the breach of contract claims presented with a different scrutiny, sense of fairness, or judgment as to damages then what is required by the standards that Plaintiff TAMPA BAY WATER expressly adopted in the contracts themselves. The implication that TAMPA BAY WATER is entitled to some more favorable treatment in the eyes of the law because of its alleged "paramount public purpose" is repugnant to the American principle that the sovereign is not above the law. This political argument has no place in a "short and plain statement of the claim".

CDG does not argue that the Complaint should be dismissed. It merely argues that those allegations in the numbered paragraphs 16 through 27, 31 through 34, 38 through 45, 49, 50, 57, and 60 are "immaterial" within the meaning of Fed. R.C.P. 12(f), and not simple, direct and concise as required by Fed. R.C.P. 8. Unnecessary and inappropriate allegations, and allegations which are read to a jury would be potentially prejudicial, should be stricken. See *Nextel of New York, Inc. v. City of Mount Vernon*, 361 F. Supp.2d 336 (S.D.N.Y. 2005), in which a complaint similarly loaded with statutory citations, references to expert reports, and legislative history as well as legal argument, led to an order striking those paragraphs which would be "prejudicial if

ever reviewed by a jury". The allegations citing statutes were stricken because they intruded upon the Court's responsibility to instruct the jury on the applicable law.

Alternatively, CDG requests that the Court preclude the allegations of the complaint in paragraphs 16 through 22 concerning the Plaintiff's alleged "paramount governmental public purposes" and "absolute and unequivocal obligation" to satisfy member governments' wholesale water needs, and other matters of political opinion or value judgment, from being read to the jury, to be determined at the pretrial conference, as authorized by *Plummer v. Glenn L. Martin Co.,* 10 F.R.D. 395 (D. Ohio 1950)

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail to the Clerk of the U.S. District Court and via U.S. Mail delivery and facsimile to:

Richard A. Harrison, Esq.
ALLEN DELL, P.A.
202 South Rome Avenue, Ste. 100
Tampa, Florida 33606
Fax (813) 229-6682
Attorney for TBW


Ben Subin, Esq.
Holland & Knight LLP
200 S Orange Ave Ste 2600
Orlando, Florida 328013461
Attorneys for BARNARD

fax 407.2445288

Richard Stanislaw, Esq.
Stanislaw Ashbaugh
701 Fifth Avenue, Suite 440
Seattle WA 98104

Fax (206 344-7400

Timothy Woodward, Esq,
4301 Forizs & Dogali
Anchor Plaza Parkway
Suite 300
Tampa, Florida 33634
Fax (813) 289-9435 fax
Attorney for HDR

on this Monday, February 09, 2009.

_____
ROBERT P. VILECE
Florida Bar No.: 0957216
1900 Summit Tower Blvd., Suite 500
Orlando, Florida 32810
(407) 660-6568
(407) 659-0202- fax
Attorneys for Defendant CONSTRUCTION DYNAMICS GROUP INC.

Orlando, Florida 328013461
Attorneys for BARNARD

fax 407.2445288

Richard Stanislaw, Esq.
Stanislaw Ashbaugh
701 Fifth Avenue, Suite 440
Seattle WA 98104
Fax (206 344-7400

Timothy Woodward, Esq,
4301 Forizs & Dogali
Anchor Plaza Parkway
Suite 300
Tampa, Florida 33634
Fax (813) 289-9435 fax
Attorney for HDR

on this Monday, February 9, 2009.

ROBERT P. VILECE
Cindi.plum@zurichna.com
Florida Bar No.: 0957216
1900 Summit Tower Blvd., Suite 500
Orlando, Florida 32810
(407) 660-6568
(407) 659-0202- fax
Attorneys for Defendant CONSTRUCTION DYNAMICS GROUP INC.