## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TAMPA BAY WATER,**

　　　　**Plaintiff,**

v.                                                    **Case No. 8:08-cv-2446-T-27TBM**

**HDR ENGINEERING, INC., et al.,**

　　　　**Defendants.**

_____/

### O R D E R

THIS MATTER is before the court on **Defendant Construction Dynamic Group, Inc.'s Motion to Compel Production of Documents on Tampa Bay Water's Amended Privilege Log of Golder & Associates** (Doc. 168), Tampa Bay Water's response (Doc. 173); Construction Dynamic Group, Inc.'s reply (Doc. 193); and the *in camera* submission of the remaining twenty-one (21) Golder & Associates' documents at issue.

By way of background, Defendant, Construction Dynamic Group, Inc. (CDG) filed the instant motion seeking to compel the production of Golder & Associates' documents being withheld from disclosure by Plaintiff, Tampa Bay Water (TBW), on the basis of privilege.  A hearing was held on the motion on July 8, 2010, at which time the parties had advised the scope of disputed documents had been narrowed from thousands to 145.  The motion was granted in part to the extent that TBW was ordered to revisit the withheld documents and promptly produce any documents which should be produced.  (Doc. 189).  Thereafter, the court would review, *in camera*, any documents still at issue.  Currently before the court are the

remaining 21 documents submitted *in camera*.  As identified in the amended privilege log, the

documents submitted consist of redacted e-mails and telephone memorandum.  Based on

representations of TBW and the court's review of the documents, TBW has not withheld any

complete document, but rather has redacted portions of documents, with the redacted version

being produced to the opposing parties.[1]  TBW claims work product privilege for the redacted

portions.

      The party asserting a work-product privilege has the burden to prove that the

document is work-product.  The extent of the work-product privilege is governed by Fed. R.

Civ. P. 26(b) which provides in relevant part that:

> Ordinarily, a party may not discover documents and tangible things that are prepared
> in anticipation of litigation or for trial by or for another party or its representative
> (including the other party's attorney, consultant, surety, indemnitor, insurer, or
> agent.)  But subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> > (ii) the party shows that it has substantial need for the materials to prepare its
> > case and cannot, without undue hardship, obtain their substantial equivalent
> > by other means.

Fed. R. P. 26(b)(3)(A).  Specifically, as to experts, the Federal Rules state as follows:

> (A) *Expert Who May Testify*. A party may depose any person who has been identified
> as an expert whose opinions may be presented at trial.  If Rule 26(a)(2)(B) requires a
> report from the expert, the deposition may be conducted only after the report is
> provided.
>
> (B) *Expert Employed Only for Trial Preparation*.  Ordinarily, a party may not, by
> interrogatories or deposition, discover facts known or opinions held by an expert who
> has been retained or specially employed by another party in anticipation of litigation

---

[1]TBW's *in camera* submission consisted of both the redacted and unredacted versions
of the withheld documents, along with a copy of the amended privilege log.

> or to prepare for trial and who is not expected to be called as a witness at trial.  But a
> party may do so only:
>
> (i) as provided in Rule 35(b); or
> (ii) on showing exceptional circumstances under which it is impracticable for the
> party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4).

By CDG's argument, once TBW identified employee(s) of Golder & Associates as testifying experts, the documents and information exchanged lost its "privileged" status.[2] Thus, all materials generated or reviewed by the employees of Golder & Associates became discoverable regardless of whether Golder employees also considered the materials in their roles as litigation consultants.[3]

In its response, TBW states that the 145 (now 21) withheld documents consist of Golder's litigation support of TBW's counsel.  TBW urges that to the extent the documents pertain solely to Golder's role as a litigation consultant and there exists a clear distinction between the two roles of testifying expert versus consultant, the documents used or generated in a consultative capacity are privileged.[4]

---

[2]CDG cites *Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 715-16 (6th Cir. 2006); *Fidelity National Title Insurance Co. of New York v. Intercounty National Title Insurance Co.*, 412 F.3d 745, 750-51 (7th Cir. 2005); and *In re Pioneer Hi-Bred International, Inc.*, 238 F.3d 1370, 1375-76 (Fed. Cir. 2001), in support.

[3]In support, CDG cites *Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-PJC, 2009 WL 1578937, at *5-7 (N.D. Okla. June 2, 2009); *South Yuba River Citizens League v. National Marine Fisheries Serv.*, 257 F.R.D. 607, 614 (E.D. Cal. 2009); *In re Puig, Inc.,* 398 B.R. 69, 70-72 (S.D. Fla. 2008); *Douglas v. University Hospital*, 150 F.R.D. 165, 168 (E.D. Mo. 1993).

