UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TAMPA BAY WATER, | § | |
| A Regional Water Supply Authority, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 8:08-cv-2446-T27-TBM |
| | § | |
| HDR ENGINEERING, INC., a Nebraska | § | |
| corporation, CONSTRUCTION DYNAMICS | § | |
| GROUP, INC., a Maryland corporation, | § | |
| BARNARD CONSTRUCTION COMPANY, | § | |
| INC., a Montana corporation, ST. PAUL | § | |
| FIRE AND MARINE INSURANCE | § | |
| COMPANY, a Minnesota corporation, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HDR ENGINEERING, INC'S MOTION TO STRIKE, EXCLUDE
AND LIMIT TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, KENNETH O'CONNELL**

Comes now HDR Engineering, Inc. and files this Motion to Strike, Exclude and Limit the Testimony of Plaintiff Expert Witness Kenneth O'Connell pursuant to Fed. R. Civ. P. 26 and 37 and in support thereof states as follows:

I.
**INTRODUCTION**

Defendant HDR moves to strike, exclude and limit certain testimony provided by Dr. Kenneth O'Connell in his deposition taken August 9-13, 2010. Specifically, Dr. O'Connell provided testimony in his deposition that had not been previously disclosed by Plaintiff Tampa Bay Water ("TBW") in any form and certainly not within the five Rule 26(a)(2) reports rendered and signed by O'Connell or any expert of Plaintiff. More precisely, O'Connell testified in various forms that in his opinion "HDR failed to adequately perform its duties under the Construction Quality Control Plan" on the C.W. Bill Young Regional Reservoir during construction. As shown below, these opinions were never disclosed by O'Connell or Plaintiff in any form prior to being elicited by Barnard Construction Company, Inc's

counsel at the deposition. Because the failure to disclose any such opinions violates Federal Rule of Civil Procedure 26(a)(2) and this Court's Scheduling Order, any opinion testimony by O'Connell that HDR somehow failed to perform its quality control inspection duties should be stricken and limited by this Court.

## II.
## ARGUMENT AND AUTHORITIES

### A.  HDR Seeks to Strike and Exclude Undisclosed "Opinions" from O'Connell

Defendant HDR moves to strike and exclude certain testimony provided by Dr. Kenneth O'Connell in his deposition taken August 9-13, 2010. A specific page and line designation of the testimony sought to be stricken and excluded is attached as Exhibit A.[1]

Federal Rule of Civil Procedure 26(a)(2) provides that a party *must* disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 and that this disclosure *must* be accompanied by a written report — prepared and signed by the witness and that the report *must* contain: (i) *a complete statement of all opinions the witness will express* and the basis and reasons for them; and (ii) the data or other information considered by the witness in forming them…Fed. R. Civ. P. 26(a)(2) (emphasis added). Under Federal Rule of Civil Procedure 26(a)(2)(C), a party must make these disclosures at the times and in the sequence that the court orders.

The Court's Amended Case Management and Scheduling Order dated September 9, 2009 required that "Plaintiff's expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2)(A) regarding all matters except remediation design and cost shall be made on or before January 8, 2010." The Case Management Order also provided a deadline for Plaintiff's rebuttal reports of April 23, 2010 and a remediation design and cost report deadline of May 14, 2010. Neither Plaintiff nor O'Connell in

---

[1] O'Connell's deposition was taken over the five days of August 9-13, 2010 and was transcribed by the Court Reporter into ten volumes of testimony. The particular pages containing deposition testimony which HDR seeks to exclude is attached collectively as Exhibit B.

his five reports provided in this case disclosed opinions that HDR failed in the performance of its quality control functions.  Dr. O'Connell initially wrote two reports in this case both dated January 8, 2010: (1) Analysis of Performance by Barnard Construction Company, Inc. ("OCL Barnard Report") and (2) Evaluation of Performance by Construction Dynamics Group.  ("OCL CDG Report").  Dr. O'Connell did not write a report about HDR's performance.  Dr. O'Connell did not opine in either the OCL Barnard Report or OCL CDG Report that HDR failed to follow any recognized standard or standard of care in HDR's performance of its quality control duties or that HDR failed to perform its duties under the Construction Quality Control Plan.

