**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**TAMPA BAY WATER,**

        **Plaintiff,**

**v.**                                         **Case No.  8:08-cv-2446-T-27TBM**

**HDR ENGINEERING, INC., et al.,**

        **Defendants.**
_____/


**O R D E R**

    THIS CAUSE is before the court on **Defendant HDR Engineering, Inc.'s Motion to Strike, Exclude and Limit Testimony of Plaintiff's Expert Witness, Kenneth O'Connell** (Doc. 217) and Tampa Bay Water's response in opposition (Doc. 218).  By its motion to strike, HDR Engineering, Inc. (HDR) seeks an order striking, excluding, or otherwise limiting certain testimony of Tampa Bay Water's (TBW's) expert, Dr. Kenneth O'Connell.  Specifically, it seeks to strike or limit various opinions by O'Connell given during depositions that HDR failed to adequately perform its duties under the Construction Quality Control Plan on the C.W. Bill Young Regional Reservoir during construction.  Because these opinions were never previously disclosed in any form either in O'Connell's expert reports or

otherwise, HDR urges O'Connell's opinions on this subject matter must be stricken.[1]  HDR urges that under Fed. R. Civ. P. 37(c)(1), where "a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  HDR notes that O'Connell admits he was not asked by TBW to formulate any opinions regarding HDR's performance.  According to HDR, the testimony by O'Connell was elicited by Barnard Construction Company ("Barnard") on cross examination of the witness, and the failure to timely disclose such opinions cannot in any way be substantially justified or harmless.

In response, TBW denies that there has been any discovery violation and it urges that any issues raised by the deposition testimony of this expert are the result of the inquiry by counsel for Barnard and not because of any impropriety by TBW.  It notes that Dr. O'Connell's reports indicate that he was never tasked to provide or prepare any opinions related to the performance or potential liability of HDR on this project.[2]  Notwithstanding, counsel for Barnard sought to question O'Connell about HDR's performance and the witness was able to offer some opinions by virtue of his extensive knowledge of the project and this

---

[1]It appears undisputed that O'Connell never previously disclosed any opinion that HDR failed to meet the standard of care or its contractual duties regarding quality control notwithstanding O'Connell's submission of five expert reports consisting of over one thousand pages.

[2]TBW notes that O'Connell's written reports relate to the performance of Construction Dynamics Group and Barnard and that the scope of the witness's work is clearly set out in the reports.

2

case.  While acknowledging that, as a general matter, expert opinions not properly disclosed should be excluded from trial, TBW urges that the remedy sought here– striking of deposition testimony– is inappropriate and overly broad.  In any event, TBW represents that it does not intend to offer or elicit opinions from Dr. O'Connell that have not otherwise been properly disclosed in his written reports.

    A review of the disputed deposition testimony reveals that much was admitted without objection[3] and by my consideration, the striking of deposition testimony provided in response to otherwise valid and proper questions is not appropriate under these circumstances and at this stage of the proceedings.  This is particularly so given TBW's representation that it does not intend to elicit opinions from Dr. O'Connell that he has not timely and properly disclosed in his written reports.  Accordingly, HDR's motion to strike, exclude and limit testimony of Plaintiff's expert, Kenneth O'Connell (Doc. 217) is presently **denied**.

    **Done and Ordered** at Tampa, Florida this 18th day of October 2010.

                                    THOMAS B. McCOUN III
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

_____

    [3]Counsel for TBW and/or for HDR raised "form" objections to some, but not all, of the questions directed to Dr. O'Connell on the subject of HDR's performance.  *See* (Docs. 217-2, 217-3, 217-4).