# ATTACHMENT 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER,
A Regional Water Supply Authority,

    Plaintiff,                                     CASE NO.: 8:08-CV-2446-T27TBM

v.

HDR ENGINEERING, INC., a
Nebraska corporation,
CONSTRUCTION DYNAMICS
GROUP, INC., a Maryland corporation,
BARNARD CONSTRUCTION
COMPANY, INC., a
Montana corporation,

    Defendants.
_____/

BARNARD CONSTRUCTION COMPANY,
INC., a Montana corporation,

    Third Party Plaintiff,

v.

MCDONALD CONSTRUCTION
CORPORATION, a Florida corporation,

    Third Party Defendant.
_____/

**TAMPA BAY WATER'S ANSWERS TO DEFENDANT
MCDONALD CONSTRUCTION CORPORATION'S
<u>FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>**

RECEIVED

AUG 0   

HOLLAND & KNIGHT LL.

Exhibit "F"

Comes now the Plaintiff, Tampa Bay Water, A Regional Water Supply Authority ("TBW"), pursuant to Fed. R. Civ. P. 26 and 33, and hereby answers McDonald Construction Corporation's ("McDonald") First Set of Interrogatories to Plaintiff Tampa Bay Water, (the "Interrogatories") dated July 1, 2010.

## GENERAL OBJECTIONS

The following general objections apply to each of McDonald's Interrogatories and are incorporated by reference in each of TBW's specific answers thereto.

1. TBW objects to any definition or interrogatory that purports to impose obligations on TBW beyond the requirements of Fed. R. Civ. P. 26 and 33, which will govern TBW's responses.

2. TBW objects to any definition or interrogatory that requests information falling within the scope of the attorney work product privilege or the attorney-client privilege.

3. TBW objects to McDonald's definition of "Person" to the extent that it includes experts that may testify at trial while acting in their capacities as litigation support consultants, attorneys and non-testifying experts retained in anticipation of litigation or preparation for trial insofar as such definition would bring within its scope documents, materials or information constituting attorney-client work product, attorney-client privileged materials, confidential attorney-client materials, or other similar matters beyond the scope of discovery under Fed. R. Civ. P. 26

4. TBW objects to McDonald's definition of "you" or "your" to the extent that it includes experts that may testify at trial while acting in their capacities as litigation support consultants, attorneys and non-testifying experts retained in anticipation of

2

litigation or preparation for trial insofar as such definition would bring within its scope documents, materials or information constituting attorney-client work product, attorney-client privileged materials, confidential attorney-client materials, or other similar matters beyond the scope of discovery under Fed. R. Civ. P. 26.

4. TBW objects to McDonald's definition of "Documents" to the extent that it includes documents or other tangible things that constitute attorney work product, trial preparation material, attorney-client privileged material, confidential attorney-client materials, or other similar matters beyond the scope of discovery under Fed. R. Civ. P. 26.

5. TBW objects to any definition or interrogatory that purports to seek information regarding experts retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial as any such request is beyond the scope of permissible discovery under Fed. R. Civ. P. 26.

6. TBW specifically reserves the right to supplement, correct and/or amend this response in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1. With respect to any claim TBW intends to make at trial for damages arising out of a claimed loss of use of water or Reservoir ("loss of use claim"), please set forth in detail, the following:

(a) all facts on which TBW bases its loss of use claim;

**Answer to Interrogatory No. 1(a): TBW asserts loss of use damages for two periods of time. The first period is March 2008 through June 2009 ("Past**

Lost/Diminished Use"). The loss of use damages for the first period arise from TBW drawing water out of the Reservoir until it was drawn down to 105 feet in order to accommodate HDR's monitoring equipment. During the entirety of this period, TBW continued to draw water out of the Reservoir to allow the implementation of HDR's monitoring program. During this drawdown period, TBW was unable to withdraw available water from surface water sources for storage in the Reservoir.

The second period is the anticipated two-year long-term remediation period ("Future Lost/Diminished Use"). TBW refers McDonald to the following documents, which explain the anticipated long-term remediation:

(1) "Remedial Design Report for the Upstream Facing at the Tampa Bay Water Storage Reservoir in Hillsborough County, Florida," prepared by Golder Associates, Inc. (GA_REM000001 – GA_REM0007137); and

(2) "Long-Term Repair Cost Estimates," prepared by O'Connell and Lawrence, Inc. (OCL_EST000001 - OCL_EST000136).

The Reservoir will be out of service during the long-term remediation period. TBW will be unable to withdraw available water from surface water sources for storage in the Reservoir during this period.

