## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TAMPA BAY WATER,
A Regional Water Supply Authority

      Plaintiff,

v.

HDR ENGINEERING, INC., a
Nebraska corporation,
CONSTRUCTION DYNAMICS
GROUP, INC., a Maryland corporation,
BARNARD CONSTRUCTION
COMPANY, INC., a
Montana corporation,

      Defendants.
_____/

BARNARD CONSTRUCTION COMPANY, INC., a
Montana corporation

      Third Party Plaintiff,

v.

MCDONALD CONSTRUCTION CORPORATION,
a Florida corporation

      Third Party Defendant.
_____/

CASE NO.:   8:08-cv-2446-T27-TBM



RECEIVED
JUN 17 2009

### BARNARD CONSTRUCTION COMPANY, INC.'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

    Pursuant to Federal Rule of Civil Procedure 33, Defendant Barnard Construction Company, Inc. ("BARNARD") hereby requests that Plaintiff, Tampa Bay Water ("TBW"), respond separately, fully, in writing and under oath, to each Interrogatory propounded herein



EXHIBIT
2

within the time and manner prescribed by the Federal Rules of Civil Procedure and in accordance with the Instructions and Definitions set forth below.

## PRELIMINARY STATEMENTS AND DEFINITIONS

The following preliminary statement and definitions apply to each of the Discovery Requests (the "Discovery Requests", "Discovery Request," as the context dictates) set forth herein and are deemed to be incorporated therein.

1.   The singular number and the masculine gender also mean the plural, feminine or neuter, as may be appropriate.

2.   "You" or "Your" shall mean to include Tampa Bay Water and each of its representatives, and where appropriate, the directors, agents, officers, employees, accountants, attorneys, divisions, subsidiaries, whether current or past, and all other persons acting for or on behalf of Tampa Bay Water.

3.   These Discovery Requests call for information (including information contained in writing) as is known or reasonably available to you, your attorneys, or any investigators or representatives or others acting on your behalf or under your direction or control, and not merely such information as is known of your own personal knowledge.

4.   If you cannot answer any of these Discovery Requests in full, after exercising due diligence to secure the information to do so, so state and answer the Discovery Request to the extent possible, specifying your inability to answer the remainder, the reasons therefore, the steps taken to secure the answers to the unanswered portions, and stating whatever information or knowledge you have concerning the unanswered portions; identify also the persons you believe to have such knowledge, what you believe the correct answer to be, and the facts upon which you base your answer.

5.   If you consult any document or person in answering these Discovery Requests, identify the person and/or document consulted with respect to each such Discovery Request.

6.   "Person" refers to any natural person and any corporation, partnership, firm, joint venture, sole proprietorship, or other legal or business entity of any kind, whether or not registered in or recognized by any United States jurisdiction, unless the context otherwise dictates.

7.   "Document" and its plural shall refer to anything which would be a "writing" or "recording" as defined in Fed R. Civ. P. Rule 34 (a) or a "document" as defined in Fed R. Civ. P. Rule 34(a), including without limitation, any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: contracts, agreements, receipts, trust deeds, financial records, pay stubs, checks, invoices, forecasts or appraisals, ledgers and other evidence and indications of

2

payment books, papers, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, data, notations, work papers, inter-office communications, inter-departmental communications, transcripts, minutes, memoranda of telephone or in-person conversations by or with any person or any other memoranda, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee or other meetings, affidavits, statements, summaries, compilations, schedules, opinions, work papers, reports, studies, analyses, formulae, plans, specifications, evaluations, tax returns, licenses, offers, journals, book or records of account, summaries of account, bills, bills of lading, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, lists, tabulations, charts, graphs, maps, surveys, sound recordings, pictures or film, computer tapes, magnetic tapes, punch cards, computer printouts, data processing input and output, microfilm, email, whether printed or stored on any kind of computer device whatsoever, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated, whether currently in existence or already destroyed. Any document that contains any notation, addition, insertion or marking of any kind of which is part of another document, is to be considered a separate document

The term "document" further refers to the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attached thereto or otherwise) which is or was at any time in your possession, custody, or control or known or believed by you to exist or to have existed. Without limitation, as used in this definition, a document is deemed to be or to have been in your "control" if you have or had the right to secure the document or a copy thereof from another person or governmental entity having actual physical possession thereof

8.  The term "communication." as used in these Discovery Requests shall mean any dissemination of information or transmission of a statement from one person, to another, or in the presence of another, whether by writing, orally, email, or by action or conduct.

