```
 1                UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
 2                       TAMPA DIVISION

 3    TAMPA BAY WATER,
      A Regional Water Supply
 4    Authority,

 5             Plaintiff,    CASE NO.:  8:08-CV-2446-T27-TBM

 6    vs.

 7    HDR ENGINEERING, INC., a
      Nebraska corporation,
 8    CONSTRUCTION DYNAMICS
      GROUP, INC., a Maryland
 9    corporation,
      BARNARD CONSTRUCTION
10    COMPANY, INC., a Montana
      corporation,
11    ST. PAUL FIRE AND MARINE
      INSURANCE COMPANY, a
12    Minnesota corporation,

13             Defendants.
                                              /
14    BARNARD CONSTRUCTION COMPANY, INC.,
      a Montana corporation,
15
               Third Party Plaintiff,
16
      vs.
17

18    MCDONALD CONSTRUCTION CORPORATION,
      a Federal corporation,
19
               Third Party Defendant.
20                                            /

21                    VOLUME II OF IV
                      (Pages 140 - 289)
22
                   VIDEOTAPED DEPOSITION OF
23                    JONATHAN KENNEDY, P.E.

24

25
                ORANGE REPORTING  800.275.7991
```

EXHIBIT 19

```
 1   * * * * * * * * * * * * * * * * * * * * * * * * * *

 2

 3                       VOLUME II OF IV
                        (Pages 140 - 289)
 4

 5   VIDEOTAPED
     DEPOSITION OF:     JONATHAN KENNEDY, P.E.
 6
     TAKEN BY:          The Defendant, Barnard Construction
 7                      Company

 8   DATE TAKEN:        October 21, 2010

 9   TIME:              9:11 a.m. - 4:53 p.m.

10   PLACE:             Allen Dell, P.A.
                        202 South Rome Avenue
11                      Suite 100
                        Tampa, Florida  33604
12
     REPORTED BY:       Tonya Hornsby-Magee, Registered
13                      Professional Reporter and Notary
                        Public, State of Florida at Large
14

15

16

17

18

19

20

21

22

23

24

25
```

1  yesterday.
2           And before I ask you any questions about this
3  document, I'm going to state on the record that this
4  document was served yesterday, the 20th of October,
5  2010. I have not had an adequate opportunity to review
6  the document, to prepare questions in connection with
7  this document, to consult with my client or other
8  experts in connection with this document. I'm reserving
9  the right to continue this deposition in the event a
10 motion to strike portions of this document is not
11 granted in order to inquire intelligently into its
12 contents.
13          So having said that, show me where in Exhibit
14 656 there's any allocation of damages between HDR and
15 any other party in this lawsuit.
16      A.  It is Roman numeral VI on page four.
17      Q.  Okay. There -- there's -- actually, that's a
18 section entitled "Overpayments to Barnard Construction
19 Company"; is that right?
20      A.  Yes.
21      Q.  So actually Barnard is being sued for more
22 money in this lawsuit than HDR is. Is that -- is that
23 what I divine from Roman numeral VI?
24      A.  I --
25          MR. HARRISON: Object to the form.

```
 1                  UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
 2                         TAMPA DIVISION

 3    TAMPA BAY WATER,
      A Regional Water Supply
 4    Authority,

 5              Plaintiff,    CASE NO.:  8:08-CV-2446-T27-TBM

 6    vs.

 7    HDR ENGINEERING, INC., a
      Nebraska corporation,
 8    CONSTRUCTION DYNAMICS
      GROUP, INC., a Maryland
 9    corporation,
      BARNARD CONSTRUCTION
10    COMPANY, INC., a Montana
      corporation,
11    ST. PAUL FIRE AND MARINE
      INSURANCE COMPANY, a
12    Minnesota corporation,

13              Defendants.
                                               /
14    BARNARD CONSTRUCTION COMPANY, INC.,
      a Montana corporation,
15
                Third Party Plaintiff,
16
      vs.
17

18    MCDONALD CONSTRUCTION CORPORATION,
      a Federal corporation,
19
                Third Party Defendant.
20                                             /

21                       VOLUME IV OF IV
                        (Pages 416 - 561)
22
                    VIDEOTAPED DEPOSITION OF
23                    JONATHAN KENNEDY, P.E.

24

25
```

```
 1    * * * * * * * * * * * * * * * * * * * * * * * * * * *

 2

 3                            VOLUME IV OF IV
                              (Pages 416 - 561)
 4

 5    VIDEOTAPED
      DEPOSITION OF:    JONATHAN KENNEDY, P.E.
 6
      TAKEN BY:         The Defendant, Barnard Construction
 7                      Company

 8    DATE TAKEN:       October 22, 2010

 9    TIME:             9:05 a.m. - 5:05 p.m.

10    PLACE:            Allen Dell, P.A.
                        202 South Rome Avenue
11                      Suite 100
                        Tampa, Florida  33604
12
      REPORTED BY:      Tonya Hornsby-Magee, Registered
13                      Professional Reporter and Notary
                        Public, State of Florida at Large
14

15

16

17

18

19

20

21

22

23

24

25
```

1  subcontractors also. Whether Barnard actually did the
2  work or a subcontractor did the work wouldn't make any
3  difference, would it?
4      A.  That's correct.
5      Q.  Okay. Do you know who McDonald is?
6      A.  Yes.
7      Q.  Okay. So far though, the work that was
8  actually done by McDonald, we could have substituted the
9  name McDonald in place of Barnard, your answer would be
10 the same, wouldn't it?
11     A.  Yes.
12         MR. BRESLER: That's all I have.
13         MR. MEADERS: Do you have anything?
14         MR. MILLER: No.
15         MR. MEADERS: Richard, certainly with the time
16 remaining I'm not going to be able get done with
17 the questioning that I would have for Mr. Kennedy.
18 I will move forward and see how much I can get
19 done.
20         MR. STANISLAW: Can I interrupt you for just a
21 moment, Kurt?
22         MR. MEADERS: Yes, you may.
23         MR. STANISLAW: I neglected to state on the
24 record that Barnard is reserving the right to
25 conduct future examination of this witness with

1    respect to his continually revising damage claims
2    that are still not complete at this point.
3         MR. BRESLER:  Join.
4         MR. MEADERS:  And I'm going to make the same
5    statement on the record, that I will, as well,
6    reserve my questions regarding the moving damage
7    claims in this case that with respect to the -- the
8    issues that were just presented to us by a
9    disclosure a couple days ago, but I'll move forward
10   and let's see how much we can get done at the
11   present time.
12        MR. MILLER:  I'm going to join, just in case.
13                    CROSS-EXAMINATION
14   BY MR. MEADERS:
15        Q.  Mr. Kennedy, I want to talk to you a little
16   more about this disclosure that was just served in the
17   revenue model versus the cost model because I just --
18   I'm -- I don't understand why, with respect to the
19   future lost use that you're claiming that you state that
20   a cost model is more appropriate, but for a past damage
21   claim a cost model is -- is not appropriate.
22            By virtue of the fact that you have put in the
23   disclosure and you -- you did not sign the disclosure
24   that was presented to the parties just a few days ago,
25   did you?