UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER,
A Regional Water Supply Authority

    Plaintiff,

v.

HDR ENGINEERING, INC., a
Nebraska corporation,
CONSTRUCTION DYNAMICS
GROUP, INC., a Maryland corporation,
BARNARD CONSTRUCTION
COMPANY, INC., a
Montana corporation,

    Defendants.
_____/
BARNARD CONSTRUCTION COMPANY, INC., a
Montana corporation

    Third Party Plaintiff,

v.

MCDONALD CONSTRUCTION CORPORATION,
a Florida corporation

    Third Party Defendant.
_____/

CASE NO.:   8:08-cv-2446-T27-TBM



RECEIVED AUG 1 4 2009

## BARNARD CONSTRUCTION COMPANY INC.'S
## SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, Defendant Barnard Construction Company, Inc. ("BARNARD") hereby requests that Plaintiff, Tampa Bay Water ("TBW"), respond separately, fully, in writing and under oath, to each Interrogatory propounded herein within the time and manner prescribed by the Federal Rules of Civil Procedure and in accordance with the Instructions and Definitions set forth below.


EXHIBIT 3

## PRELIMINARY STATEMENTS AND DEFINITIONS

The following preliminary statement and definitions apply to each of the Discovery Requests (the "Discovery Requests", "Discovery Request," as the context dictates) set forth herein and are deemed to be incorporated therein.

1. The singular number and the masculine gender also mean the plural, feminine or neuter, as may be appropriate.

2. "You" or "Your" shall mean to include Tampa Bay Water and each of its representatives, and where appropriate, the directors, agents, officers, employees, accountants, attorneys, divisions, subsidiaries, whether current or past, and all other persons acting for or on behalf of Tampa Bay Water.

3. These Discovery Requests call for information (including information contained in writing) as is known or reasonably available to you, your attorneys, or any investigators or representatives or others acting on your behalf or under your direction or control, and not merely such information as is known of your own personal knowledge.

4. If you cannot answer any of these Discovery Requests in full, after exercising due diligence to secure the information to do so, so state and answer the Discovery Request to the extent possible, specifying your inability to answer the remainder, the reasons therefore, the steps taken to secure the answers to the unanswered portions, and stating whatever information or knowledge you have concerning the unanswered portions; identify also the persons you believe to have such knowledge, what you believe the correct answer to be, and the facts upon which you base your answer.

5. If you consult any document or person in answering these Discovery Requests, identify the person and/or document consulted with respect to each such Discovery Request.

6. "Person" refers to any natural person and any corporation, partnership, firm, joint venture, sole proprietorship, or other legal or business entity of any kind, whether or not registered in or recognized by any United States jurisdiction, unless the context otherwise dictates.

7. "Document" and its plural shall refer to anything which would be a "writing" or "recording" as defined in Fed R. Civ. P. Rule 34 (a) or a "document" as defined in Fed R. Civ. P. Rule 34(a), including without limitation, any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: contracts, agreements, receipts, trust deeds, financial records, pay stubs, checks, invoices, forecasts or appraisals, ledgers and other evidence and indications of payment books, papers, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, data, notations, work papers, inter-office communications, inter-departmental communications, transcripts, minutes, memoranda of telephone or in-person conversations by or with any person or any other memoranda, reports and recordings of telephone or other conversations, or of interviews, or of

2

conferences, or of committee or other meetings, affidavits, statements, summaries, compilations, schedules, opinions, work papers, reports, studies, analyses, formulae, plans, specifications, evaluations, tax returns, licenses, offers, journals, book or records of account, summaries of account, bills, bills of lading, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, lists, tabulations, charts, graphs, maps, surveys, sound recordings, pictures or film, computer tapes, magnetic tapes, punch cards, computer printouts, data processing input and output, microfilm, email, whether printed or stored on any kind of computer device whatsoever, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated, whether currently in existence or already destroyed. Any document that contains any notation, addition, insertion or marking of any kind of which is part of another document, is to be considered a separate document

The term "document" further refers to the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attached thereto or otherwise) which is or was at any time in your possession, custody, or control or known or believed by you to exist or to have existed. Without limitation, as used in this definition, a document is deemed to be or to have been in your "control" if you have or had the right to secure the document or a copy thereof from another person or governmental entity having actual physical possession thereof

8. The term "communication." as used in these Discovery Requests shall mean any dissemination of information or transmission of a statement from one person, to another, or in the presence of another, whether by writing, orally, email, or by action or conduct.

