**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TAMPA BAY WATER,
A Regional Water Supply Authority

      Plaintiff,                          CASE NO.:   8:08-cv-2446-T27-TBM

v.

HDR ENGINEERING, INC., a
Nebraska corporation,
CONSTRUCTION DYNAMICS
GROUP, INC., a Maryland corporation,
BARNARD CONSTRUCTION
COMPANY, INC., a
Montana corporation,
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
a Minnesota corporation,

      Defendants.
_____/

**JOINT MOTION OF TAMPA BAY WATER, BARNARD CONSTRUCTION COMPANY, INC., MCDONALD CONSTRUCTION CORPORATION, AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY TO AMEND AMENDED CASE MANAGEMENT AND SCHEDULING ORDER TO EXTEND TIME FOR <u>FILING OF DISPOSITIVE MOTIONS</u>**

COMES NOW, Plaintiff, Tampa Bay Water, A Regional Water Supply Authority ("TBW"), pursuant to Fed. R. Civ. P. 6(b)(1)(A) and 16(b)(4) and Rule 3.01 of the Local Rules of the United States District Court for the Middle District of Florida (the "Local Rules"), and moves the Court for entry of an order amending the Amended Case Management and Scheduling Order (Doc. 118) to extend the deadline for the filing of dispositive motions from January 31, 2011 to February 28, 2011.  Barnard Construction Company, Inc. ("Barnard"), McDonald Construction

Corporation ("McDonald"), and St. Paul Fire and Marine Insurance Company ("St. Paul") join in this motion.  As grounds for this motion the parties state as follows:

1.    The Amended Case Management and Scheduling Order (Doc. 118) establishes the deadline for filing dispositive motions as January 31, 2011.

2.    The time for all parties to conduct discovery in this case ended on December 15, 2010.

3.    In the 68 business days immediately preceding December 15, 2010, the parties conducted 36 days of depositions. These depositions included the depositions of four of Defendant HDR Engineering, Inc.'s ("HDR") key engineering personnel or subconsultants involved in designing the C.W. Bill Young Regional Reservoir (the "Regional Reservoir") and in the subsequent investigation conducted by HDR,[1] a number of HDR's testifying experts,[2] two of the lead inspectors during construction,[3] and other fact and expert witnesses.

4.    Barnard has stated its intention to file a dispositive motion as well as *Daubert* challenges and motions in limine.   Tampa Bay Water also foresees filing potentially dispositive motions as well as *Daubert* motions and motions in limine or to exclude under Rule 37.

5.    Analysis of these recent depositions is critical in connection with the thorough and accurate preparation of motions and responses.

---

[1] Jim Brittain, P.E., Rick Donovan, P.E., Jeff Beriswell, P.E., and Dr. Les Bromwell.
[2] Lee Wooten, P.E., William Konicki, P.E., and Paul Kelly, P.E.
[3] Dwayne Williams (lead inspector for embankment fill) and Frank Luman (lead inspector for soil cement).

6. Tampa Bay Water, Barnard and McDonald have been engaged in good faith negotiations in an effort to reach a settlement. The insurer providing coverage to Barnard and McDonald under the owner controlled insurance program ("OCIP") for the project is also actively participating in these negotiations.

7. The discussions among Tampa Bay Water, Barnard, McDonald and the OCIP insurer have occurred notwithstanding that the formal mediation proceedings conducted June 22-23, 2010, and August 17-19, 2010, resulted in an impasse. (Doc. 240)

8. In fact, the discussions among Tampa Bay Water, Barnard, McDonald and the OCIP insurer did not commence in earnest, and certainly did not become meaningful in terms of either the substance of the conversations or the likelihood that they might result in some agreement, until the recent partial settlement between Tampa Bay Water and the Defendant, Construction Dynamics Group, Inc. ("CDG") that was reached among the parties in late October and recently confirmed by the Court. (Doc. 244)

9. In the event that Tampa Bay Water, Barnard, McDonald and the OCIP insurer can reach an agreement, the parties expect that such agreement will allow the litigants to eliminate one or more of the issues in dispute among them, reduce the number of expert witnesses required to be called by the respective parties to testify at the trial of this case, reduce the length of the parties' respective trial presentations and the number of exhibits required to be offered at trial, and

otherwise generally further a more efficient presentation of the case that will ultimately require less of the Court's resources and trial time.

