UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER,
a Regional Water Supply Authority,

          Plaintiff,

vs.                                        Case No. 8:08-CV-2446-T-27TBM

HDR ENGINEERING, INC., et al.,

          Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Barnard Construction Company, Inc.'s Request for a Pretrial Conference to Address Pretrial Motion Procedures (Dkt. 253), to which Defendant HDR Engineering, Inc. has responded (Dkt. 255). Upon consideration, the motion is DENIED.

Barnard requests a case management conference on or before January 14, 2011 to address the following matters: (a) the deadline for filing *Daubert* motions and motions *in limine*; (b) whether the Court intends to enforce the Amended Case Management Order's prohibition on multiple motions for summary judgment or will instead permit Barnard to file multiple (apparently, as many as five) motions for summary judgment; and (c) whether the page limit in the Local Rules includes the summary judgment movant's statement of undisputed facts.

Barnard's uncertainties can be eliminated without a case management conference and a case management conference on or before January 14, 2011 is impracticable in view of an ongoing civil trial before the undersigned judge.

Accordingly, the motion (Dkt. 253) is **DENIED**.

The parties are informed that (a) the *Daubert* motion deadline is the same as the dispositive

1

motions deadline, and otherwise the Court will set the deadline for motions *in limine* at the pretrial conference; (b) the Court intends to enforce the Amended Case Management Order's prohibition on multiple motions for summary judgment absent leave of Court granted upon an appropriate motion demonstrating good cause;[1] and (c) the page limit in Local Rule 3.01(a) includes any statement of undisputed facts.

**DONE AND ORDERED** in chambers this 10th day of January, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[1] The parties are reminded that motions seeking to alter the requirements of the Amended Case Management and Scheduling Order are disfavored, *see* Dkt. 118 ¶ 8(c), and that motions seeking adjudication of issues that do not resolve a party's liability on a claim are either not permitted under Fed. R. Civ. P. 56, *see Warner v. United States*, 698 F. Supp. 877, 878-79 (S.D. Fla. 1988) (noting that "a party may not make an independent Rule 56(d) motion" for a finding of fact on an issue that does not dispose of an entire claim); *Capitol Records, Inc. v. Progress Record Distrib., Inc.*, 106 F.R.D. 25, 28-30 (N.D. Ill. 1985) (holding that a motion for partial summary judgment "on less than a single claim" is not permitted under Rule 56), or are highly disfavored.