UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TAMPA BAY WATER,**

    **Plaintiff,**

v.                                                     Case No.  8:08-cv-2446-T-27TBM

**HDR ENGINEERING, INC., et al.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Tampa Bay Water's Motion to Compel Production of Documents, Information, or Objects from BCI Engineering & Scientists, Inc.** (Doc. 248) and HDR Engineering, Inc.'s response in opposition (Doc. 258).  By its motion, Tampa Bay Water (TBW) seeks an order compelling BCI Engineering (BCI) to produce the documents requested in its subpoena served November 10, 2010.  The information sought by the subpoena included "(1) any and all seepage modeling, seepage modeling reports, basis of design, embankment design reports, and any reports that identify the material properties used in the seepage models; (2) any and all documents regarding permeability or hydraulic conductivity of the soil-cement assumed by BCI in designing the aforementioned reservoirs" for each of the five reservoir projects discussed in the deposition of Dr. Les Bromwell, BCI's employee and HDR Engineering's (HDR) expert witness.  TBW

urges that the requested records are relevant and discoverable and that BCI's objections to the subpoena are without merit.

In response, HDR submits that Dr. Bromwell was extensively deposed from November 1 through November 4, 2010, and again on December 15, 2010. During the course of the deposition, Dr. Bromwell identified five other reservoir projects in which he was involved in the design of the embankment. Reports, models, and information regarding these five other projects are the subject of the motion to compel. First, HDR urges the requested information is not relevant to any party's claim or defense. The modeling information sought by the subpoena concerns five unrelated and materially different reservoirs. And whether HDR performed transient seepage analysis of the subject reservoir will not be determined by reviewing or analyzing the modeling information from these unrelated projects. Second, the lack of a soil wedge in the five other reservoirs makes these projects substantially and materially different from the Reservoir that is the subject of this litigation. Additionally, the height ranges of the projects vary significantly. Third, HDR urges that the requested information is overly burdensome. In support, HDR submits the affidavit of an administrative assistant with BCI as well as an affidavit of Dr. Bromwell regarding the time and costs associated with gathering and reviewing the requested records in order to respond to the subpoena. (Docs. 258-4, 258-5). In addition to identifying the amount of documents to be reviewed and the associated cost, Dr. Bromwell notes that one of the projects he worked on while at MIT forty-five years ago.

Upon consideration and essentially for the reasons set forth in HDR's response, Tampa Bay Water's Motion to Compel Production of Documents, Information, or Objects from BCI Engineering & Scientists, Inc. (Doc. 248) is **denied**. It is far too late in the litigation for any party to pursue this type expansive discovery which appears to have little if any relevance to the issues in this litigation. Even to the extent such discovery is marginally relevant, HDR's arguments as to the requests being overly broad and burdensome are well taken.[1]  *See* Fed. R. Civ. P. 26(b)(2)(C).

**Done and Ordered** at Tampa, Florida this 26th day of January 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[1] It is worth noting that the discovery deadline in this matter expired December 15, 2010.