**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TAMPA BAY WATER**, a regional
water supply authority,

      Plaintiff,                                   Case No. 8:08-cv-2446-T-27TBM

vs.

**HDR ENGINEERING, INC., et al.**

      Defendants.
_____/

**ORDER**

THIS MATTER is before the Court on **Defendant Barnard Construction Company, Inc.'s Motion to Strike, Exclude, and Limit Testimony of Bromwell** (Doc. 293), **Plaintiff's, Tampa Bay Water's, Motion to Strike Untimely Expert Disclosures and to Limit Testimony of Leslie G. Bromwell, ScD, P.E.** (Doc. 349), and Defendant HDR Engineering Inc.'s responses in opposition (Docs. 315, 361). Tampa Bay Water (TBW) and Barnard Construction Company, Inc. (Barnard), file their motions pursuant to Federal Rules of Civil Procedure 26 and 37. TBW requests this Court to enter an order striking as untimely and prejudicial the January 19, 2011, report of Leslie G. Bromwell (Bromwell) and precluding Bromwell from testifying as to any matters addressed in the January 2011 Report and further precluding Bromwell from relying on or testifying about the photographs attached to it.[1]

---

[1] The report (*see* Doc. 349-29), authored by HDR Engineering's expert Leslie G. Bromwell, ScD, P.E., consists of three sections. The first replies to the supplemental rebuttal report dated November 15, 2010 (*see* Doc. 349-22), authored by TBW's expert, William F. Brumond, Ph.D, P.E., D.GE. (Brumond), of Golder Associates Inc. (Golder), which itself

Barnard's motion seeks an order striking, excluding, and limiting all testimony related to the photographs and also the opinions set forth in section three of the report. TBW also seeks an order precluding Bromwell from relying on or testifying about four publications not identified or produced until April 2011. In summary, TBW and Barnard urge that HDR has failed to comply with the requirements of Rule 26 regarding expert disclosures in submitting an untimely report containing new and different opinions and bases that should be stricken.

HDR Engineering, Inc. (HDR), responds that Bromwell's January 2011 Report was a supplemental report timely submitted under the Federal Rules and amounted to a mere restatement and clarification of the witness's initial report and later deposition testimony taken within the discovery period directed by the court. *See* (Docs. 315, 361). Alternatively, even if the report was not timely served, HDR argues that there is no prejudice to TBW or Barnard. Thus, HDR argues that Bromwell has consistently maintained that construction errors and omissions were the cause of the collapse and had the construction been performed as designed and specified by HDR, the damage to the reservoir would not have occurred. His later opinion that Barnard was responsible for those construction errors, first raised in his deposition testimony and later included in his January 2011 Report, was a timely and appropriate supplement to his prior expert opinion. And, in any event, neither TBW nor Barnard can claim real surprise for the opinions set forth in the January 2011 report given the

---

purports to supplement their rebuttal of Bromwell's initial March 2010 report. Thus, in the first section, Bromwell offers his reply to Brumond's/Golder's criticism of his collapse testimony and opinions. In the second section, he identifies additional photographs, with captioning and comments, in supplement to those provided with his March 2010 report; and the third section sets forth Bromwell's opinion that the contractor, Barnard, was responsible for the collapse.

witness's deposition testimony nor can either establish undue prejudice from this opinion. As for the additional photographs attached to Bromwell's January 2011 Report, HDR also argues that there is no prejudice to TBW or Barnard because 17 of the 20 photographs came from TBW's own expert, and the other three had been produced to all parties by Barnard about two years earlier. (Docs. 315, 361). Given that the additional photographs do not alter or change the witness's testimony or opinions, there is no adequate showing of surprise or prejudice to merit striking the same.

As for the four additional publications identified by HDR in April 2011, TBW argues that such had long been available to the witness and yet were not provided until well after the close of discovery. HDR responds that the reports, which support Bromwell's use of certain testing, were timely identified as trial exhibits in accordance with the Federal Rules and can be used for several purposes including to cross-examine TBW experts at trial or in responding to TBW's *Daubert* challenge, and thus, should not be stricken. (Doc. 361).

