IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER,
a regional water supply authority,

        Plaintiff,

v.                                      Case No. 8:08-cv-02446-JDW-TBM

HDR ENGINEERING, INC., a Nebraska
corporation,

        Defendant.

**DEFENDANT HDR ENGINEERING INC.'S
CROSS-MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant HDR Engineering, Inc. files this Cross-Motion to Enforce Settlement Agreement:

**SUMMARY OF ARGUMENT**

The Court should enforce the settlement agreement between TBW and HDR. Three facts are undeniable: (1) TBW had the power to settle this case by accepting the Mediator's Proposal; (2) TBW unmistakably told HDR, the Court and the public at large on September 19, 2011 that it had accepted the Mediator's Proposal and settled with HDR; and (3) TBW's subsequent actions in attempting to rescind its agreement have made it absolutely impossible to restore the *status quo ante* of the confidentiality of the parties' settlement negotiations. Under these conditions, TBW is estopped from pleading "buyer's remorse" and evading the settlement to which it agreed.

TBW's Board approved the settlement by majority vote of a duly constituted quorum on September 19. The Chair signed the settlement agreement and release, which was attested

by the General Manager. TBW's trial counsel informed the Court the case was settled and could be dismissed upon HDR's payment of the agreed settlement amount. HDR tendered the required payment within the allotted time. The case is settled.

Between the time of the Board's votes on Sept. 19 and Oct. 17, <u>no</u> <u>facts</u> <u>changed</u> from those supporting the Board's initial approval of the settlement. It was purely a political move on the part of the Board after the media fanned the fires of those suggesting the settlement was not enough. Politicians' sticking their fingers in the air to test the way the wind is blowing their political careers is not a basis for renouncing a legally binding agreement.

The actions of September 19 were a culmination of more than a year of confidential settlement negotiations. The parties' consideration of the Mediator's Proposal was to be confidential and only to become public if TBW accepted it. If it appeared the motion would not carry, it was not to be brought to public vote. HDR fully adhered to the restrictions of the proposal. TBW did not.

Not only did TBW disclose the amount of the proposal in public meeting, but its members have repeatedly disclosed in the media the history of prior private settlement offers and negotiations, thereby destroying forever HDR's bargained-for confidentiality and irreversibly prejudicing HDR. TBW is compounding its wrongdoing by attempting to evade its obligations based on its own legal counsel's misunderstanding or disregard of TBW's internal operating procedures for Board votes. By its conduct, TBW has forfeited any grounds for questioning the validity of its actions on Sept. 19. The Court should hold TBW to its bargain and enforce the settlement.

**FACTUAL SUMMARY**

The parties are largely in agreement as to the operative facts surrounding the settlement. *See* TBW's Motion to Reopen [Dkt. 466] and HDR's Response to same (filed contemporaneously herewith). HDR will not needlessly repeat those facts, but incorporates by reference the facts set forth in its Response to TBW's Motion to Reopen.

**ARGUMENT AND AUTHORITIES**

A.  **The Court May Enforce the Settlement Agreement as a Sanction for TBW's Breach of Confidentiality**

As shown in HDR's Response to TBW's Motion to Reopen,[1] TBW has irreversibly breached the confidentiality of the parties' settlement negotiations in violation of Local Rule 9.07(b), the federal ADR Act,[2] Florida's Mediation Confidentiality and Privilege Act ("MCPA"),[3] and the parties' agreements.[4] By its conduct, TBW is estopped from disavowing the settlement it publicly approved.

Separate and apart from that estoppel, however, the Court can and should deny TBW's Motion to Reopen and grant HDR's Cross-Motion to Enforce Settlement Agreement as a sanction for TBW's conduct. As TBW itself recognizes, the Court may award sanctions in the exercise of its inherent powers. *See* TBW's Motion to Reopen, pp.20-22, n.29, n.31. The Court may also award such sanctions under the MCPA, which specifically authorizes equitable relief, attorneys' fees and mediator's fees for breaches of confidentiality. FLA.

---

[1] A full recitation of the facts, legal authority and argument supporting HDR's right to enforce the settlement agreement are contained in HDR's Response to TBW's Motion to Reopen. HDR will not needlessly repeat them at length here, but incorporates them by reference.

[2] 28 U.S.C. §§ 651-658, particularly § 652(d).

[3] FLA. STAT. §§ 44.401-406.

[4] *See* Mediation Confidentiality Agreement, Ex. A to HDR's Response to TBW's Motion to Reopen.

STAT. § 44.406. In *Paranzino v. Barnett Bank of S. Fla.*, 690 So. 2d 725 (Fla. 4th DCA 1997), the court struck a plaintiff's pleadings and dismissed her complaint with prejudice as sanction for her breach of confidentiality in disclosing to the Miami Herald the details of her unsuccessful mediation with the defendant. TBW's conduct in this case is far worse than the plaintiff's in *Paranzino*. Meanwhile, HDR's requested sanction of enforcing the settlement agreement is far less onerous than the *Paranzino* court's dismissal with prejudice of the plaintiff's claims, which left her with no recovery at all.

