UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER,
A Regional Water Supply Authority

      Plaintiff,                          CASE NO.:  8:08-cv-2446-JDW-TBM

v.

HDR ENGINEERING, INC., a
Nebraska corporation,

      Defendant.
_____/

**TAMPA BAY WATER'S RESPONSE IN OPPOSITION TO
HDR'S MOTION TO CHANGE VENUE TO JACKSONVILLE DIVISION**

      COMES NOW the Plaintiff, Tampa Bay Water, A Regional Water Supply Authority ("Tampa Bay Water"), by and through its undersigned counsel, and responds in opposition to HDR Engineering Inc.'s ("HDR") Motion to Change Venue to Jacksonville Division (the "Motion") (Dkt. 478). **The Motion must be denied because 28 U.S.C. §1404(b) authorizes a transfer of venue *only* upon the consent of all parties, and Tampa Bay Water has not consented.**

**28 U.S.C. §1404(b)**

      An intra-district change of venue is governed by the provisions of 28 U.S.C. §1404(b), the relevant sentence of which states that: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." Although this statutory provision under which HDR

seeks relief is a mere single sentence, HDR egregiously misquotes the statute in its Motion, *omitting* the critical opening clause: "*Upon motion, consent or stipulation of all parties . . . .*"[1] And although HDR's entire legal argument regarding §1404(b) is a mere three paragraphs,[2] it somehow manages to get the law completely wrong. These errors are fatal to HDR's request to change venue for trial, because the plain language of §1404(b) requires the consent of all parties.

In discussing the provisions of 28 U.S.C. §1404, the Fifth Circuit recently explained that:

> Subsection (a) authorizes the court to transfer venue of the entire action for the convenience of the parties and witnesses, in the interest of justice. Subsection (b) and (c) authorize the district court to transfer the location of proceedings, including trial, without also transferring venue of the entire action. *Subsection (b), by its terms, applies only when all parties consent.*

*In re Gibson*, 423 Fed. Appx. 385, 389 (5th Cir. 2011).[3] The Third Circuit, in a case

---

[1] HDR asserts in its Motion that §1404(b) "simply stating [sic] that 'any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division within the district.'" Motion, Dkt. 478, at p.7.

[2] Motion, Dkt. 478, at pp.7-8.

[3] 28 U.S.C. §1404(a) provides in its entirety that "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." HDR has essentially disavowed any relief under §1404(a), see Motion, Dkt. 478, at pp.7-8. In any event, §1404(a) does not authorize the relief sought by HDR, because (1) HDR is not seeking to change venue for the entire action and (b) the Jacksonville Division of the Middle District is not a division where this case might have been brought. The contracts between Tampa Bay Water and each of the three original defendants contain venue provisions that make venue mandatory in Pinellas County. Section 21.6 of the contract between Tampa Bay Water and HDR provides that "Venue for any action arising under this Agreement shall lie in Pinellas County, Florida." Dkt. 125-2, at Docket Page 14 of 69. Section 6.6 of the contract between Tampa Bay Water and Barnard Construction states that "The parties agree that for any litigation arising under the CONTRACT DOCUMENTS, venue shall be only in Pinellas County, Florida." Dkt. 125-8, at Docket Page 47 of 71. Section 12.1.1 of the contract between Tampa Bay Water and Construction Dynamics Group, Inc., provides that "Venue is established in Pinellas County, Florida." Dkt. 125-5, at Docket Page 33 of 60. Moreover, Local Rule 1.02(c) provides that "All civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Tampa Bay Water is headquartered in Pinellas County and its geographic jurisdiction and service area encompasses the counties of Pinellas, Hillsborough and Pasco, all of which are in the Tampa Division. The C.W. Bill Young Regional

