UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER, a regional water
supply authority

                Plaintiff,

v.                                 Case No.:  8:08-cv-02446-JDW-TBM

HDR ENGINEERING, INC., a Nebraska
corporation,

                Defendant.

_____ /

## HDR ENGINEERING INC.'S RESPONSE TO TAMPA BAY WATER'S MOTION TO STRIKE HDR'S FOURTH AFFIRMATIVE DEFENSE AS TO TBW'S COMPARATIVE FAULT

HDR Engineering Inc. opposes TBW's Motion to Strike HDR's Fourth Affirmative Defense as to TBW's Comparative Fault (Dkt.449), and in support thereof states as follows:

## I.    SUMMARY OF ARGUMENT

TBW seeks to strike HDR's fourth affirmative defense as it relates to the comparative fault of TBW for its failure to have experienced and qualified staff in the positions of design review and approval and construction supervision.  The sole basis of TBW's Motion to Strike is this Court's Order granting TBW's *Daubert* motion to exclude HDR's expert witness Robert W. Johnson (Motion ¶¶ 5, 6).  TBW contends that the exclusion of Johnson's testimony means HDR can present no competent evidence or testimony at trial to support its affirmative defense of comparative fault. (Motion ¶8).  TBW's Motion, however, is both factually inaccurate and procedurally defective.  As such, TBW's Motion should be denied, and HDR should be allowed to present its comparative fault affirmative defense at trial.

---

**HDR ENGINEERING INC.'S RESPONSE TO TAMPA BAY WATER'S MOTION TO STRIKE HDR'S FOURTH AFFIRMATIVE DEFENSE AND INCORPORATED MEMORANDUM OF LAW – Page 1**

## II.   ARGUMENT

### A.   HDR'S AFFIRMATIVE DEFENSE IS VALID

Motions to Strike are disfavored and should be granted only where a defense has no possible relation to the controversy, confuses the parties, causes prejudice or is legally insufficient. *Wlodynski v. Ryland Homes of Florida Realty Corp.*, 2008 WL 2783148, *1 (M.D. Fla. July 17, 2008). An affirmative defense is deemed legally insufficient only if it is (1) frivolous on its face, (2) clearly invalid as a matter of law, or (3) fails to meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. *Id.* at *1-2.  TBW does not argue that HDR's Amended Answer was improperly plead under Rule 8 or that it provides insufficient notice of the comparative fault defense.  Under Federal Rule of Civil Procedure 8(b) and (c), a defendant need only "state" its defenses in a manner sufficient to provide plaintiff notice of the defenses asserted.  TBW had notice of HDR's comparative fault defense and does not argue otherwise.

TBW argues the other prongs of legal insufficiency.  However, the affirmative defense of TBW's comparative fault is not patently frivolous or clearly invalid.  An affirmative defense should be stricken on the basis of legal insufficiency only where a defendant *cannot succeed under any set of facts* to prove its defense. *Federal Trade Commission v. Ameritel Payphone Distributors, Inc.*, 2000 WL 35593261, *1 (S.D. Fla. June 26, 2000). Where the defense puts into issue relevant and substantial legal and factual questions, it is legally sufficient. *Id.* In other words, a motion to strike an affirmative defense should be denied where the sufficiency of the defense depends upon disputed issues of fact *or* law. *First Specialty Ins. Corp. v. GRS Management Assoc., Inc.*, 2009 WL 2169869, *1 (S.D. Fla. July 20, 2009).

TBW argues that the Court's Order granting TBW's *Daubert* motion to exclude HDR's expert Johnson essentially constituted a determination on the merits that TBW was not negligent,

thereby disposing of HDR's fourth affirmative defense. While the Order did strike Johnson's testimony, it did not and cannot serve to prevent HDR from offering evidence at trial of TBW's failure to have experienced and qualified staff in the positions of design review and approval and construction supervision.  Moreover, even if it was appropriate in a Motion to Strike to speculate as to what evidence will be offered in support of HDR's fourth affirmative defense, there is record evidence that TBW's failure to utilize qualified and experienced staff more probably than not is causally related to improper construction of the protective layer, inappropriate review of the design, and TBW's actual damages.  *See* HDR's Response to TBW's Motion in Limine #4 as to Experience and Qualification of TBW Staff and TBW's Comparative Negligence, filed contemporaneously herewith (Dkt. 495).

