UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TAMPA BAY WATER,**

    **Plaintiff,**

vs.                                        Case No. 8:08-cv-2446-T-27TBM

**HDR ENGINEERING, Inc.,**

    **Defendant.**

_____/

**ORDER ON PROCEDURES
APPLICABLE TO CIVIL JURY TRIALS BEFORE
JAMES D. WHITTEMORE, DISTRICT JUDGE**[1]

In anticipation of the Pre-trial Conference, the following trial procedures are applicable:

1. The parties' previous estimate of the length of this trial presents substantial docket management challenges impacting the criminal and civil dockets. The Court is considering restrictions on each parties' presentation of their case in chief. Each side will be given a specified number of days to present its case. Plaintiff will rest at the end of the prescribed time. Likewise, Defendant will rest at the end of its prescribed time. Written Rule 50 motion are not invited. In preparing their cases, the parties should be aware that hearings in other matters have been previously scheduled during the trial term, which will reduce the allotted time. Each party shall ensure that their witnesses are available, exhibits are properly marked and identified with specificity on the exhibit lists, and that any demonstrative exhibits are furnished to opposing counsel prior to commencement of trial.

---

[1] Tailored for this case.

It is imperative that the parties, through counsel, commit to an efficient presentation of the evidence and devote their best efforts in this regard. For example, unduly lengthy opening statements and closing arguments will not occur. Time consuming motions and objections during trial shall be avoided. Cumulative evidence, including repetitive and cumulative questioning of witnesses will not be permitted. Examination of witnesses shall be conducted efficiently, with civility, and in accordance with the Local Rule. For example, in the interest of facilitating the flow of the trial and avoiding unnecessary delays, counsel shall refrain from repeating witnesses' answers, leading their witnesses during direct examination, and asking lengthy compound questions on cross examination followed by "isn't that true?," "correct?," "right?," or words to this effect, all of which suggests that counsel is essentially testifying, rather than eliciting facts. *See United States v. Crumpler*, 229 Fed.Appx. 832, 838 (11th Cir. 2007), *cert. denied*, 552 U.S. 952 (2007); *United States v. Hill*, 643 F.3d 807, 845 (11th Cir. 2011)(trial court required to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence" in order to ensure that evidence is presented effectively for the ascertainment of truth, time is conserved, and witnesses are protected from harassment).

2. The examination of witnesses shall be limited to direct examination, cross-examination and re-direct examination. *See* FED. R. EVID. 611. The parties are directed to discuss the elimination of unnecessary records custodian witnesses. If a legitimate concern with authenticity exists with respect to a particular exhibit, lead counsel shall communicate that concern to opposing counsel, who shall, unless the authenticity concern has been resolved, have available the appropriate records custodian witness.

3.  In making objections, counsel making the objection shall stand and announce the **legal basis** for the objection without further argument. *See* Local Rule 5.03(b)(12). The responding attorney shall respond accordingly, giving only the **legal basis** for opposing the objection. Neither attorney shall make any other argument or comment in the presence of the jury other than at side bar conferences on the record, which conferences will be held, if necessary, to assist the Court in its ruling, upon the request of either attorney or upon the Court's own directive.

4.  Lead trial counsel are responsible for jury instructions and verdict forms. Proposed jury instructions and proposed verdict forms shall be filed no later than the close of business on the last business day before commencement of trial. Counsel shall provide two copies of the proposed jury instructions and proposed verdict form to the Court the morning of trial. Instructions shall follow the format of the Eleventh Circuit's Pattern Jury Instructions and the Florida Supreme Court's Standard Jury Instructions in Civil Cases. Contentious instructions will not be given. Proposed instructions shall be objective statements of the law applicable to the case and cite the legal authority for the instruction. The proposed instructions and verdict form shall also be submitted to the Court on disk the morning of trial (preferably in WordPerfect format). Proposed instructions not meeting these requirements and the requirements of the Local Rules will be rejected and returned to counsel.

