UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER,

     Plaintiff,

v.                                CASE NO.:  8:08-cv-2446-JDW-TBM

HDR ENGINEERING, INC.,

     Defendant.

_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation or governmental entity is involved as a party must not affect your decision in any way. A corporation, a governmental entity, and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation or governmental entity is involved, of course, it may act only through people as its employees; and, in general, a corporation or governmental entity is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the corporation or governmental entity.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

Certain witnesses may have used demonstrative or visual aids to assist in explaining or illustrating their testimony. These items have been prepared to assist the witnesses in explaining their testimony. They may be based on assumptions which you are free to accept or reject. The testimony of the witness is evidence, however, and these demonstrative or visual aids are not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. Only items received in evidence will be available to you for consideration during your deliberations.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by the "greater weight of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

The "greater weight of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a  greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by the greater weight of the evidence, you should find against the party making that claim or contention.

*1.      Introduction:*

In this action, Tampa Bay Water and HDR entered into a written contract for HDR to

design the Reservoir. A contract is an agreement establishing the parties' rights and duties.

*2.      Duties under contract:*

A duty of HDR under the contract was to design the Reservoir embankment in part,

as follows:

> *"Task 2.0 – Reservoir Design*
>
> *This task involves a detailed characterization of the potential reservoir site and the design of the reservoir itself along with the ancillary facilities such as roads and drainage systems. The result of this task will be the preparation of design drawings and construction specifications for the reservoir."*

HDR also had a duty under the contract to perform all work under the contract to

meet the following standard of care:

> *"18.0 STANDARD OF PERFORMANCE. CONSULTANT shall perform and complete the Work in a timely manner and in accordance [with] [sic] the standard of care, skill, and diligence customarily provided by an experienced consulting organization rendering the same services, and in accordance with sound professional principles and practices."*

*3.      Issue on claim:*

The issue for your determination on the claim of Tampa Bay Water is: Whether HDR

failed to design the Reservoir embankment in accordance with the standard of care, skill, and

diligence customarily provided by an experienced consulting organization rendering the

same services and in accordance with sound professional principles and practices; and, if so,

whether that failure was a legal cause of damages sustained by Tampa Bay Water. Tampa

Bay Water does not assert any claim against HDR based on quality control.

If the greater weight of the evidence does not support the claim of Tampa Bay Water, then you will not consider the issue of damages and your verdict should be for HDR and against Tampa Bay Water.  If, however, the greater weight of the evidence does support the claim of Tampa Bay Water, then you will consider the defenses raised by HDR and the damages of Tampa Bay Water.

Failure to perform one's duties under a contract is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing damage, so that it can reasonably be said that, but for the failure to perform, the damage would not have occurred.

If you find for HDR, you will not consider the matter of damages. But, if you find for Tampa Bay Water, you should award Tampa Bay Water an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Tampa Bay Water for damages caused by HDR's failure to meet the standard of care under the contract in designing the Reservoir embankment. Tampa Bay Water is entitled to recover damages that will put Tampa Bay Water in the same position Tampa Bay Water would have been in if HDR had met the standard of care. However, Tampa Bay Water is entitled to recover only those damages that the parties reasonably could have anticipated, at the time they entered into the contract, probably would result from HDR's failure to perform.

The usual measure of damages in this type of case includes, in addition to other items of damages which may be proved, the reasonable and necessary cost to repair the structure in accordance with the original design. There is an exception to this rule. If the cost to repair is grossly disproportionate to the results to be obtained and the structure is not required to be repaired because of an unsafe condition, then you should award as damages the difference between the functional value of the structure contracted for and the functional value of the structure as actually received.

TBW is not entitled to recover damages in any greater amount than that which is reasonably necessary to correct the defects. If you find that TBW elected to adopt a more expensive design to repair the Reservoir, TBW's recovery should be limited to what would have been the reasonable cost to correct the defects. Furthermore, an owner has a duty to make corrections or repairs in an economical manner consistent with proper workmanship and construction. To the extent you find TBW engaged in wasteful or extravagant work

beyond that reasonably necessary to correct the defects, TBW is not entitled to recover damages for those additional expenditures.

If you determine by a greater weight of the evidence that HDR defectively designed the Reservoir in a manner that was the legal cause of damage to Tampa Bay Water, then Tampa Bay Water is entitled to recover as damages the reasonable and necessary costs to remove and replace the incorrect portion of the work. During the course of the trial, you have heard witnesses refer to the subject of "first costs." Tampa Bay Water may not recover as damages the cost of services or materials that HDR should have included in its design but which were omitted, which are known as "first costs."  In other words, Tampa Bay Water may not recover "first costs" but may recover any additional costs resulting from improper sequencing of the project or escalation in the cost of materials for the omitted work.

If you determine by a greater weight of the evidence that HDR defectively designed the Reservoir in a manner that was the legal cause of damage to Tampa Bay Water, in determining the amount of any damages, you should not award damages for any repairs that increase or enhance the utility, functionality, or capacity of the Reservoir. In other words, in determining the amount of any damages, you should not award damages for any repairs that would place Tampa Bay Water in a better position than it would have been in if HDR had not breached the standard of care in its design of the Reservoir embankment.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a  greater weight of the evidence  that Tampa Bay Water failed to seek out or take advantage of an opportunity that was reasonably available to it to minimize or reduce its damages under all the circumstances shown by the evidence, then you should reduce the amount of Tampa Bay Water's damages by the amount that could have been reasonably realized if Tampa Bay Water had taken advantage of such opportunity.

With regard to the amount of damages, in dollars, it is not necessary that Tampa Bay Water prove the exact or precise extent of such damages with arithmetic certainty. On the other hand, Tampa Bay Water is not entitled to an award of damages based upon speculation or conjecture. Damages must be proven with a reasonable degree of certainty, which may be established with the aid of expert testimony. You should award an amount shown by a greater weight of the evidence in the case to be a just and reasonable sum sufficient to fairly and adequately compensate Tampa Bay Water for the injuries or damages sustained.

In this case, Tampa Bay Water claims that HDR breached its contract with Tampa Bay Water and that such breach was a legal cause of damage sustained by Tampa Bay Water. HDR contends that Black & Veatch Corporation breached its contract with Tampa Bay Water and that such conduct by Black & Veatch Corporation was a legal cause of Tampa Bay Water's injury.

This is a defensive claim and the burden of proving that claim, by the greater weight of the evidence, is upon HDR.

Finding in favor of the HDR on this defense will not prevent recovery by Tampa Bay Water, it will only reduce the amount of the Tampa Bay Water's recovery. In other words, if you find that any damages were due partly to the fault of Black & Veatch Corporation - - that Black & Veatch Corporation's breach of contract was, for example, 50% responsible for Tampa Bay Water's damage - - then you would fill in that percentage as your finding on the verdict form that I will explain in a moment. Such a finding would not prevent Tampa Bay Water from recovering; the Court will merely reduce the Tampa Bay Water's total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that Black & Veatch breached its contract with Tampa Bay Water, you might find 1% or 99%.

In determining the total amount of damages, you should not make any reduction because of the breach of contract, if any, of Black & Veatch Corporation. The Court will enter a judgment based on your verdict and, if you find that Black & Veatch Corporation was at fault in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of damages which you find was caused by Black & Veatch Corporation.

Of course, the fact that I have given you instructions concerning the issues of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself; but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience

**[Explain Verdict Form]**

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.