UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TAMPA BAY WATER, <br> a regional water supply authority, <br>   Plaintiff, <br><br> v. <br><br> HDR ENGINEERING, INC., a Nebraska corporation, <br>   Defendant. | § <br> § <br> § <br> § <br> §    CASE NO. 8:08-cv-2446-T27-TBM <br> § <br> § <br> § <br> § |

**HDR'S MOTION FOR ATTORNEY'S FEES,
<u>NONTAXABLE COSTS AND EXPENSES OF SUIT</u>**

Pursuant to Federal Rule of Civil Procedure 54 and Local Rule 4.18, Defendant HDR Engineering, Inc., as the prevailing party in this action, respectfully files this Motion for award of attorneys' fees, nontaxable costs and expenses of suit:

1. Under the contract between TBW and HDR, the prevailing party in this litigation is entitled to recover all of its costs and expenses incurred in the lawsuit, including without limitation its attorney's fees. Paragraph 21.4 of the contract provides:

> 21.4 In any litigation arising out of this Agreement or in any way related to the performance of the Work, the prevailing party shall be entitled to recover all costs and expenses incurred, including, without limitation, all attorneys' and legal assistants' fees and costs incurred prior to trial, at trial, on any appeal, or in any bankruptcy proceeding.

*Agreement for Professional Services (Contract No. 99-19),* Admitted Joint Trial Ex. 4000, p. 14 (excerpt attached as Exhibit "A" hereto).

2. "Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced," and trial courts are without discretion to decline to enforce such provisions, even in the face of a meritorious challenge brought in good faith. *N.*

*Am. Clearing, Inc. v. Brokerage Computer Sys.*, 395 Fed. Appx. 563, 567 (11th Cir.2010), quoting *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005).

3. The jury returned a verdict favorable to HDR on April 10, 2012. By Order dated April 18, 2012, the Court directed the Clerk to "enter judgment in favor of [HDR]" and to close the file, reserving jurisdiction "to award costs and attorney's fees, if applicable" [Dkt. 634]. On the same day, the Court Clerk entered judgment "on behalf of the defendant HDR Engineering, Inc. and against the plaintiff Tampa Bay Water" [Dkt. 635].

4. By virtue of the jury verdict and the Court's judgment, HDR is the prevailing party and thus entitled to recover its fees, costs and expenses of suit. "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Head v. Medford,* 62 F.3d 351, 354 (11th Cir. 1995); *Sembler Family P'ship # 41, Ltd. v. Brinker Florida, Inc.,* 2009 U.S. Dist. LEXIS 108919, *8 (M.D. Fla. Nov. 9, 2009).

5. HDR plead for recovery of its fees, costs and expenses under Paragraph 21.4 of the contract. *See* HDR's Amended Answer to TBW's Second Amended Complaint, ¶150, at p.18 [Dkt. 388]. In the Joint Pretrial Statement, the parties identified the award of fees, costs and expenses as a post-trial issue for determination by the Court [Dkt. 346, §L.2, at p.50].

6. In accordance with Federal Rule of Civil Procedure 54(d)(2)(B)(i) and Local Rule 4.18, HDR has filed this motion for fees, costs and expenses within fourteen days of the entry of judgment.

7. HDR estimates the current amount of its attorney's fees, costs and expenses is approximately $21.7 million, consisting of the following categories:[1]

- Attorney's fees[2]     $10,800,000
- Expert witness fees     $ 6,700,000
- Other professional consultants     $ 701,000
- Trial lodging & meals     $ 105,000
- External and internal copying, photos, video and electronic discovery     $ 2,900,000
- Witness time reimbursement (other than experts)     $ 3,000
- Trial support costs, including trial exhibits and demonstratives     $ 260,000
- Court reporter costs     $ 194,000
- <u>Mediation     $ 27,000</u>

    TOTAL     $21,690,000

Since TBW has given notice of its intent to file a Motion for New Trial [*see* Dkt. 640], this estimate is subject to change, depending on any additional time required for responding to TBW's motion. Further, as provided in Paragraph 21.4 of the contract, HDR is entitled to attorney's fees and costs on appeal, which also could cause this estimate to increase.