[4]TBW cites *Messier v. Southbury Training School*, No. 3:94-CV-1706 (EBB), 1998 WL 422858, at *2 (D. Conn. June 29, 1998); *B.C.F. Refining Co. v. Consolidated Edison Co.*

The issue presented involves circumstances where an expert witness serves in a "dual role" as both a litigation consultant and a testifying expert.  A majority of courts take the view that once a litigation consultant also becomes a testifying expert, all materials considered by the expert in the formation of his testimony are discoverable regardless of whether these same materials were also considered by the expert in his role as a litigation consultant.  *See S. Yuba*, 257 F.R.D. at 614.  *See also Pioneer Hi-Bred Int'l*, 238 F.3d at 1375 ("any disclosure to a testifying expert in connection with his testimony assumes that privileged or protected material will be made public"); *Reg'l Airport Auth.*, 460 F.3d at 717 ("[W]e now join the 'overwhelming majority' of courts . . . in holding that Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts"); *Elm Grove Coal Co. v. Dir., O.W.C.P.*, 480 F.3d 278, 302, n.24 (4th Cir. 2007) (adopting the view that a testifying expert's draft reports under Rule 26 and attorney-expert communications are not entitled to protection under the work product doctrine); *Johnson v. Gmeinder*, 191 F.R.D. 638, 646 (D. Kan. 2000) (noting that cases interpreting the Advisory Committee Note to Fed. R. Civ. P. 26(a)(2)(B) have held that the "amended rule unambiguously provide[s] a 'bright-line' rule in favor of production of *any information* which the expert considers.").

The Advisory Committee notes to the 1993 Amendments to Fed. R. Civ. P. 26(a)(2) state that an expert's report should disclose all information *considered* by the expert, and "[g]iven this obligation of disclosure, litigants should no longer be able to argue that materials

---

*of New York, Inc.*, 171 F.R.D. 57, 61-62 (S.D. N.Y. 1997).

furnished to experts to be used in forming their opinions– whether or not ultimately relied upon by the expert– are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed. R. Civ. P. 26 advisory committee notes to 2003 amendments.  Any ambiguity about whether the witness is serving in his capacity as testifying expert or litigation consultant must be resolved in favor of discovery.  *B.C.F. Oil Ref., Inc.*, 171 F.R.D. at 62.  In part, the underlying purpose of this approach favoring production is to avoid the party seeking production from having to rely upon the resisting party's representations as to what was *considered* by an expert in forming his opinion.  *Tyson Foods, Inc.*, 2009 WL 1578937, at *7 (citing *In re Air Crash at Dubrovnik*, No. MDL 1180, CIV 398CV2464AVC, 2001 WL 777433, at *4 (D. Conn. June 4, 2001).  This line of cases adopts a broad test for discoverability based on "whether the documents reviewed or generated by the expert could reasonably be viewed as germane to the subject matter on which the expert has offered an opinion."  *S. Yuba*, 257 F.R.D. at 614 (quoting *Sec. & Exch. Comm'n v. Reyes*, 2007 WL 963422, at *2, n.2 (N.D. Cal. Mar. 30, 2007)).

However, courts have recognized an exception to the broad rule of disclosure.  Here, given the focused subject mater of the communications and the limited nature of the redacted information, I find the rationale in *Messier* and *B.C.F. Refining* instructive.  The *Messier* court noted that where "an expert is retained as both a consultant and a testifying witness, the work product doctrine may be invoked to protect work completed by the expert in her consultative capacity as long as there exists a clear distinction between the two roles."  *Messier*, 1998 WL 422858, at *2 (citing *Beverage Mktg. Corp. v. Ogilvy & Mather Direct Response*, 171 F.R.D. 57 (S.D. N.Y. 1997)).  Similarly, the court in *B.C.F. Refining* recognized that it is

conceivable for an expert to be retained to testify in addition to advise counsel outside the subject of his testimony.  In such situations, "documents having no relation to the experts' role as an expert need not be produced. . . ."  *B.C.F. Ref.,* 171 F.R.D. at 62.  However, that court cautioned that where an ambiguity arises as to the role played by the expert in his review or creation of a document, courts should favor disclosure.  *Id.*  Here, there appears no dispute that Golder & Associates was retained by TBW to provide litigation support services.  Later, certain employees were identified as experts.

In my review of the *in camera* submissions provided by TBW, I am satisfied that the information withheld was not generated or considered in connection with the formation of the expert opinions of the Golder employees, nor is it related to their opinions, but rather was generated in their capacity as litigation consultants.  And therefore is protected as work product.

Accordingly, Defendant Construction Dynamic Group, Inc.'s Motion to Compel Production of Documents on Tampa Bay Water's Amended Privilege Log of Golder & Associates (Doc. 168) is **denied** as to the remaining 21 documents at issue.  The Clerk shall arrange for the return of the *in camera* submission to TBW.

**Done and Ordered** in Tampa, Florida, this 26th day of August 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record