The opinions sought to be stricken here are not rebuttal opinions.  O'Connell's April 23, 2010 "Response to Defendants' Expert Reports" and July 16, 2010 "Second Response to Defendants' Expert Reports" do not disclose any opinions that HDR failed to follow any recognized standards or standard of care in HDR's performance of its quality control duties or that HDR failed to perform its contractual duties with respect to quality control.  The opinions sought to be stricken here are not remediation design or cost opinions either.  O'Connell's May 14, 2010 "Long Term Repair Cost Estimate" report does not contain any such opinions.  Despite five reports encompassing and including over one thousand pages, O'Connell did not disclose an opinion that HDR failed to meet the standard of care or its contractual duties regarding quality control.

O'Connell's opinions sought to be stricken were not expressed in any form prior to his deposition taken April 9-13 and were solicited only in response to questions propounded by Barnard's counsel on cross-examination.  The opinions regarding whether or not HDR in some manner failed to perform quality control testing in accordance with its contractual obligations were not elicited through direct examination by TBW, the sponsoring party of O'Connell's opinions.[2]

---

[2] Defendant Barnard has moved to amend its pleadings to assert a cross-claim against HDR based on this "surprise" expert testimony that it elicited from Plaintiff's Expert Kenneth O'Connell.  Barnard acknowledges that these opinions were not previously known and were "startling revelations" to the Defendants.  *See* pages 17-18 of Barnard's Motion for Leave

Due to a complete lack of disclosure, O'Connell's deposition testimony providing opinions critical of HDR should be stricken and any such proposed or potentially offered testimony at trial should be excluded under Rule 26(a)(2) as not being timely and appropriately disclosed.[3]

B. **O'Connell Acknowledges that He Did Not Analyze or Intend to Disclose any Such Opinions**

Dr. O'Connell readily admitted that he was not asked to formulate any opinions regarding HDR's performance. He also acknowledged that he did not intend to nor did he disclose any such opinions in any of his five reports rendered in this matter. His testimony in this regard is clear:

> Q. **Mr. O'Connell, my name is Kurt Meaders. I represent one of the defendants that has been brought into this lawsuit by Mr. Forziano's client, Tampa Bay Water. Specifically, I represent HDR Engineering. It's my understanding that you were hired by Mr. Forziano and his firm to make certain evaluations in this case. Would that be fair?**
> A. That's fair.
> 
> p. 810, 15-22
> 
> Q. **Are you aware that this . . . that Federal Rule of Civil Procedure 26 requires certain things in reports to be rendered in the context of litigation such as this?**
> A. Generally speaking, yes.
> Q. **In fact, you've -- you've given your deposition in two other federal court cases; is that right?**
> A. I believe that's case –
> Q. **I assume --**
> A. I believe that's correct.
> 
> p. 811; 13-21
> 
> Q. **Did the attorneys explain to you that the report that you were preparing in January of this year was to meet certain requirements of the federal court?**
> A. As I said: Generally, yes.
> Q. **And you knew that there was a deadline to submit that, correct?**
> A. I believe that I did, yes.
> Q. **Did the lawyers explain to you that your report, according to the rules, must contain a complete statement of all opinions that you as a witness would express and the basis and reasons for them?**
> A. I believe I understood that, yes.

---

(Docket 207). However, despite Barnard's spin on this matter on page 23 of that Motion, TBW itself never proffered these opinions or testimony from O'Connell. Even TBW objected at the deposition to Barnard's questions soliciting these opinions. Barnard itself claims it anticipates a motion to exclude O'Connell's testimony. *See* p. 3 of Motion for Leave.

[3] Defendant HDR reserves its objections to O'Connell's and other experts' testimony on grounds other than untimely disclosure. Nothing within this Motion is to be considered a waiver of any objection that the testimony is otherwise inadmissible under Federal Rule of Evidence or on other grounds.

p. 813, 11-22

Q. **In January of 2010, you rendered two reports in this case, correct?**
A. That's correct.
Q. **One report was the analysis of the performance of Barnard Construction Company, correct?**
A. That is correct.
Q. **And another of -- the other report in January of this year was the evaluation of the performance by Construction Dynamics Group, correct?**
A. That's correct.
Q. **You did not render any report against what would be the defendant in this case, McDonald Construction; did you?**
A. Not a specific report, no.
Q. **You did not render a report in this case against H- -- about the evaluation or the analysis of the performance of HDR Engineering; did you?**
A. I did not.