TBW refers McDonald to the deposition testimony of Dr. Alison Adams for additional information regarding TBW's Past Lost/Diminished Use damages, and specifically the calculation of the quantities of available water lost. The relevant

testimony begins at Page 212, Line 13 of the deposition and continues through the end of the deposition and includes related Exhibits 378, 379, 380, and 381.

Detailed information concerning Tampa Bay Water's approved and projected uniform rates can be found in the FY 2010 Budget, which is available at www.tampabaywater.org/documents/about/BudgetFY2010.pdf.

    (b)    identify the TBW employee most knowledgeable about the facts on which the loss of use claim is based;

Answer to Interrogatory No. 1(b): Dr. Alison Adams (as to quantities of water lost) and Jonathon M. Kennedy, P.E. (as to remediation schedule and related matters).

    (c)    set forth the amount of damages sought for TBW's loss of use claim, including each component item of damage, the amount of each component item of damages, and the supporting calculations;

Answer to Interrogatory No. 1(c):

    A.    Past Lost/Diminished Use (March 08-June 09)

    $20,014,320 (based on 8.9 billion gallons of available water lost @ WY 2008 Uniform Rate)

    B.    Future Lost/Diminished Use (2-year remediation period)

    $41,473,350 - $48,162,600 (based on 15.5-18 billion gallons of available water to be lost during construction @ WY 2012 Projected Uniform Rate)

    (d)    identify the TBW employee most knowledgeable about TBW's claimed damages for the loss of use claim:

5

**Answer to Interrogatory No. 1(d):** Dr. Alison Adams (as to quantities of water lost) and Jonathon M. Kennedy, P.E. (as to remediation period and related matters and Tampa Bay Water's approved uniform rates for the designated years).

2. Itemize by stating a description, an amount including supporting calculations, of all damages claimed by TBW not previously set forth in interrogatory number one herein.

**Answer to Interrogatory No. 2:**

I. **INVESTIGATION, MONITORING and SHORT TERM REPAIRS**

    A. Value of work performed in-house by Tampa Bay Water:

    $209,210 (approx.)

    B. Amounts paid to HDR Engineering, Inc., prior to termination of contract in October 2008:

    $728,905 (approx.)

    C. Amounts paid for services of David Carrier, P.E.:

    $62,793 (approx.)

    D. Amounts paid to Veolia:

    $16,489 (approx.)

    E. Amounts paid to Black and Veatch for work prior to Resolution 2009-002:

    $398,519 (approx.)

    F. Amounts paid to contractors for grouting and crack-related work:

| | | | |
|---|---|---|---|
| i. | FY 2007 - | $221,880 | (approx.) |
| ii. | FY 2008 - | $736,483 | (approx.) |
| iii. | FY 2009 - | $1,517,543 | (encumbered) |
| | | $2,475,906 | |

6

    G.    Work assigned to Black & Veatch upon termination of HDR Engineering, Inc. contract in October 2008:

        $3,184,017 (per Resolution 2009-002)

    H.    Work performed by Golder Associates, Inc.:

        $160,695 (approx.)

    I.    Work performed by George F. Young, Inc.:

        $85,122 (approx.)

    J.    Work provided to Earth Tech, Inc., pursuant to Contract No. 2008-040:

        Included in I(F)

    K.    Work awarded to Proshot Concrete, Inc., pursuant to Contract No. 2008-030:

        Included in I(F)

    L.    Work performed by Rowland, Inc.:

        Included in I(F)

    M.    Work performed by Kimmins Contracting Corp.:

        Included in I(F)

The amounts stated in I(A)-(M) are calculated based on the actual costs paid or incurred by Tampa Bay Water for each of the vendors/consultants named.

**II.    A.    REPAIRS**

    (1) REPAIR OPTION #1 (Drainage Blanket and Stair-Step Soil-Cement)

    $92,580,628 - $115,796,573*

    (2) REPAIR OPTION #4 (Drainage Blanket and Rip Rap)

    $116,438,957 - $145,637,726*

7

*Cost estimate varies based on date of valuation as calculated in the report of O'Connell & Lawrence, Inc. dated May 14, 2010 (OCL_EST000001-000136) and summarized in the table on page 30 of said report (OCL_EST000032).

B.     PREJUDGMENT INTEREST ON COST OF LONG TERM REPAIRS

Option #1 - $44,901,605

Option #4 - $56,472,752

The interest amounts were calculated by applying the legal rate of interest to the repair costs for the two repair options based on the repair costs estimates as of substantial completion reflected in the table referred to in the response immediately above.