9.  The term "fact" as used in these Discovery Requests shall include, without limitation, every matter, occurrence, act, event transaction, occasion, instance, circumstance, representation or other happening, by whatever name it is known.

10.  The term "identify" or a request to "state the identity" as used in these Discovery Requests shall call for the following information:

     a.  With respect to a person:
        i.  His or her full name;
        ii.  His or her last known business and residence address;
        iii.  His or her last known business and residence telephone numbers;
        iv.  His or her job title and capacity, both at the time of the events referred to in the Discovery Requests, and at present; and
        v.  Whether any statement pertaining to any matter involved in this litigation, whether written or oral, or by recording device or by court reporter, or whether signed

or unsigned, has been taken from him, and if so, how many such statements, and as to each statement state the identity thereof.

      b.    With respect to each document:
          i.    Its nature (e.g., letter, memorandum, journal, record, etc.);
          ii.    Its title;
          iii.    The date it bears;
          iv.    The date it was sent;
          v.    The date it was received;
          vi.    The identity of all persons who prepared it or participated in any way in its preparation;
          vii.    The identity of the person sending it and who such person represented at that time;
          viii.    The identity of the person to whom it was sent;
          ix.    The identity of the person who presently has custody of it and its present location;
          x.    Its subject matter and its substance;
          xi.    Whether the document is claimed to be privileged;
          xii.    If you exercise the option to produce business records pursuant to Fed R. Civ. P. Rule 34, answer nonetheless, subparts (i.) through (x.) hereof, in regard to each pertinent Discovery Request.

      c.    With respect to each "communication":
          i.    The maker;
          ii.    The recipient;
          iii.    When made;
          iv.    Where made;
          v.    The identity of all persons present when made;
          vi.    The mode of communication;
          vii.    The subject matter and substance;
          viii.    Whether the communication is claimed to be privileged.

      d.    "With respect to each "fact":
          i.    The date and time it occurred;
          ii.    The place where it occurred;
          iii.    The identity of each person present;
          iv.    An identification of the subject matter, nature, and substance of the fact.

    11.    With respect to each document or communication identified and claimed to be privileged, state the type of privilege claimed and its basis.

    12.    "Describe", "specify," and/or "state" means to set forth fully and unambiguously, using technical terms and words of art only if necessary, each and every feet relevant to the answer called for by the Discovery Request of which the responding party or the responding party's agents, employees, or representatives have knowledge.

4

13.     With respect to each document falling within the purview of these Discovery Requests claimed to be privileged, state the type of privilege claimed and its basis, and identify the documents as follows:

    a.     Its nature (e.g., letter, memorandum, etc,);

    b.     Its subject matter and substance;

    c.     The number of pages of which it consists;

    d.     Its title, heading, or caption, if any;

    e.     Its identifying number(s), letter(s) or combination thereof, if any, and the significance or meaning of such number(s), letter(s) or combination thereof;

    f.     The date it bears;

    g.     The date it was sent;

    h.     The date it was received;

    i.     The identity of all persons who prepared it or participated in any way in its preparation;

    j.     The identity of the person sending it and who such person represented at that time;

    k.     The identity of the person(s) to whom it was sent (including CCs and BCCs);

    l.     The identity of the person who presently has custody of it and its present location; and

    m.     Why the document is claimed to be privileged.

14.     The term "BARNARD" shall mean Barnard Construction Company, Inc.

15.     The term "TBW" shall mean Tampa Bay Water.

16.     The term "HDR" shall mean HDR Engineering, Inc.

17.     The term "CDG" shall mean Construction Dynamics Group, Inc.

16.     These Discovery Requests shall be deemed continuing, and as additional formation concerning the Responses is secured, such additional information shall be supplied.

**Interrogatory No. 1**: With respect to Paragraph 76 of your complaint, which states:

76.     A subsequent investigation of the cracking revealed that the cracks were caused by HDR's defective design of the Regional Reservoir or BARNARD's defective construction of same, in conjunction with HDR's inadequate field observations, testing and quality control and CDG's inadequate quality assurance, or some combination of these.

5

describe in detail each and every act or omission of Barnard's that constituted "defective

construction" and was a cause of the "cracking."