9. The term "fact" as used in these Discovery Requests shall include, without limitation, every matter, occurrence, act, event transaction, occasion, instance, circumstance, representation or other happening, by whatever name it is known.

10. The term "identify" or a request to "state the identity" as used in these Discovery Requests shall call for the following information:

    a. With respect to a person:
        i. His or her full name;
        ii. His or her last known business and residence address;
        iii. His or her last known business and residence telephone numbers;
        iv. His or her job title and capacity, both at the time of the events referred to in the Discovery Requests, and at present; and
        v. Whether any statement pertaining to any matter involved in this litigation, whether written or oral, or by recording device or by court reporter, or whether signed or unsigned, has been taken from him, and if so, how many such statements, and as to each statement state the identity thereof.

    b. With respect to each document:
        i. Its nature (e.g., letter, memorandum, journal, record, etc.);
        ii. Its title;
        iii. The date it bears;

    iv. The date it was sent;
    v. The date it was received;
    vi. The identity of all persons who prepared it or participated in any way in its preparation;
    vii. The identity of the person sending it and who such person represented at that time;
    viii. The identity of the person to whom it was sent;
    ix. The identity of the person who presently has custody of it and its present location;
    x. Its subject matter and its substance;
    xi. Whether the document is claimed to be privileged;
    xii. If you exercise the option to produce business records pursuant to Fed R. Civ. P. Rule 34, answer nonetheless, subparts (i.) through (x.) hereof, in regard to each pertinent Discovery Request.

   c. With respect to each "communication":
    i. The maker;
    ii. The recipient;
    iii. When made;
    iv. Where made;
    v. The identity of all persons present when made;
    vi. The mode of communication;
    vii. The subject matter and substance;
    viii. Whether the communication is claimed to be privileged.

   d. "With respect to each "fact":
    i. The date and time it occurred;
    ii. The place where it occurred;
    iii. The identity of each person present;
    iv. An identification of the subject matter, nature, and substance of the fact.

  11. With respect to each document or communication identified and claimed to be privileged, state the type of privilege claimed and its basis.

  12. "Describe", "specify," and/or "state" means to set forth fully and unambiguously, using technical terms and words of art only if necessary, each and every feet relevant to the answer called for by the Discovery Request of which the responding party or the responding party's agents, employees, or representatives have knowledge.

  13. With respect to each document falling within the purview of these Discovery Requests claimed to be privileged, state the type of privilege claimed and its basis, and identify the documents as follows:
   a. Its nature (e.g., letter, memorandum, etc,);
   b. Its subject matter and substance;
   c. The number of pages of which it consists;
   d. Its title, heading, or caption, if any;

4

      e.    Its identifying number(s), letter(s) or combination thereof, if any, and the significance or meaning of such number(s), letter(s) or combination thereof;

      f.    The date it bears;

      g.    The date it was sent;

      h.    The date it was received;

      i.    The identity of all persons who prepared it or participated in any way in its preparation;

      j.    The identity of the person sending it and who such person represented at that time;

      k.    The identity of the person(s) to whom it was sent (including CCs and BCCs);

      l.    The identity of the person who presently has custody of it and its present location; and

      m.    Why the document is claimed to be privileged.

14.    The term "BARNARD" shall mean Barnard Construction Company, Inc.

15.    The term "TBW" shall mean Tampa Bay Water.

16.    The term "HDR" shall mean HDR Engineering, Inc.

17.    The term "CDG" shall mean Construction Dynamics Group, Inc.

16.    These Discovery Requests shall be deemed continuing, and as additional formation concerning the Responses is secured, such additional information shall be supplied.