10. Tampa Bay Water, Barnard, McDonald and the OCIP insurer plan to meet again in January to continue the discussions and intend by that time to begin to review a draft of potential terms for an agreement among them.

11. Because Tampa Bay Water is a governmental agency, any agreement to which it is a party must be approved by its Board of Directors in a properly noticed public meeting in accordance with the "Sunshine Law," Fla. Stat. 286.011 and Fla. Const. art. I, §24.

12. Tampa Bay Water's next regularly scheduled meeting is February 21, 2011. Any agreement that may be reached among Tampa Bay Water, Barnard, McDonald and the OCIP insurer would be presented to Tampa Bay Water's Board of Directors for its consideration and approval at the February 21 meeting.

13. If the current deadline for the filing of dispositive motions, January 31, 2011, remains in effect, then Tampa Bay Water, Barnard and McDonald will be required to incur the substantial time and expense necessary for the analysis and preparation of such motions and the analysis and preparation of their respective responses to any such motions. The time and effort required to do so will divert substantial resources away from the parties' ongoing discussions. Moreover, the filing and litigating of potentially dispositive motions by and between Tampa Bay Water, Barnard and McDonald at the same time those parties are endeavoring in

good faith to reach some broader agreement is counter-productive and adversely affects the ability of the parties to reach agreement on the matters under discussion.

15. On the other hand, a brief extension of the deadline for the filing of dispositive motions will permit Tampa Bay Water, Barnard, McDonald and the OCIP insurer to focus on their ongoing discussions, minimize the expenditure of time and money while those discussions continue and allow the discussions to proceed untainted by the filing of adverse motions. Doing so will enhance the likelihood that the parties can reach an acceptable agreement.

15. The moving parties are mindful of the serious concerns expressed by the Court at the preliminary pretrial conference held May 13, 2009, with respect to the timing of dispositive motions.  Ex. A (Transcript Excerpt pp. 40-44)  All of the moving parties understand that extending this deadline may place an undue burden on the Court and its staff.  Since the pretrial conference, however, one defendant, CDG, has settled and has been or will shortly be dismissed from the case.  In addition, Barnard and McDonald represent in this motion that they will not be filing any dispositive motions against HDR.  To that extent, the burden on the Court's resources that might be created by dispositive motions is somewhat less than that contemplated at the pretrial conference.

16. This motion is being made in good faith for the reasons set forth herein, and is not being made for purposes of delay or for any other improper purpose.

17.     HDR will not be prejudiced by the granting of a 28-day extension of the deadline for dispositive motions. Neither Barnard nor McDonald will, under any circumstances, file any dispositive motions against or directed to HDR. Given that there are no claims by HDR against either Barnard or McDonald, it is highly unlikely that HDR would be filing any motions against or directed to either of those parties that would be deemed a dispositive motion.

18.     <u>Certificate of Good Faith Conference</u>: Pursuant to Local Rule 3.01(g), the undersigned counsel for Tampa Bay Water certifies that he has conferred with counsel for HDR, Wayne Mason, in a good faith attempt to resolve the issues raised by this motion.  Specifically, Tampa Bay Water's counsel by email dated December 15, 2010, requested that HDR either join in or not oppose the motion. HDR refused. HDR claimed that it would be prejudiced by an extension but did not articulate the nature of that prejudice. By email dated December 16, 2010, Tampa Bay Water's counsel then inquired whether HDR would consent to an extension of the dispositive motions deadline for any such motions as among Tampa Bay Water, Barnard and McDonald only, i.e., the deadline for the filing of any dispositive motions by Tampa Bay Water against HDR or by HDR against Tampa Bay Water would not be extended and the current deadline of January 31, 2011, would remain in effect as between Tampa Bay Water and HDR. HDR again refused and again declined to state how or why it might be prejudiced by an extension that would expressly not affect it. Accordingly, this motion is opposed by HDR.