A.

A pertinent procedural history is useful. The various causes of action between TBW, HDR, Barnard, and others arise from the design, construction, and management of the C.W. Bill Young Regional Reservoir (Reservoir), located in Hillsborough County, Florida, which is owned and operated by TBW. Plaintiff contracted with HDR to design the Reservoir and to perform other services including construction quality control. TBW contracted with Barnard, as general contractor, to construct the Reservoir.[2] TBW contracted with Construction

---

[2] In turn, Barnard contracted with Third Party Defendant, McDonald Construction, to perform various components of the construction.

Dynamics Group, Inc. (CDG), to perform construction management services.[3]  Construction of the Reservoir was completed in or about April 2005, and operation of the Reservoir began in or about June 2005.  In or about December 2006, TBW became aware of cracks in the interior lining of the Reservoir's embankment.  *See* (Doc. 385 and attachments).  About two years later, in December 2008, TBW filed its initial complaint against HDR, Barnard, and CDG.

On September 9, 2009, this Court entered an Amended Case Management and Scheduling Order, wherein the parties were directed to meet the agreed upon terms of their case management report except as otherwise noted.  (Doc. 118).  The Order directed Plaintiff's expert disclosure under Rule 26(a)(2)(A) on all matters except remediation design and costs by January 8, 2010.  *Id.* at 2.  Defendants' expert disclosures regarding all matters except remediation design and cost were to be made on or before March 26, 2010.  *Id.*  The deadline for Plaintiff's rebuttal expert disclosure was April 23, 2010.  *Id.*  The Order did not address a deadline regarding Defendants' rebuttal expert disclosures, nor did the parties' case management report.  *See* (Doc. 106).

It appears these initial deadlines were timely met.  TBW timely issued the expert report of Brumond/Golder Associates on January 8, 2010 (Brumond's January 2010 Report) (Docs. 295-2, 295-3).  On March, 25, 2010, HDR timely produced the report of Leslie Bromwell/ BCI Engineers and Scientists (Bromwell's March 2010 Report).  (Doc. 361-1).  On April 23, 2010, TBW produced a rebuttal report.  (Brumond's April 2010 rebuttal).

---

[3]Claims involving CDG have been resolved, and CDG is no longer a party to this action.

HDR deposed Brumond in August 2010. Thereafter, on November 23, 2010, Brumond provided a supplement to his April 2010 rebuttal (Brumond's November 2010 rebuttal). (Doc. 349-22).[4] HDR again deposed Brumond in December 2010.

Bromwell was first deposed over four days in November 2010. He was again deposed on December 15, 2010, the last day of discovery under the extant order. On January 19, 2011, HDR served Bromwell's January 2011 report, here at issue. (Doc. 349-29).

On March 22, 2011, TBW produced another supplemental report from Brumond, which modified and amended prior opinions expressed in his January 2010 initial report. (Doc. 320-1). In April 2011, HDR identified and produced copies of four articles in additional support of Bromwell's expert opinion. (Doc. 349-32).

B.

Insofar as TBW seeks an order striking as untimely and prejudicial the whole of Bromwell's January 2011 Report including the photographs and to preclude him from testifying as to any matters addressed therein, the motion is not well-taken. While I agree that Bromwell, in part, sought to rebut Brumond's November 2010 rebuttal with this report and that it was served more than thirty days subsequent to Brumond's report, neither TBW nor Barnard demonstrate significant harm or any real surprise to merit such a drastic remedy.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," a disclosure must be made "within 30 days after

---

[4] It appears that Barnard's expert Devo Engineering, LLC, submitted a supplemental report on or about December 16, 2010, addressing Bromwell's opinions as well.

the other party's disclosure." Here, Bromwell filed his January 2011 Report more than thirty days after Brumond's November 2010 Report, and, thus, to the extent that it sought to rebut Brumond's supplemental rebuttal, it was untimely. However, in the circumstances of this case, that fact alone is not controlling.