### B. The Court May Enforce the Settlement Agreement On the Present Record.

Earlier this year, this Court held that "[a] district court has jurisdiction to enforce a settlement agreement in a pending case, including following a conditional dismissal order." *Shepard v. Florida Power Corp.*, Case No. 8:09-CV-2398-T-27TGW (Order enforcing mediated settlement agreement, p. 3) [Dkt. #49, April 18, 2011]. Under federal law, a district court has 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Ford* v. *Citizens and Southern Nat'l Bank, Cartersville,* 928 F.2d 1118, 1122 (11th Cir. 1991) (quoting *Cia Anon Venezolana de Navegacion* v. *Harris,* 374 F.2d 33, 36 (5th Cir. 1967)).[5]

In its Response to TBW's Motion to Reopen, HDR has demonstrated why TBW is equitably estopped from avoiding the enforceability of the settlement agreement that it approved on September 19. Again, HDR will not burden the Court with a needless repetition

---

[5] In its Motion to Reopen, TBW cites two cases where parties tried to reopen their case based on questions about the settlements they had made. The court denied the motion to reopen in each case because it determined the parties' settlement agreements were valid. *Enriquez v. FNU Williams,* 2010 WL 3608463 (M.D. Fla. Aug. 20, 2010); *Murchison v. Grand Cypress Hotel Corp.*, 1992 WL 565225 (M.D. Fla. Mar. 11, 1992); TBW's Motion to Reopen, pp. 14-17.

of the legal arguments and authorities supporting this claim, but incorporates them by reference. Factually, the evidence presently in the record is undisputed and is sufficient to allow the Court to enforce the settlement without further hearing. This would bring closure to the matter by holding the parties to the bargain they made in accepting the Mediator's Proposal on Sept. 19.

### C. Alternatively, the Court Can Hold An Evidentiary Hearing.

If the Court has any questions about the conclusiveness of the facts justifying enforcement of the parties' settlement agreement, then HDR is entitled to an evidentiary hearing on this point. *See Shepard v. Florida Power Corporation, supra* (citing *Murchison* v. *Grand Cypress Hotel Corp.,* 13 F.3d 1483, 1486 (11th Cir. 1994); *Batton v. City of Jasper, Ala.,* 354 Fed. App'x. 400, 401 (11th Cir. 2009)). In order for the parties to prepare for such a hearing, the Court would need to set a schedule for discovery, briefing and hearing.

Since HDR contends the present record is already sufficient for the Court to enforce the settlement agreement, it is difficult to predict the areas on which additional discovery might be required. Potential subjects could include (1) the authority of TBW's Board members, general manager or attorneys to take the actions they did in signing the Mediator's Proposal and Mutual Release, filing the Notice of Settlement, or other actions; (2) the Board's knowledge and intent concerning the validity of the 4-3 vote at the Sept. 19 Board meeting; (3) the Board's knowledge of its internal procedural "5-vote" provision; (4) the Board's knowledge and intent concerning its vote at the Oct. 17 Board meeting; and (5) the Board's repeated and continued violations of the confidentiality requirements of the settlement process and the Mediator's Proposal.

In anticipation of the possibility that that an evidentiary hearing may be required, HDR has already served written discovery requests on TBW concerning the public and private sessions of the Sept. 19 and Oct. 17 Board meetings. Additional discovery may be required concerning the Board members' public statements to the press and television media. In this regard, discovery would also be appropriate regarding other public statements by Board member that have not been reported in the press, but which HDR has reason to believe have occurred. For example, HDR is informed and believes that just two weeks ago, in a public speech to a large meeting of a construction industry trade group, Board member Neil Brickfield recounted all of the history and details of the negotiations between TBW and HDR. This is just one more example of TBW's attempt to "spin" the events of Sept. 19 and transform them from a final, binding settlement between the parties into nothing more than an "offer" from HDR.

**WHEREFORE,** HDR requests that the Court enter an order enforcing the settlement between the parties as approved by the Board at its Sept. 19 meeting, or alternatively that it establish a discovery, briefing and hearing schedule for consideration of this Motion, and that it grant unto HDR such other relief to which it may be entitled.

Respectfully submitted,

*s/ David C. Kent*
DAVID C. KENT

| | |
|---|---|
| **SEDGWICK LLP** | **FORIZS & DOGALI, P.A.** |
| All Admitted *Pro Hac Vice* | TIMOTHY D. WOODWARD, ESQ. |
| WAYNE B. MASON, ESQ. | Florida Bar No.: 0486868 |
| wayne.mason@sedgwicklaw.com | twoodward@forizs-dogali.com |
| KURT W. MEADERS, ESQ. | JAMES K. HICKMAN, ESQ. |
| kurt.meaders@sedgwicklaw.com | Florida Bar No.: 0893020 |
| DAVID C. KENT, ESQ | jhickman@forizs-dogali.com |
| david.kent@sedgwicklaw.com | |
| | |
| 1717 Main Street, Suite 5400 | 4301 Anchor Plaza Pkwy., Suite 300 |
| Dallas, TX  75201-7367 | Tampa, FL  33634 |
| Telephone 469-227-8200 | Telephone 813-289-0700 |
| Facsimile 469-227-8004 | Facsimile 813-289-9435 |

**ATTORNEYS FOR HDR ENGINEERING, INC.**

### CERTIFICATE OF GOOD FAITH

In accordance with Local Rule 3.10(g), counsel for Defendant HDR Engineering, Inc. conferred by telephone with counsel for TBW regarding this Motion, who opposed the Motion and would not consent to all or any portion of the relief requested.

*s/ David C. Kent*
DAVID C. KENT

### CERTIFICATE OF SERVICE

The foregoing instrument was electronically filed with the Clerk of Court through CM/ECF on November 14, 2011, which sent a notice of filing to all counsel of record the same day.

*s/ David C. Kent*
DAVID C. KENT