actually cited by HDR in the Motion, noted likewise. In *White v. ABCO Engineering Corp.*, 199 F.3d 140, 144 (3rd Cir. 1999), the court reversed a change of venue granted under §1404(a) because the district court failed to perform the appropriate case-specific analysis. Although some of the parties had stipulated to the change of venue, the Third Circuit correctly observed that "[E]ven appropriate stipulated transfers require consent of all affected parties. *See* §1404(b). . . .In this case, it does not appear that ABCO stipulated or otherwise consented to having its dispute with White transferred to New Jersey." The leading treatise on federal practice summarizes the law succinctly: "Section 1404(a) allows transfer to either another district or any division of a district as long as the action 'might have been brought' there. A different provision in subsection (b) of the same section allows the district court to transfer a case from one division to another within the same district *if all parties request or consent to this*." Wright & Miller, 15 Fed. Prac. & Proc. §3842 (emphasis supplied).

Recent district court decisions are virtually uniform on the point. In *Western Surety Co. v. Marco Enterprises, Inc.*, 2011 WL 4434234 (E.D. Va. Sept. 22, 2011), the court denied a transfer under §1404(a) because the transferee venue would have been improper, but noted that a change of venue would be proper under §1404(b), "as all of the parties agree to the transfer." In *Tucker v. American International Group, Inc.*, 728 F. Supp. 2d 114, 125 (D.

---

Reservoir that is the subject of this action is located in Hillsborough County. Because there is no basis upon which this action "might have been brought" in the Jacksonville Division, a transfer under §1404(a) would be improper. *See, Aalberg v. Plan 4 College, Inc.*, 2009 WL 3698039 (M.D. Fla. Nov. 4, 2009)(stating that under 1404(a), "The threshold consideration is whether the action could have been brought in the desired district of transfer . . . ."); *see also Western Surety Co. v. Marco Enterprises, Inc.*, 2011 WL 4434234 (E.D. Va. Sept. 22, 2011)("The Alexandria Division is not a division in which this case 'might have been brought,' therefore, transfer under 28 U.S.C. §1404(a) would be improper."); *Tucker v. American International Group, Inc.*, 728 F. Supp. 2d 114, 126 n.26 (D. Conn. 2010)("Propriety of venue must be examined because section 1404(a) only permits a district court to transfer an action to a district in which the action originally 'might have been brought.'"). 28 U.S.C. §1404(c), states that "A district court may order any civil action to be tried at any place within the division in which it is pending." This clearly provides no basis for the relief sought by HDR.

Conn. 2010), the court observed that "Although they are indeed seeking transfer within the same district, defendants' reliance on subsection (b) is misplaced in that it applies only where 'all parties' move, consent or stipulate to the transfer. In the present case, plaintiff adamantly objects to defendants' motion to transfer." Similarly, the court in *Fin-Ag, Inc. v. Nau Country Insurance Co.*, 2009 WL 44479 (D.S.D. Jan. 6, 2009), denied a transfer under §1404(b) as "not appropriate because all the parties to this action have not consented."

In *Kramer v. Daimler Chrysler Motors Company, LLC*, 2008 WL 4542654 (N.D. Ill. July 22, 2008), the court declined to analyze a request for an intra-district transfer under §1404(b) because all of the parties did not consent to the transfer. In *Sikes v. Alamo Crane Service, Inc.*, 2006 WL 3454795 (S.D. Tex. Nov. 29, 2006), the court held that Alamo's "argument based on §1404(b) is inapplicable: The motion to transfer venue is opposed – it is not 'with consent' of all parties." In *Beavers v. Good Shepard Medical Center*, 2006 WL 2792209 (E.D. Tex. Sept. 26, 2006), the court noted that the only exception to the "all parties" requirement of §1404(b) is for *in rem* actions brought by or on behalf of the United States. In *Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024 (E.D. Va. Apr. 28, 2006), the court held that §1404(b) was inapplicable where the plaintiff objected to the requested intra-district transfer of venue. Finally, in *Union Planters Bank, N.A. v. EMC Mortgage Corp.*, 67 F. Supp. 2d 915 (W.D. Tenn. 1999), the court noted that a transfer under §1404(b) could occur "when all parties agree to it."