As discussed in detail in HDR's Response to TBW's Motion in Limine #4, there is adequate evidence that TBW did not have qualified and experienced personnel on the project.  According to TBW's own experts, there was a failure of TBW staff to notice and report conditions that TBW's experts identify as construction defects. Moreover, TBW's own experts opine that a competent engineer would have caught both design and construction deficiencies, which they claim are responsible for the damage to the Reservoir.  Thus, to the extent that TBW's theories are allowed to move forward and its experts are allowed to testify, there will be some evidence of TBW's comparative fault for failing to assign qualified engineers to conduct design reviews, construction review and supervision, all of which contributed to the claims for which TBW has brought suit.  As such, the affirmative defense is neither patently frivolous nor clearly invalid.

   B.    THE MOTION IS NOT TIMELY.

Federal Rule of Civil Procedure 12(f) authorizes a party to move to strike an insufficient defense. With exceptions not relevant here, a 12(f) motion to strike shall be brought within 21 days

after service of the offending pleading. FED. R. CIV. P. 12(f)(2).   HDR originally raised its comparative fault defense in its answer filed in October 2010 (Dkt. 223, ¶147), and restated it on July 15, 2011 in its answer to TBW's Second Amended Complaint (Dkt. 388).   TBW did not file its Motion to Strike until September 18, 2011, long after the time required by Rule 12(f). Untimely motions to strike should be denied.   *See Barna Conshipping, S. L.V. 1,800 Metric Tons, More or Less of Abandoned Steel*, 2009 WL 1211334 (S.D. Ala.); *Sakolsky Rubin Memorial Chapel, LLC*, 2007 WL3197530, *2 (S. D. Fla. Oct. 26, 2007).   As the court noted in *Sakolsky*, plaintiff may make specific objections about the affirmative defense as it sees fit during the course of the trial and the court can rule on such objections at that time.   *Id.* at *2.

The fact that TBW bases its Motion to Strike on the Court's *Daubert* ruling concerning HDR's expert witness reveals the improper nature of the motion. As previously stated, TBW does not seek to strike HDR's fourth affirmative defense because it fails to meet the pleading standard set forth in Rule 8.  Rather, TBW is arguing that HDR will have no evidence at trial to support its defense due to the exclusion of Johnson.  In effect, TBW is improperly using a Motion to Strike as a premature Rule 50 Motion for Judgment or a belated Rule 56 Motion for Summary Judgment. TBW's attempt to thwart the Federal Rules of Civil Procedure and this Court's Local Rules by filing a Motion for Judgment disguised as a Motion to Strike should be denied. Any relief with respect to HDR's fourth affirmative defense must await trial.

WHEREFORE, HDR prays that the Court deny TBW's Motion to Strike in all respects and grant unto HDR such other and further relief as may be just and proper.

Respectfully submitted,

*s/ Kurt W. Meaders*
KURT W. MEADERS

**SEDGWICK LLP**
All Admitted *Pro Hac Vice*
WAYNE B. MASON, ESQ.
wayne.mason@sedgwicklaw.com
KURT W. MEADERS, ESQ.
kurt.meaders@sedgwicklaw.com
DAVID C. KENT, ESQ.
david.kent@sedgwicklaw.com

1717 Main Street, Suite 5400
Dallas, TX  75201-7367
Telephone 469-227-8200
Facsimile 469-227-8004

**FORIZS & DOGALI, P.A.**
TIMOTHY D. WOODWARD, ESQ.
Florida Bar No.: 0486868
twoodward@forizs-dogali.com
JAMES K. HICKMAN, ESQ.
Florida Bar No.: 0893020
jhickman@forizs-dogali.com

4301 Anchor Plaza Pkwy., Suite 300
Tampa, FL  33634
Telephone 813-289-0700
Facsimile 813-289-9435

**ATTORNEYS FOR HDR ENGINEERING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The foregoing instrument was electronically filed with the Clerk of Court through CM/ECF on December 15, 2011, which sent a notice of filing to all counsel of record the same day.

*s/ Kurt W. Meaders*
KURT W. MEADERS