5.  *Trial Exhibits*: All exhibits shall be pre-marked in accordance with Local Rule 3.07. No later than the close of business on the last business day before commencement of the trial, each attorney shall file their trial exhibit list, numbered in the sequence in which the attorney will tender same. Counsel shall provide the Court with three copies of their trial exhibit list the morning of trial. Trial exhibit lists shall describe each exhibit with specificity, sufficient for the Court to identify it.[2]

---

[2] Demonstrative exhibits shall also be listed on the exhibit list.

6. *Witness List*: By no later than the close of business on **February 9, 2012**, each party shall file a list of those witnesses it actually intends to call **at trial**, including the order in which each witness will be called and an estimate of the amount of time each witness is expected to testify on direct examination. The list should include the full names of the witness and any professional designation applicable to that witness (e.g., M.D.). The list should also, if necessary, include a phonetic spelling of the name. The witness list shall also account for any deposition testimony the parties expect to read into the record. Counsel shall provide the Court with three copies of their witness list the morning of trial.

7. On or before the close of business on the last business day before commencement of the trial term, the parties shall:

   (a) Exchange trial exhibit lists, listing with specificity each exhibit expected to be offered into evidence, denoting which exhibits are composite exhibits.

8. Each attorney shall admonish their client(s) and office staff not to exhibit inappropriate behavior in the presence of the jury. Inappropriate conduct shall include, but not be limited to, facial gestures and audible comments.

9. Any witnesses or exhibits not listed in accordance with the pretrial order will not be allowed to testify or admitted absent extraordinary or compelling reasons outside the control of the attorneys for noncompliance with the pretrial order. *See R.M.R. v. Muscogee County School District*, 165 F.3d 812 (11th Cir. 1999); *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982).

10. *Expert Witnesses*: Counsel shall not "tender" expert witnesses to the Court in the presence of the jury. Tendering of an expert witness invites a comment on the evidence by the Court.

11. *Review of exhibits*: Not later than close of business on the last business day before commencement of the trial term, the attorneys shall meet and review all proposed exhibits, including demonstrative exhibits. Copies of any exhibits requested shall be furnished to opposing counsel at that time if not previously furnished. Accordingly, during the presentation of evidence, it shall not be required and counsel are directed not to "tender" any exhibit to opposing counsel for review in the presence of the jury. Each exhibit shall be pre-marked for identification, tendered to the witness and after sufficient evidentiary predicate has been established, tendered to the Court for admission into evidence.

12. *Deposition transcript review*: In the event any party intends to publish to the jury all or any portion of a deposition transcript, said party shall, not later than the close of business on the day preceding the publication of said deposition transcript, cause to be delivered to opposing Counsel a page and line reference of all testimony intended to be published. Any and all objections to any portions of deposition transcripts to be offered into evidence shall be made known to the Court outside the presence of the jury and shall be considered by the Court prior to the publishing of any such deposition transcripts.

13. *Daily Transcripts*: To avoid unnecessary and warranted interruption of trial proceedings, and to promote the efficient use of judicial resources, any party desiring daily transcripts of part or all of the trial proceedings shall, prior to commencement of trial, file a motion designating those parts sought to be transcribed and demonstrate cause for the transcription. If the assigned court reporter is able to accommodate the request, and the request is approved by the Court, counsel for the requesting party shall immediately make arrangements with the court reporter for payment of the cost of the original transcript, including any expedited transcript charges. The party

seeking transcripts shall serve a copy of the request on opposing counsel, who shall be entitled to a copy of the transcript, upon payment of the court reporter's charge for the copy.

14. The conduct of this trial shall be pursuant to and consistent with Local Rule 5.03, United States District Court for the Middle District of Florida, "Courtroom Decorum," other than as modified herein.

15. At the commencement of the Pre-trial Conference, lead trial counsel shall identify themselves, and confirm that they have familiarized themselves with this Order and the Local Rules in all respects. It shall be the responsibility of lead trial counsel to ensure that all counsel participating in the trial have familiarized themselves with this Order and the Local Rules in all respects.

**DONE AND ORDERED** this 6th of February, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record