8. HDR requests that the Court establish a schedule and procedure for submissions of evidentiary support for this application. HDR has retained the services of

---

[1] For present purposes, HDR includes in this estimate costs that are or may be considered separately recoverable as taxable court costs under 28 U.S.C. § 1920 *et seq*. Contemporaneously herewith, HDR has filed a motion for taxable costs pursuant to Local Rule 4.18 [Dkt. 642]. To the extent any items listed here are recovered as taxable court costs, they are not sought again here.

[2] This category includes fees charged by attorneys and professional staff, including paralegals and other staff whose time is regularly charged to clients.

**HDR'S MOTION FOR ATTORNEY'S FEES,
<u>NONTAXABLE COSTS AND EXPENSES OF SUIT</u> – Page 3**

Benjamin H. Hill, III, Esq., of the law firm Hill Ward Henderson, to review HDR's application for fees, costs and expenses and provide expert testimony concerning same.

9. As provided by Rule 54(d)(2)(B) and recommended by the Federal Advisory Committee Notes, HDR will provide evidentiary support and substantiation for these requested fees, costs and expenses on such schedule and in such manner as the Court requires. *See* Rule 54(d)(2), FED. ADV. COMM. NOTES to 1993 Amendments ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case"); 10 MOORE'S FEDERAL PRACTICE §54.155[1][a] (3rd Ed. 2012) ("The initial fee motion need only state the basis for a fee award and an initial estimate of the amount sought. Later evidentiary submissions provide the factual proof of the amount claimed"); 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE §2680 (1998) ("Because of the early filing deadline for fees, the rule does not require that the motion be fully supported at the time of filing by all of the evidentiary material bearing on fees"). *See, e.g., Rynd v. Nationwide Mut. Fire Ins. Co.,* 2012 U.S. Dist. LEXIS 37732, *2 (M.D. Fla. March 15, 2012) (Whittemore, J.) (noting post-judgment discovery, briefing, expert reports and oral argument before the magistrate judge on plaintiff's application for fees and costs).

**WHEREFORE,** HDR respectfully requests that the Court enter an Order establishing the schedule and procedure for determination of this Motion, and that upon final hearing of same, award HDR such attorney's fees, costs and expenses to which it may be justly entitled.

**HDR'S MOTION FOR ATTORNEY'S FEES,
<u>NONTAXABLE COSTS AND EXPENSES OF SUIT</u>** – Page 4

Respectfully submitted,

*s/ DAVID C. KENT*

| | |
|---|---|
| **SEDGWICK LLP** | **FORIZS & DOGALI, P.A.** |
| WAYNE B. MASON, ESQ. | TIMOTHY D. WOODWARD, ESQ. |
| wayne.mason@sedgwicklaw.com | Florida Bar No.: 0486868 |
| KURT W. MEADERS, ESQ. | twoodward@forizs-dogali.com |
| kurt.meaders@ sedgwicklaw.com | JAMES K. HICKMAN, ESQ. |
| DAVID C. KENT, ESQ. | Florida Bar No.: 0893020 |
| david.kent@ sedgwicklaw.com | jhickman@forizs-dogali.com |
| All Admitted *Pro Hac Vice* | |
| | |
| 1717 Main Street, Suite 5400 | 4301 Anchor Plaza Pkwy., Suite 300 |
| Dallas, TX  75201-7367 | Tampa, FL  33634 |
| Telephone 469-227-8200 | Telephone 813-289-0700 |
| Facsimile 469-227-8004 | Facsimile 813-289-9435 |

**ATTORNEYS FOR HDR ENGINEERING, INC.**

## CERTIFICATE OF GOOD FAITH

In accordance with Local Rule 3.10(g), counsel for Defendant HDR Engineering, Inc. conferred by e-mail with counsel for TBW regarding this Motion, who opposed the Motion and would not consent to all or any portion of the relief requested.

*s/ DAVID C. KENT*
DAVID C. KENT

## CERTIFICATE OF SERVICE

The foregoing instrument was electronically filed with the Clerk of Court through the CM/ECF system, which sent notice of electronic filing to all counsel of record on May 2, 2012.

*s/ David C. Kent*
DAVID C. KENT