p. 813, 25- 814, 17

Q. **You were not retained and you did not perform an analysis at that time in January when your report was due either of an analysis of performance of HDR or an evaluation of the performance of HDR Engineering; is that correct?**
A. That is correct.
Q. **And you understood that as part of your task back in January of 2010 was to not provide a report regarding an evaluation of what HDR Engineering did or did not do in this case, correct?**
A. That is correct.
Q. **And the reports that you provided were not intended to be a -- opinions regarding HDR Engineering's performance, correct?**
A. That's correct.
Q. **You also have rendered three additional reports in this case. None of them were as part of a retention to evaluate or render opinions regarding H- -- what HDR did or did not do in this case, correct?**
A. No, they were -- two of those reports specifically responded to reports by other experts.
Q. **Okay. My question: As we sit here today, you've not been asked by the law firm of Allen and Dell to review documents, consider documents and write a report which would render what would be your opinions and conclusions regarding what HDR did or did not do in particular in this case or regarding the embankment, correct?**
A. That is correct.
Q. **In neither of the -- neither of the – neither is probably a bad way to put it. In none of the five reports that you rendered in this case did you disclose in this lawsuit under the federal rules that you had been retained to perform an analysis of HDR's contractual obligations; did you?**
A. I did not.
Q. **That's because you weren't asked to do that, correct?**
A. Yes, sir, that's correct.
Q. **And you've not taken the time to make a complete evaluation regarding the -- what HDR's obligations were with respect to its contractual duties one way or another in this case; have you?**

  A. I've reviewed HDR's contract, but I have not done a complete analysis of HDR's duties related to this project.

p. 815, 10 – 817, 8.

Plaintiff never offered or even inferred that O'Connell was going to be presented as an expert concerning HDR's obligations or performance. TBW's disclosure pleadings contain no reference to the subject matter of the testimony of the expert; they simply refer only to the experts' written reports. As acknowledged by O'Connell above, he was not asked to provide, did not provide and has not supplemented his report to provide any opinions regarding HDR's performance.[4] TBW never sought to elicit these opinions at the deposition and, given the opportunity to do so, passed the witness to allow further cross-examination from other defendants. *See* Exhibit B attached hereto at pages 809 - 810 of O'Connell deposition.

Barnard who elicited the testimony by deposition never disclosed that Barnard intended to offer O'Connell as an expert on these topics.[5] In fact, Barnard has argued to this court that it was shocked by O'Connell's undisclosed testimony.[6] Thus, even though his opinions were elicited by a non-sponsoring counsel in deposition, they are not admissible and should be stricken as not previously disclosed.[7]

  C. **Fed. R. Civ. P. 26 and 37 Require Exclusion of Undisclosed Opinions.**

Under Fed. R. Civ. P. 37(c)(1) when "a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to

---

[4] *See also* Exhibit B, p. 117, l. 20-23; p. 120, l. 18-p. 121, l. 12; p. 122, l. 8-13; p. 123, l. 3-8; p. 124, l. 16-18.

[5] Barnard states in its Motion for Leave that it does not intend to offer those opinions stating Barnard anticipates that Barnard will bring a motion to preclude many of O'Connell's opinions.

[6] Barnard's Motion for Leave is not the correct remedy for this undisclosed testimony. As the testimony was not proffered by TBW nor solicited by TBW at the deposition, the correct remedy is to move to strike the undisclosed testimony as HDR has done here. In the alternative, if Barnard actually intends to rely on O'Connell's expert testimony to assert a claim against HDR, the remedy would be for Barnard to move to supplement its own disclosure and identify O'Connell as its expert on those topics. Barnard has done neither.

[7] HDR preserved its objections to these questions as being outside the scope and not within O'Connell's disclosure by repeatedly objecting to the form of the questions soliciting such opinions. In fact, when asked to provide the grounds for the objection regarding this area of testimony, counsel for HDR explained: "Because it's asked in the Rule 26 disclosure and he hasn't even disclosed any of this information, so I'll object to the form of the question . . . by virtue of the fact that he's never provided a Rule 26 report or disclosure that he's going to provide opinions of this nature." *See* Exhibit B, p. 528, 16-24.

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009), an expert was not allowed to refer to new information in a *Daubert* hearing that was not previously disclosed. *Mitchell*, 318 Fed. Appx. at 824. The Court, in following Fed. R. Civ. P. 37 held that the district court may exclude a witness's testimony as a sanction for a Rule 26 violation and that "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Id.* at 824 (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N. D. Ga. 2006)).