C.     PERMITTING COSTS for LONG TERM REPAIRS

$392,918

D.     PROCUREMENT COSTS for LONG TERM REPAIRS

$2,241,258

This amount was calculated based on an estimate of the value of work to be performed in-house by Tampa Bay Water staff ($957,758), the value of the Procurement Specialist Contract No. 2010-011 with KPMG ($908,500), approved peer review costs of up to $250,000, and estimated special counsel fees and expenses related to procurement of $125,000.

E.     DESIGN COSTS FOR LONG TERM REPAIRS
$10,418,327

This amount was calculated based on the value of Design Criteria Professional Phase I and Phase I Contract No. 2010-28 in the amount of $3,020,836 (for Phase I) and $7,397,491 (for Phase II).

**III. LITIGATION EXPENSES** (including but not limited to: attorneys' fees and costs, experts retained for litigation, reasonable and necessary litigation costs):

4,246,993. This amount was calculated based on the actual attorneys' fees, costs, and litigation expenses incurred by Tampa Bay Water through May 31, 2010.

**IV. FINES or PENALTIES IMPOSED BY PERMITTING or REGULATORY AUTHORITIES:**

$46,455 + $2,000 Administrative Fee. These amounts were calculated based on the actual fines/penalties and fees imposed on Tampa Bay Water by the Southwest Florida Water Management District.

TAMPA BAY WATER,
A Regional Water Supply Authority

By: _____
Jonathan M. Kennedy, P.E.

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me this 5 day of August, 2010, by Jonathan M. Kennedy, P.E., as Senior Manager, Planning and Projects, an authorized representative of Tampa Bay Water, who personally appeared and who has produced personally known as identification and who did take an oath.

_____, Notary Public, State of Florida

RICHARD A HARRISON
MY COMMISSION # DD676578
EXPIRES August 07, 2011

My Commission Expires: _____

/s/ *signature*
Richard A. Harrison, Esq.
Florida Bar No.: 0602493
David Forziano, Esq.
Florida Bar No.: 0025755
Misty C. Leafers, Esq.
Florida Bar No.: 0416894
ALLEN DELL, P.A.
202 S. Rome Avenue, Ste. 100
Tampa, FL 33606
Phone: (813) 223-5351
Fax: (813) 229-6682
rharrison@allendell.com
Attorneys for Plaintiff, Tampa Bay Water,
A Regional Water Supply Authority

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via Email and U.S. Mail on this 6th day of August, 2010 to:

Timothy D. Woodward, Esquire
twoodward@forizs-dogali.com
James Keith Hickman, Esquire
jhickman@forizs-dogali.com
Forizs & Dogali, PA
4301 Anchor Plaza Pkwy, Suite 300
Tampa, FL 33634

Michael R. Candes, Esquire
Michael.Candes@hklaw.com
Ben William Subin, Esquire
ben.subin@hklaw.com
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

Stephen W. Pickert, Esquire
spickert@moopm.com
Anthony R. Kovalcik, Esquire

Richard Miles Stanislaw, Esquire
mstanislaw@wthf.com
Christopher Wright, Esquire
cwright@wthf.com
Watt, Tieder, Hoffar & Fitzgerald, LLP
1215 Fourth Ave., Suite 2210
Seattle, WA 98161

David L. Bresler, Esquire
dbresler@bankerlopez.com
Adam C. Shelton, Esquire
ashelton@bankerlopez.com
Banker Lopez Gassler, P.A.
501 First Avenue North, Suite 900
St. Petersburg, FL 33701

Wayne B. Mason, Esquire
wayne.mason@sdma.com
Kurt W. Meaders, Esquire

10

akovalcik@moopm.com
Carlton Daniel Miller, Esquire
cmiller@moopm.com
Gilmer McGrary Heitman, IV, Esquire
mheitman@moopm.com
Moye, O'Brien, O'Rourke, Pickert &
Martin, LLP
800 S. Orlando Avenue
Maitland, FL 32751

kurt.meaders@sdma.com
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX 75201-7367

/s/ Richard A. Harrison
Richard A. Harrison, Esquire
Florida Bar Number 0602493
rharrison@allendell.com
ALLEN DELL, P.A.
202 South Rome Avenue, Ste. 100
Tampa, Florida 33606
Phone: (813) 223-5351
Fax: (813) 229-6682

Attorneys for Plaintiff, Tampa Bay Water,
A Regional Water Supply Authority