**Answer:**


**Interrogatory No. 2:** With respect to Paragraph 76 of your complaint, which states:

> 76.    A subsequent investigation of the cracking revealed that the
> cracks were caused by HDR's defective design of the Regional Reservoir
> or BARNARD's defective construction of same, in conjunction with
> HDR's inadequate field observations, testing and quality control and
> CDG's inadequate quality assurance, or some combination of these.

describe in detail each and every act or omission of HDR's that constituted "defective

design" and was a cause of the "cracking."

**Answer:**


**Interrogatory No. 3:** With respect to Paragraphs 93 and 94 of your complaint, which

state:

> 93.    BARNARD breached the Construction Contract by failing
> to construct the Wedge in accordance with the DRAWINGS and
> SPECIFICATIONS prepared by HDR.
> 94.    BARNARD'S failure to construct the Wedge in accordance
> with the DRAWINGS and SPECIFICATIONS prepared by HDR has
> caused or contributed, and continues to cause or contribute, to the large
> cracks that have developed in the soil-cement portion of the Wedge.

identify with specificity each Drawing and Specification which Barnard failed to follow

in constructing the Wedge, and which failures caused or contributed to cracks in the soil-

cement portion of the Wedge.

6

**Answer:**


**Interrogatory No. 4:** With respect to Paragraph 95 of your complaint, which states in

part: "As a result of BARNARD's breach of the Construction Contract . . ." describe in

detail each and every act or omission of Barnard's constituting a breach of contract which

caused or contributed to the damages claimed by Tampa Bay in this lawsuit.


**Answer:**


**Interrogatory No. 5:** With respect to Paragraph 120 of your complaint, which states:

> 120.   BARNARD expressly warranted and guaranteed to TBW
> that all of its WORK would be in accordance with the DRAWINGS and
> SPECIFICATIONS prepared by HDR and would not be DEFECTIVE,
> including all WORK performed or furnished by any of BARNARD's
> subcontractors or suppliers.

a)   Describe in detail all Work of Barnard, its subcontractors or suppliers that was not

in accordance with the Drawings and Specifications and all Work that was

defective.

b)   For each item of Work so listed, describe in detail what is defective about each

such item of Work.

c)   For each item of Work so listed, identify in detail the location(s) at the reservoir

where each defective item of Work is located.

**Answer:**

Dated this _15ᵗʰ_ day of June, 2009.

Ben W. Subin
Florida Bar No. 982776
ben.subin@hklaw.com
Michael R. Candes
michael.candes@hklaw.com
Florida Bar No. 0589381
HOLLAND & KNIGHT LLP
SunTrust Center, Suite 2600
200 South Orange Avenue
Post Office Box 1526 (32802)
Orlando, Florida 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288

**STANISLAW ASHBAUGH**
Richard Miles Stanislaw
mstanislaw@lawasresults.com
Admitted *Pro Hac Vice*
Christopher A. Wright
cwright@lawasresults.com
Admitted *Pro Hac Vice*
701 Fifth Avenue, Suite 4400
Seattle, Washington 98104
Telephone: (206) 386-5900
Facsimile: (206) 344-7400

Counsel for Defendant, Barnard Construction
Company, Inc.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June ___ 15 ___, 2009 a true and correct copy of the forgoing was furnished by US Mail, postage prepaid to the following: Richard A. Harrison, Esquire and David Foiziano, Esquire, Allen Dell, PA, 202 South Rome Ave., Suite 100, Tampa, FL 33606; Timothy D. Woodward, Esquire and James K. Hickman, Esquire, Forizs & Dogali, P.L., 4301 Anchor Plaza Parkway, Suite 300, Tampa, FL 33634; Stephen William Pickert, Esquire, Carlton D. Miller, Esquire and Anthony R. Kovalcik, Esquire, Moye, O'Brien, O'Rourke, Pickert & Martin, LLP, 800 South Orlando Avenue, Maitland, FL 32751; David L. Bresler, Esquire and Adam C. Shelton, Esquire, Banker Lopez Gassler, P.A., 501 1st Avenue North, Suite 900, St. Petersburg, FL 33701; Doran Matzke, Esquire, Arcadis U.S., Inc., 630 Plaza Drive, Suite 100, Highlands Ranch, CO 80129.

Michael R. Candes

# 6350686_v1

9