**Interrogatory No. 1:** With respect to your answer to Interrogatory No. 1 in which you state:

- "a.    ...Barnard failed to adequately blend the earthen fill material...."
- "b.    Barnard failed to construction the flat plate soil-cement ... to be at least sixteen (16) inches thick at every location."
- "c.    Barard failed to construct the soil-cement bench ... to be at least twelve inches thick at every location."
- "d.    Barnard failed to properly prepare the subgrade ... and failed to properly compact the soil cement."

Set forth all facts on which you rely to base your contention that a-d above were a cause of "cracking" as alleged in Paragraph 76 of your complaint.

**Answer:**

5

**Interrogatory No. 2:** With respect to that portion of your answer to Interrogatory No. 5 which states in part "Barnard's failure to comply with the fill placement specification resulted in ... lower hydraulic conductivities than those assumed in the design," set forth all facts on which you rely to make the statement just quoted. As part of your answer identify:

a) All design documents which set forth the assumed hydraulic conductivities.

b) The person having primary responsibility for developing the hydraulic conductivities assumed in the design.

c) All documents which set forth the hydraulic conductivities that resulted from the construction work performed by Barnard.

d) The person having primary responsibility for ascertaining the hydraulic conductivities that resulted from Barnard's construction.

**Answer:**

**Interrogatory No. 3:** With respect to that portion of your answer to Interrogatory No. 5 which states in part, "Not only does this condition ... decrease the useful life of the erosion control element of the Reservoir, " state the duration of the as-designed "useful life," and the duration of the as-built "useful life." And identify each person on behalf of TBW who had primary responsibility for determining the as-designed and as-built "useful life."

6

Answer:


Interrogatory No. 4  With respect to your answer to Interrogatory No. 5 which states in part, "this condition . . . reduces the ability of the flat-plate soil-cement to resist the uplift pressure generated by water trying to drain from the Wedge when water is withdrawn from the Reservoir," set forth all facts on which you rely to make the statement just quoted.

Answer:


Dated this ___12th___ day of August, 2009.

_____
Ben W. Subin
Florida Bar No. 982776
ben.subin@hklaw.com
Michael R. Candes
michael.candes@hklaw.com
Florida Bar No. 0589381
HOLLAND & KNIGHT LLP
SunTrust Center, Suite 2600
200 South Orange Avenue
Post Office Box 1526 (32802)
Orlando, Florida 32801
Telephone: (407) 425-8500
Facsimile:  (407) 244-5288

STANISLAW ASHBAUGH
Richard Miles Stanislaw
mstanislaw@lawasresults.com
Admitted *Pro Hac Vice*
Christopher A. Wright
cwright@lawasresults.com
Admitted *Pro Hac Vice*
701 Fifth Avenue, Suite 4400
Seattle, Washington 98104
Telephone: (206) 386-5900
Facsimile: (206) 344-7400

Counsel for Defendant, Barnard Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2009 a true and correct copy of the forgoing was furnished by US Mail, postage prepaid to the following:

Richard A. Harrison, Esq.
David Foiziano, Esq.
Allen Dell, PA
202 South Rome Ave., Suite 100
Tampa, FL 33606

Timothy D. Woodward, Esq.
James K. Hickman, Esq.
Forizs & Dogali, P.L.
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL 33634

Stephen William Pickert, Esq.
Carlton D. Miller, Esq.
Anthony R. Kovalcik, Esq.
Moye, O'Brien, O'Rourke, Pickert & Martin, LLP
800 South Orlando Avenue
Maitland, FL 32751

David Bresler, Esq.
Adam C. Shelton, Esq.
Banker Lopez Gassler, P.A.
501 1st Avenue North, Suite 900
Tampa, FL 33701

Doran Matzke, Esq.
Arcadis U.S., Inc.
630 Plaza Drive, Suite 100
Highlands Ranch, CO 80129

Michael R. Candes

# 8766801_v1