WHEREFORE, Tampa Bay Water, Barnard, McDonald and St. Paul jointly move the Court for entry of an order amending the Amended Case Management and Scheduling Order for the sole purpose of extending the deadline for the filing of dispositive motions from January 31, 2011 to February 28, 2011 or, in the alternative, extending the deadline for the filing of such motions only as it applies to motions by and among Tampa Bay Water, Barnard and McDonald and not extending the deadline for the filing of any dispositive motions by Tampa Bay Water against or directed to HDR or by HDR against or directed to Tampa Bay Water.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), when an act must be done within a specified time and an extension of time, the Court "may, for good cause, extend the time . . .if a request is made, before the original time or its extension expires." *See, Jozwiak v. Stryker Corp.*, 2010 WL 743834 at *2 (M.D. Fla. Feb. 26, 2010)(standard under Rule 6(b)(1)(A) is good cause); *Idearc Media Corp. v. Kimsey & Associates, P.A.*, 2009 WL 413531 (M.D. Fla. Feb. 18, 2009)(to same effect).

Under Fed. R. Civ. P. 16, the Court is required to enter a scheduling order. Fed. R. Civ. P. 16(b)(1)(district judge "must issue a scheduling order"). Among other things, the scheduling order is required to fix the time for the filing of motions. Fed. R. Civ. P. 16(b)(3)(A)(scheduling order "must limit the time to . . . file motions"). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). The scheduling order "may be modified only for good cause and

7

with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998).

The good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998); *Espinal v. Professional Recovery Services, Inc.*, 2010 WL 4392912 (M.D. Fla. Oct. 29, 2010); *Roberson v. Church*, 2009 WL 4348692 (M.D. Fla. Nov. 24, 2009*); Idearc Media Corp. v. Kimsey & Associates, P.A.*, 2009 WL 413531 (M.D. Fla. Feb. 18, 2009); *Williams v. Blue Cross and Blue Shield of Florida, Inc.*, 2010 WL 3419720 (N.D. Fla. Aug. 26, 2010).

Here, the moving parties are requesting a 28-day extension of the dispositive motion deadline not as the result of any lack of diligence, but because their continued diligence in pursuing settlement even after five unsuccessful days of mediation has now created a situation in which the opportunity for settlement is better than it has ever been.[4] Tampa Bay Water, Barnard and McDonald are fully aware of the short period of time that remains to conclude their negotiations in light of the case schedule and are working diligently toward that end. Requiring them to prepare and file adverse dispositive motions during this period of ongoing settlement

---

[4] HDR's counsel, in responding to Tampa Bay Water's good faith effort to resolve this motion, noted the unsuccessful mediations and opined that "There is no reason to believe that there is any real expectation of any true potential to resolve the case with any of the remaining defendants." Of course, HDR is not privy to the ongoing negotiations among the other parties and has no factual basis upon which to support this speculation.

discussions will be counter-productive to the process and will certainly not enhance the chances that the parties are able to reach an agreement.

The parties are also aware of Local Rule 3.05(c)(3)(D) and the admonition against the continuance of any pretrial conference, hearing or trial. This motion does not seek to alter the dates of the pretrial conference or the trial. Moreover, this motion is not the result of the inability of counsel to accommodate the overall scheduling demands of the case. Rather, the parties seek simply to enhance their ability to negotiate an agreement among them by obtaining a brief extension of the deadline to avoid having to prepare, file and respond to adverse dispositive motions among them.