A party in violation of Federal Rules of Civil Procedure 26(a)(2) and 26(e) may be subject to sanctions under Rule 37(c)(1), which states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether or not to exclude newly disclosed information, the court will consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Collins v. U.S.,* Case No. 3:08-cv-923-J-32JRK, 2010 WL 4643279, at *4 n.6 (M.D. Fla. Nov. 9, 2010) (citations omitted).

Even if the Court finds that a party's failure to disclose evidence is neither substantially justified or harmless, "the sanction of exclusion is not mandatory." *Id*. at *5 (citing *Whetstone Candy Co., Inc. v. Nestle USA, Inc.*, Case No. 3:01-cv-415-J-25HTS, 2003 WL 25686830, at *3 (M.D. Fla. June 2, 2003)). Rather, the court has discretion to formulate the best penalty for the failure to disclose. *Collins*, 2010 WL 4643279 at *5 (citations omitted).

6

By my consideration, to the extent that Bromwell's January 2011 Report served to reply to the criticism of his work in Brumond's November 2010 rebuttal, it was a fair response to TBW's ongoing efforts to undermine Bromwell's collapse theory first propounded by Bromwell's March 2010 Report. Significantly, apart from the opinions in the third section of the report related to Barnard, Bromwell did not offer any new opinion or general criticism not previously given. Significantly, TBW does not demonstrate any real prejudice to allowing Bromwell's rebuttal of its own expert's ongoing work to warrant imposition of the sanctions sought.[5] It is worth observing that Brumond's November 2010 rebuttal was his second

---

[5]Brumond's November 2010 report clearly sought to advance additional criticism and rebuttal of Bromwell's conclusions first set forth in his March 2010 report. In summary, based on additional consideration, Brumond's report again rejected Bromwell's collapse theory and argued that such was based upon erroneous data and interpretation. Its new critique reflected its ongoing analysis and testing by Golder to discredit Bromwell's opinions. Thus, it notes that since his submission of his April 2010 report, "further consideration has been given to the collapse theory, and Golder Associates has done a suite of laboratory tests in its Atlanta laboratory. In addition, Golder Associates has obtained and reviewed various technical papers in regard to soil collapse on inundation with water . . ." *See* (Doc. 349-22 at 7). The report also reflects ongoing consideration of the expert reports of all Defendants' experts, as well as deposition testimony of lay witnesses, and construction documents as the bases for this additional attack of Bromwell's initial opinions. Given the ongoing nature of Brumond's/Golder's work up of this critique of Bromwell's opinion, it hardly seems unfair much less unanticipated that Bromwell should weigh in in defense of his opinions.

To the extent he did so, his report may properly be viewed as a mere supplement of his prior opinions. In that regard, Fed. R. Civ. P. 26 mandates an expert to supplement a report when "the party learns that in some material respect the [original] disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e). "As to an expert witness, the 'party's duty to supplement extends to both information included in the report and to information given during the expert's deposition.'" *Bray v. Gillespie IX, LLC v. Hartford Fire Ins. Co.*, Case No. 6:07-cv-326-Orl-KRS, 2008 WL 2477619, at *2 (M.D. Fla. June 18, 2008). Rule 26(e) mandates that "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). On this standard, Bromwell's supplement was timely provided.

7

rebuttal of Bromwell's March 2010 Report, and was itself obviously delivered more than thirty days later. Furthermore, when read in full, Bromwell's January 2011 report was in substance merely a restatement of his observations and opinions of Golder's work on behalf of TBW as previously timely expressed either by report or at deposition. For example, at his December 2010 deposition, Bromwell noted that the Brumond's November 2010 rebuttal indicated that Golder experts had done an additional literature search, and they also had run some laboratory tests on the soil from the Reservoir site to test collapse potential to which he felt compelled to respond. In Bromwell's opinion, Golder's views did not accurately reflect the review of the papers that were cited as references, and he doubted that the tests performed at the Reservoir site were properly done to determine collapse potential. (Doc. 361-10 at 1-2). By my consideration, Bromwell's subsequent report is consistent with this testimony and did not inject new or different opinions from those already expressed in Bromwell's March 2010 report or at deposition. Further, such was appropriate in light of Brumond's/Golder's ongoing and additional work-up. Thus, to the extent that TBW seeks to strike the whole of Bromwell's January 2011 report and preclude any evidence from it because it was a late rebuttal or supplement, TBW wholly fails to demonstrate the requisite surprise or prejudice necessary to support such sanction. In this regard, the motion is **denied**.