Remarkably, HDR fails to bring any of these cases to the Court's attention. Even more remarkably, HDR does not even mention the statutory language of §1404(b) that requires the consent of all parties (having, of course, conveniently omitted the opening clause

of §1404(b) from its recitation of the statute).

Instead, HDR cites a handful of cases that either contradict its own position, or have no relevance to the issues under §1404(b), or are just plainly wrongly decided. As noted above, the only circuit court case cited by HDR, *White v. ABCO Engineering Corp.*, *expressly confirms* that a transfer under §1404(b) requires the consent of all parties. HDR cited this case for another, more general proposition regarding venue, but never mentioned the court's discussion of the consent requirement under §1404(b). *Aalberg v. Plan 4 College, Inc.*, 2009 WL 3698039 (M.D. Fla. Nov. 4, 2009)(Whittemore, J.), involved a motion to change venue brought under §1404(a). The opinion never mentions or discusses §1404(b), so it has nothing to do with the issue before the Court. In *Cottier v. Schaeffer*, 2011 WL 3502491 (D.S.D. Aug. 10, 2011), the basis for the motion to change venue is not apparent. However, the plaintiff admitted that the defendants were entitled to the change of venue, effectively making transfer under §1404(b) appropriate by consent of all the parties. *Edwards v. Sanyo Manufacturing Corp.*, 2007 WL 641412 (E.D. Ark. Feb. 27, 2007) indicates that the plaintiff's contested motion was made under §1404(a) and that the defendants cited §1404(b) and objected, but never acknowledges or discusses the controlling language of §1404(b) regarding consent of all parties. The court denied the motion, finding that the plaintiff failed to provide sufficient evidence to support the requested change of venue. Finally, in *Johnson v. Burlington-Northern, Inc.*, 480 F. Supp. 2d 259 (W.D. Mo. 1979), the court granted a "contested motion" brought under §1404(b), never mentioning the requirement of consent of all parties.[4]

---

[4] Not surprisingly, *Johnson v. Burlington-Northern* is specifically criticized by Wright & Miller: "Although in

So to summarize, HDR has (a) misquoted the statutory language of §1404(b) by omitting the critical opening clause; (b) misled the Court by never acknowledging or mentioning, much less analyzing, the "all parties" requirement of §1404(b); (c) failed to cite or bring to the Court's attention any of the overwhelming body of authority with respect to the "all parties" requirement of §1404(b), including the Third Circuit decision that it actually cited; and (d) failed to cite a single case that properly applies the requirements of §1404(b). The Motion must be denied, because it cannot be granted under 28 U.S.C. §1404(b).

### **Local Rule 1.02(e)**

Although it is not cited or relied upon by HDR, counsel for Tampa Bay Water feel compelled to bring to the Court's attention the provisions of Local Rule 1.02(e). That section provides that: "The Court may, within its discretion, or upon good cause shown by any interested party, order that any case, civil or criminal, be transferred from one Division to any other Division for trial, or from one place of holding court to another place of holding court in the same Division." Although Local Rule 1.02(e) ostensibly permits the Court to grant the relief requested by HDR, the Court should decline to utilize Local Rule 1.02(e) to grant relief in this instance.

Any local rule must be consistent with federal statutes and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83(a)(1). Local rules cannot conflict with the Federal Rules of Civil Procedure or acts of Congress, nor can local rules be applied in a manner contrary to a

---

*Johnson v. Burlington-Northern, Inc.*, [citation omitted] the court read Section 1404(b) as applying to a contested motion to transfer from one division to another, and suggested that it is less restrictive than Section 1404(a), this seems to be a misreading of the statute. The statute is less than perfectly drafted, but the exception stated in the second sentence of Section 1404(b) is meaningless unless the first sentence is limited to a transfer to which all parties consent. If some party objects to a change of divisions, the general transfer standards of Section 1404(a) must be met." Wright & Miller, 15 Fed. Prac. & Proc. §3842 n. 3.

federal statute or rule. *Brown v. Crawford County, Georgia*, 960 F.2d 1002, 1008-1009 (11th Cir. 1992). Local Rule 1.01(b) recognizes this fundamental principle: "These rules are intended to supplement and complement the Federal Rules of Civil Procedure . . . and other controlling statutes and rules of Court. *They shall be applied, construed and enforced to avoid inconsistency with other governing statutes* and rules of court . . . ." (emphasis supplied).