In *Richardson v. Bombardier, Inc.*, 2005 WL 3087864 (M.D. Fla. Nov. 16, 2005), the Middle District Court ruled that an expert's opinion would be limited to that which had been disclosed in his report, or as reasonably supplemented prior to that expert's deposition. *Richardson*, 2005 WL 3087864 at *11. "The underlying theme of the Court's ruling, which was consistently applied, was that a party should not be sandbagged by expert testimony that had not been subject to reasonable scrutiny during the discovery process." *Id.* at *11 n.43. The Court concluded that the exclusion of Plaintiff's expert's testimony was proper because nothing existed in the expert's Rule 26 report which would have put Defendants on notice that the expert would express opinions as to the particulate issues, because his report was not supplemented to provide that information, and because Plaintiff did not advise Defendants before or during the deposition concerning these additional opinions. *Id.* As stated above, that is precisely the case here as Plaintiff has never provided that O'Connell would express these opinions (and still has not proffered those opinions from him).

In addition, in *Carreno v. Home Transport, Inc.*, 2010 WL 2293391 (M.D. Fla. June 7, 2010), the court considered whether having to be prepared to depose an expert witness on information and opinions which were not disclosed constituted unfair prejudice and was harmful, thus justifying exclusion of the expert opinions. In answering that question, the Court found that the party was not

given sufficient notice of the new opinions such that they could cross-examine the expert on this subject during the deposition. "A retained expert may not offer opinions at trial which have not been previously disclosed in a Rule 26 report unless the failure to reveal was either substantially justified or harmless." *Id.* at *2 n.3. The Court held that the failure to disclose the opinion was neither justified nor harmless, and cited authority for the proposition that having to depose a party on information that had not been disclosed in a Rule 26 report constituted prejudice and therefore cannot be harmless. *Id.* (citing *Goodby's Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575 *3 (M.D. Fla. 2009)).

Here, allowing TBW's expert to provide opinions elicited only by Barnard regarding HDR's quality control performance with respect to the construction of the C.W. Bill Young Reservoir and the failure to disclose those opinions cannot in any way be substantially justified or harmless. TBW and O'Connell produced five expert reports, which O'Connell specifically admits were not intended to nor did they provide an assessment of HDR's performance of its quality control functions. The delay in providing such opinions until asked by a different non-sponsoring party cannot be substantially justified because O'Connell was never asked to review, never asked to evaluate and never asked to provide opinions on those matters. For HDR to anticipate and have to depose TBW's expert on "off the cuff opinions" at a deposition on topics which he was never asked to render opinions or consider and which were not disclosed previously, constitutes prejudice and, as found in *Goodby's Creek*, cannot be harmless. HDR was ambushed by these opinions elicited by Barnard because they were not disclosed by O'Connell and he admitted he had not performed an analysis of HDR's performance. The magnitude of this ambush is severe if admitted because Barnard elicited over *one hundred* pages of testimony from O'Connell specific to non-disclosed "criticisms" of HDR. Moreover, as it is, O'Connell was deposed for five full days on opinions that he actually did disclose in his 1,000 pages of expert reports. To have to depose him on opinions that he never thought of before the deposition, was never asked to provide by the sponsoring party (TBW) and never disclosed by TBW wastes precious time and resources and is not

harmless. Finally, this Court has set a specific deposition calendar and discovery deadline of December 15, 2010. There are no more available dates to depose O'Connell on the issues outside of his expert report, outside of his disclosure and about which he readily and undeniably represents that he was never asked to look at or provide.

Although trial in this case is still some time off, a risk of substantial prejudice nonetheless exists from the failures of TBW to observe discovery deadlines. This litigation is complex and correspondingly expensive for the litigants. Rule 26(a)(2)(C) specifically allows the Court to set a schedule that requires expert disclosures earlier than the default of ninety days before trial. This is precisely what the Court did in this case, with the parties' agreement and only after extensive and painstaking consultation. Thus, the purpose of the discovery deadlines set by the Court was to have the expert evidence, on which both sides rely heavily, exchanged well in advance of other deadlines and the trial date, so that the parties would know where they stood on the issues. Thus, the risk of "ambush" or "prejudice" is not lessened simply because we are not yet on the eve of trial. Moreover, there is no reason why if O'Connell had these opinions previously he could not have formulated them and disclosed them within the deadline agreed to by the parties and ordered by this Court. TBW still has provided no disclosure indicating it intends to offer those opinions. The construction issues were in the case at the time O'Connell submitted his original report, and there is no suggestion that he did not then have access to the materials on which he bases these new opinions which have been solicited only by Barnard. Accordingly, this Court should strike, exclude and limit this testimony and these opinions under Fed. R. Civ. P 26 and 37. *See*, *Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 933-38, 960 (N.D. Ill. 2008) (explaining failure to disclose expert opinions in case with early report deadlines set by Court without justification of why additional opinions could not have been provided by report date justifies exclusion of "new" opinions); *Asher v. Unarco Material Handling, Inc.*, 2008 WL 2596612 *1-4 (E.D. Ky. June 25, 2008) (excluding expert opinions not in report but provided at deposition before end of discovery

period); *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1289, 1295-96 (M.D. Ala. 2001) (barring expert opinions not disclosed in three prior reports under Rule 37 as an attempted "end-run around the Federal Rules of Civil Procedure").