This is not a situation in which the extension of the deadline is being sought after it has expired and where the parties failed to complete the necessary discovery, *see Florida Business Brokers Ass'n, Inc. v. Williams*, 2010 WL 1539962 (M.D. Fla. April 19, 2010)(denying motion), or in which the Court has previously granted multiple extensions of the discovery and other deadlines, *see Pureterra Naturals, Inc. v. Cut-Heal Animal Care Products, Inc.*, 2010 WL 4808516 (M.D. Fla. Nov. 18, 2010)(denying motion). Here, the parties have completed discovery without any extension of the discovery cutoff date and none of the deadlines established in the Amended Case Management and Scheduling Order has been previously extended or modified.

HDR will not be prejudiced in any way by an extension of the deadline to February 28, 2010. Such an extension does not preclude HDR from filing any motion

that it might otherwise file, nor does it require HDR to wait any longer than it would otherwise wait to do so. Nor would Barnard or McDonald be gaining any advantage over HDR by the granting of the extension – both have represented in the motion that they do not intend to file any dispositive motions against HDR.

When HDR indicated that it would not consent to the requested extension based on some claimed but unarticulated prejudice, Tampa Bay Water proposed in the alternative that the extension of the deadline be limited to those dispositive motions that might be filed by Tampa Bay Water, Barnard or McDonald against or directed to each other. That is, Tampa Bay Water specifically suggested that the requested extension be limited so as to not change the deadline for dispositive motions that HDR might file against Tampa Bay Water or that Tampa Bay Water might file against HDR. HDR again declined, indicating only that it would not agree to "different rules for different parties." That objection makes little sense, of course, if the "different rules" have no prejudicial effect on HDR, and HDR has yet to articulate how it could be prejudiced by an extension that does not change the deadline for HDR to do anything or for Tampa Bay Water to file any motions against HDR.

Accordingly and for good cause shown, the motion should be granted.

| | |
|---|---|
| **s/ Richard A. Harrison** | **s/ Michael R. Candes** |
| Richard A. Harrison, Esquire | Ben W. Subin |
| Florida Bar Number 0602493 | Florida Bar No. 982776 |
| rharrison@allendell.com | ben.subin@hklaw.com |
| Lead Trial Counsel | Michael R. Candes |
| David Forziano, Esquire | Florida Bar No. 0589381 |
| Florida Bar Number 0025755 | michael.candes@hklaw.com |
| dforziano@allendell.com | Holland & Knight LLP |
| Misty C. Leafers, Esquire | 200 South Orange Ave. Suite 2500 |

Florida Bar Number: 416894
mleafers@allendell.com
ALLEN DELL, P.A.
202 South Rome Avenue, Ste. 100
Tampa, Florida 33606
Telephone: (813) 223-5351
Facsimile: (813) 229-6682
*Counsel for Plaintiff, Tampa Bay Water, A Regional Water Supply Authority*

**s/ David L. Bresler**
David L. Bresler
Florida Bar No: 0214310
Adam C. Shelton
Florida Bar No: 0572578
BANKER LOPEZ GASSLER P.A.
501 1st Avenue North, Suite 900
St. Petersburg, FL 33701
Telephone: (727) 825-3600
Facsimile: (727) 821-1968
Email: dbresler@bankerlopez.com
*Counsel for Defendant, McDonald Construction Corporation*

Orlando, Florida 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288

**WATT, TIEDER, HOFFAR, FITZGERALD, LLP**
Richard Miles Stanislaw
mstanislaw@wthf.com
Admitted *Pro Hac Vice*
Christopher A. Wright
cwright@wthf.com
Admitted *Pro Hac Vice*
1215 Fourth Avenue, Suite 2210
Seattle, Washington 98161
Telephone: (206) 204-5800
Facsimile: (206) 204-0284
*Counsel for Defendant, Barnard Construction Company, Inc. and St. Paul Fire and Marine Insurance Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 21st of December, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                        **s/ Richard A. Harrison**
                                        Richard A. Harrison, Esquire
                                        Florida Bar Number 0602493
                                        ALLEN DELL, P.A.
                                        202 South Rome Avenue, Ste. 100
                                        Tampa, Florida 33606
                                        Phone: (813) 223-5351
                                        Fax: (813) 229-6682
                                        rharrison@allendell.com