    TBW and Barnard seek orders striking some twenty construction photographs attached to Bromwell's January 2011 Report.[6] Here, it appears that the photographs had been in HDR's or Bromwell's possession for some period of time and perhaps could have and

---

[6] Insofar as Barnard argues that Bromwell's March 2010 report was so inadequate and incomplete as to violate Rule 26, I disagree.

therefore should have been distributed in connection with his March 2010 report but were not. Nevertheless, HDR argues that standing alone, the supplemental photographs were not untimely in contemplation of Fed. R. Civ. P. 26 and, in any event, there is no prejudice since the photos came from either Barnard or TBW. Indeed, Bates-stamp identification suggests that most of the photographs in question came from TBW, and the others were produced by Barnard. In any event, Barnard, as the general contractor for construction, surely had first hand knowledge of the activities at the Reservoir during this same period of time. Additionally, the parties were notified by the witness on December 15, 2010, that he had identified additional photographs.

    It appears that the production of the photographs was prompted by questioning of Bromwell during his deposition in November which apparently revealed that the photos he originally relied upon were limited and less than optimum to support his opinions. According to his testimony at the continuation of his deposition on December 15, 2010, he looked for and found additional photographs from the discovery production depicting other areas of the Reservoir and such would be included in his supplemental report. In my view, the additional photographs were a fair supplement to the earlier report. The fact that the witness sought to correct an apparent deficiency in his earlier photographs or to further support his opinions alone is no basis to strike the photographs, especially where they were not used to support any additional or different opinions. As Bromwell testified at his December 2010 deposition, the photographs in no way altered his prior opinions on causation and construction errors. In these circumstances and given that the photographs came from TBW and/or Barnard, I can find no real prejudice to either TBW or Barnard in the late production alone and thus no basis

for striking the photographs or barring testimony from or about them. The request to strike these photographs is likewise **denied.**

As for the section of Bromwell's January 2011 Report attaching responsibility for the construction errors and omission to Barnard, because the opinion is wholly consistent with Bromwell's initial opinions and may be viewed as a supplemental opinion, it was not untimely in contemplation of Rule 26(e). Because neither TBW nor Barnard can claim any surprise in the opinion in light of Bromwell's March 2010 report and his deposition testimony, the motion to strike the same opinion from Bromwell's January 2011 Report is likewise **denied**.

Here, the circumstances reveal that in his March 2010 report, Bromwell examined the construction of the Reservoir and identified numerous errors and omissions in the construction of the Reservoir which were major contributors to the damages that occurred. (Doc. 361-1 at 3-17). Further, he opined that, "[i]t is our conclusion that if the fill within the wedge had been compacted as intended by the design engineer HDR, the problems with the soil cement would not have occurred." *Id.* Additionally, he critiqued and rebutted Brumond's/Golder's initial report from January 2010. Bromwell did not specifically identify Barnard or its subcontractor as the party responsible for the defective construction. At his deposition on November 3, 2010, Bromwell testified that his opinions related to the construction mechanisms and he had no opinion as to who was responsible for the defective construction. (Doc. 293-3). However, at his deposition on December 15, 2010, Bromwell testified that as a result of questioning at his prior deposition, he had undertaken to read other deposition testimony, review some of Golder's reference papers, looked at additional photographs, and read the contract between TBW and Barnard and was then of the opinion

10

that Barnard and its subcontractor were responsible for the defective construction. *See* (Doc. 315-5). As the deposition reflects, Bromwell answered numerous questions concerning the bases for this opinion. *Id*. Bromwell also indicated that he would be submitting a supplemental report which would contain the same opinions as in his original report. *Id*. In the January 2011 report, in the section on "Barnard's Contractual Responsibilities," Bromwell again expressly indicated that the contractor bore the responsibility to employ the means and methods to fulfill the contract plans and specification and he identified the same contractual provisions relied upon at his deposition to support Barnard's responsibility for the construct. (Doc. 349-29 at 5-6). He concluded that, "[i]t is my continued opinion that if the Reservoir had been constructed as intended and designed by the Engineer of Record, HDR Engineering, Inc., the damage to the soil cement would not have occurred." *Id.* at 7.