A transfer of venue to the Jacksonville Division under Local Rule 1.02(e) would be inconsistent with 28 U.S.C. §1404(a), because §1404(a) permits only the transfer of an entire action and because the case could not have been brought in the Jacksonville Division in the first instance for a variety of reasons.[5] It would also be inconsistent with §1404(b) because, as discussed at length above, a transfer under §1404(b) requires the consent of all parties and Tampa Bay Water has not consented. Even where a local rule provides a district court with latitude in venue matters, the Court's discretion should be informed by any applicable statutory provisions, any contractual provisions regarding venue selection, and the circumstances that would otherwise normally warrant a change of venue under §1404. *See Global Satellite Communication Co. v. Starmill U.K. Limited*, 378 F.3d 1269, 1273 (11th Cir. 2004)(construing Local Rule 3.1.H of the Southern District of Florida). All of these considerations preclude a transfer of venue to the Jacksonville Division under Local Rule 1.02(e).

In practice, Local Rule 1.02(e) is almost uniformly applied as a corrective measure in cases in which venue has been mislaid within the Middle District. *Avola v. Lazy Days' R.V.*

---

[5] See n. 3, supra, and cases cited therein.

7

*Center, Inc.*, 2008 WL 1995060 (M.D. Fla. Apr. 21, 2008)(transferring venue under §1404(a) and Local Rule 1.02 from Orlando Division to Tampa Division based on contractual forum selection clause and nexus of events); *Dugan v. Peskan*, 2008 WL 65501 (M.D. Fla. Jan. 7, 2008)(transferring venue under Local Rule 1.02(e) from Orlando Division to Tampa Division as the division with the greatest nexus to the case); *Checkers Drive-In Restaurant, Inc. v. Titan Holdings, LLC*, 2006 WL 563116 (M.D. Fla. Mar. 8, 2006)(transferring venue under Local Rule 1.02(e) from Tampa Division to Orlando Division based on greater nexus to the case); *see also, Omega Patents, LLC v. Lear Corp.*, 2009 WL 1513392 (M.D. Fla. May 27, 2009)(deferring entry of case management order to allow for consideration of transfer of venue under Local Rule 1.02 from Orlando Division to Tampa Division based on apparent greater nexus with the case). Application of the local rule in this manner is fully consistent with any pertinent contractual provisions, Local Rule 1.02(c) and applicable federal law including §1404. But applying Local Rule 1.02(e) to transfer venue of this case to the Jacksonville Division would completely undermine and thwart every other appropriate venue consideration, including the express requirements of §1404.

Even if the Court were the slightest bit inclined in this direction, HDR's claims that "the sky is falling" simultaneously exaggerate any jury selection concerns and underestimate the Court's ability to seat a fair and impartial jury through appropriate and careful *voir dire*. This Court has only recently demonstrated that a fair and impartial jury can be seated even in a high-profile case involving a local Hillsborough County political figure that was tenaciously covered by the local media. As the Court has already observed in this very case:

> There's been a lot of publicity about this case, but experience tells me that, notwithstanding, it's amazing how

8

> many people come in here and they don't have a clue, never heard about it. We have jurors from Port Charlotte, Hernando County, Pinellas, Pasco, Polk. I don't anticipate any problems in picking a jury in the case.[6]

The bulk of HDR's argument in the Motion is a discussion of cases in which evidence of settlement communications was inappropriately placed in front of the jury at trial in violation of Fed. R. Evid. 408.[7] But that is an entirely different issue, and it surely does not lead to the conclusion that the Court here will be unable to seat a fair and impartial jury.[8]