## III.
## CONCLUSION

This Court should strike and exclude testimony provided by Dr. Kenneth O'Connell in his deposition taken August 9-13, 2010 concerning HDR's performance of its quality control functions under its contracts with TBW. These opinions were never disclosed by O'Connell or Plaintiff in any form prior to be elicited by Barnard Construction Company, Inc's counsel at the deposition. Because the failure to disclose any such opinions violates Fed. R. Civ. P. 26(a)(2) and this Court's Scheduling Order, any opinion testimony by O'Connell that HDR somehow failed to perform its quality control inspection duties should be stricken and limited by this Court under Fed. R. Civ. P. 37.

Respectfully submitted,

FORIZS & DOGALI, P.A.
TIMOTHY D. WOODWARD, ESQUIRE
Florida Bar No.: 0486868
JAMES K. HICKMAN, ESQUIRE
Florida Bar No.: 0893020
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL  33634
Telephone 813-289-0700
Facsimile 813-289-9435

SEDGWICK, DETERT, MORAN & ARNOLD LLP

_____
WAYNE B. MASON, ESQUIRE
Admitted *Pro Hac Vice*
KURT W. MEADERS, ESQUIRE
Admitted *Pro Hac Vice*
1717 Main Street, Suite 5400
Dallas, TX  75201-7367
Telephone 469-227-8200
Facsimile 469-227-8004
ATTORNEYS FOR HDR ENGINEERING, INC.

## CERTIFICATE OF GOOD FAITH

In accordance with Local Rule 3.10(g), the undersigned counsel for Defendant HDR Engineering, Inc. has conferred with counsel for all parties in the above styled case via email correspondence dated September 16, 2010, with counsel for Plaintiff TBW via phone on September 16, 2010, and forwarded the page line designation of testimony which HDR requests stricken and excluded. Counsel for all parties do not consent to the relief of the excluding all testimony designated and no agreement could be reached on any portions of the testimony.  Accordingly, this Motion is designated as "Opposed," pursuant to Local Rule 3.01(g)."

*/s/ Kurt W. Meaders*
KURT W. MEADERS

## CERTIFICATE OF SERVICE

The foregoing instrument has been served on the following counsel via fax and U.S. Mail on this 17th day of September 2010:

Richard A. Harrison
David Forziano
Misty C. Leafers
Allen Dell, P.A.
202 South Rome Avenue, Suite 100
Tampa, FL 33606
*Attorneys for Tampa Bay Water*

Stephen W. Pickert
Carlton D. Miller
Anthony r. Kovalcik
Gilmer M. Heitman IV
Moye O'Brien O'Rourke Pickert & Dillon, LLP
800 S. Orlando Avenue
Maitland, FL 32751-5685
*Attorneys for Construction Dynamics Group*

David L. Bresler
Adam C. Shelton
Banker Lopez Gassler P.A.
501 1st Avenue North, Suite 900
St. Petersburg, FL 33701
*Attorneys for McDonald Construction Corp.*

Doran Matzke
Arcadis, U.S., Inc.
630 Plaza Drive, Suite 100
Highlands Ranch, CO 80129

Michael R. Candes
Ben W. Subin
Holland & Knight LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
*Attorneys for Barnard Construction and
St. Paul Fire and Marine Ins. Co.*

Richard M. Stanislaw
Watt, Tieder, Hoffar & Fitzgerald, LLP
1215 Fourth Avenue, Suite 2210
Seattle, WA 98161
*Counsel for Barnard Construction and
St. Paul Fire and Marine Ins. Co.*

Christopher A. Wright
Watt, Tieder, Hoffar & Fitzgerald, LLP
1215 Fourth Avenue, Suite 2210
Seattle, WA 98161
*Counsel for Barnard Construction and
St. Paul Fire and Marine Ins. Co.*

_____
KURT W. MEADERS