There is nothing in Rule 26 prohibiting a witness, even an expert witness, from timely providing new or modified opinions to complete or correct information previously provided or reported. Indeed, the witness who learns of new material information not previously disclosed is obliged to timely disclose the information to the parties. Fed. R. Civ. P. 26(e). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition and any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Here, Bromwell was prompted by counsels' inquiry at his deposition in November 2010, to examine the question of fault or responsibility for the construction errors and omissions he previously identified. The opinion given at the December 2010 deposition as to Barnard being responsible for the construction errors was

11

timely provided within the discovery period and counsel were provided a fair opportunity to question the witness about it. The opinion was the natural outgrowth of Bromwell's initial report. *See Careno v. Home Transp., Inc.*, Case No. 3:08-cv-1206-J-32, 2010 WL 2293391, at *2 n.6 (M.D. Fla. June 7, 2010); *Tucker v. Ohtsu Tire & Rubber Co.*, 49 F. Supp. 2d 456, 460 (D. Md. 1999) (noting that new opinions offered at depositions were a form of supplementation permitted under Rule 26(e)(2)). That his supplemental report containing this opinion did not come until a month later and outside the discovery period hardly merits striking the testimony in these circumstances. This is especially so where the substance of the witness's opinions on causation were not changed at all by the additional opinion that the contractor bore responsibility for the construction defects.

Finally, TBW seeks an order precluding Bromwell from relying on and testifying about four publications in support of his expert opinions which were not revealed until April 2011. (Doc. 349). Plaintiff argues that the disclosures were untimely filed, as the discovery deadline and the expert disclosure deadline had already passed. In addition, TBW urges that given the publication dates, between 1991 and 2005, the disclosure was not substantially justified and would be prejudicial.

HDR argues that the articles were timely identified, as it produced them in response to TBW's *Daubert* motion,[7] which for the first time questioned the reliability of certain testing performed by and relied upon by Bromwell. Thus, HDR urges that the articles merely supplement the witness's prior reports and were timely produced in contemplation of Rule

---

[7]TBW also seeks to exclude Bromwell's testimony pursuant to Fed. R. Evid. 702. *See* (Doc. 299).

12

26(e). Even if the articles are not considered timely, HDR alternatively argues that TBW cannot claim surprise given TBW's familiarity with and reliance on one of the authors of the articles, Evert Lawton. Furthermore, given that the articles may be used for different purposes at trial both during direct and cross-examination, an order striking the same is unwarranted. (Doc. 361).

To the extent that the four publications noticed April 6, 2011, are employed by HDR in defending its position against TBW's *Daubert* motion which attacks Bromwell's collapse theory of causation and his testing methodology to support his collapse theory, I find the notice and production of these articles timely and an appropriate supplement in support of Bromwell's testing methodology. Furthermore, to the extent that such matters may be employed at trial to cross-examine TBW's experts or as learned treatises during direct examination about the testing methodology utilized by the parties, there is no cause to strike them on this motion. Accordingly, the motion to strike these articles is **denied** as well.

C.

For the foregoing reasons, Defendant Barnard Construction Company, Inc.'s Motion to Strike, Exclude, and Limit Testimony of Bromwell (Doc. 293) and Plaintiff's, Tampa Bay Water's, Motion to Strike Untimely Expert Disclosures and to Limit Testimony of Leslie G. Bromwell, ScD, P.E. (Doc. 349) are **denied.**

**Done and Ordered** in Tampa, Florida, this 9th day of August 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record