Taking HDR's potential juror survey[9] at face value for purposes of this response, it ultimately demonstrates little beyond the utterly unremarkable proposition that a higher percentage of registered voters in the greater Tampa Bay area have heard of this litigation than have those in either the Jacksonville or Pensacola areas. Would anybody expect otherwise? And if the subject matter of the litigation were a high-profile case involving a local government project in one of those other areas, would we not expect a similar result – far greater familiarity with the litigation in the geographic area in which the government and the project are located? Based on HDR's own survey data, only about 19% of prospective jurors drawn from within the Tampa Division will have even heard anything concerning the recent $30 million mediator's proposal.[10] This does not appear to create any insurmountable

---

[6] Transcript of Pretrial Conference held May 20, 2011 (Dkt. 367, at Transcript pp. 48:20 – 49:1).
[7] Motion, Dkt. 478, at pp. 8-11.
[8] Tampa Bay Water has no intention of offering such evidence at trial or mentioning any settlement communications in the presence of the jury, and there is no reason to believe that this Court would tolerate such conduct by the parties.
[9] Dkt. 478-5.
[10] HDR claims that 48% of respondents within the Tampa Division acknowledged familiarity with the case (Dkt. 478-5, Patterson Affidavit ¶25(b)(i)) and, of those, 40% were aware in some manner of the reported settlement. (Dkt. 478-5, Patterson Affidavit ¶27(a)). Simple math reveals that 40% of 48% is 19.2%. HDR fails to report this data broken down by the individual counties within the Tampa Division, but one would reasonably expect the percentage of respondents with knowledge of both the case and the recent mediator's proposal to be higher within Hillsborough County, Pinellas County and Pasco County (Tampa Bay Water's jurisdiction) than it

jury selection issue.

And of course, HDR continues to utilize its own "litigation website" to convey its own messages to prospective jurors, including its own views about the recent failed settlement.[11] HDR will no doubt claim that it is doing so in some of form of "media self-defense," but the Court has already admonished the parties to avoid such extra-judicial communications.[12] HDR ought not be permitted to make its own public statements about the case, including the recent failed settlement, and then expect the Court to grant what would be extraordinary relief under any fair reading of Local Rule 1.02.

## CONCLUSION

For all of the foregoing reasons, the Motion should be denied.

> s/ Richard A. Harrison
> **Richard A. Harrison, Esquire**
> Florida Bar Number 0602493
> rharrison@allendell.com
> Lead Trial Counsel
> **Misty C. Leafers, Esquire**
> Florida Bar Number: 416894
> mleafers@allendell.com
> **Barbara M. Cowherd, Esquire**
> Florida Bar Number: 0469203
> bcowherd@allendell.com
> **ALLEN DELL, P.A.**
> 202 South Rome Avenue, Ste. 100
> Tampa, Florida 33606
> Phone: (813) 223-5351
> Fax: (813) 229-6682
> Attorneys for Plaintiff, Tampa Bay Water

---

would be in Hardee County, Hernando County, Manatee County, Polk County or Sarasota County (where no residents receive water supplied by Tampa Bay Water or are otherwise affected in any meaningful way by its operations and there is understandably far less local media coverage of Tampa Bay Water or its affairs).

[11] See http://www.tbwlitigation.com/2011/10/17/statement-about-the-tbw-board-vote/ and screen capture of the webpage accessed 11/30/11, attached as **Exhibit 1**.

[12] Dkt. 394, Amended Order.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th of December, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                          **s/ Richard A. Harrison**
                                          **Richard A. Harrison, Esquire**
                                          Florida Bar Number 0602493
                                          ALLEN DELL, P.A.
                                          202 South Rome Avenue, Ste. 100
                                          Tampa, Florida 33606
                                          Phone: (813) 223-5351
                                          Fax: (813) 229-6682
                                          rharrison@allendell.com