UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATER,
A Regional Water Supply Authority

       Plaintiff,                                CASE NO.: 8:08-cv-2446-JDW-TBM

v.

HDR ENGINEERING, INC., a
Nebraska corporation,

       Defendant.

_____/

**TAMPA BAY WATER'S MEMORANDUM OF LAW IN RESPONSE TO HDR'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION FOR COSTS, BILL OF COSTS, AND MOTION FOR FEES, NONTAXABLE COSTS AND EXPENSES OF SUIT (DKT. 665)**

       COMES NOW the Plaintiff, Tampa Bay Water, A Regional Water Supply Authority ("TBW"), by and through its undersigned counsel, hereby responds to HDR's Motion for Leave to File Reply in Support of Its Motion for Costs, Bill of Costs, and Motion for Fees, Nontaxable Costs and Expenses of Suit (Dkt. 665).

       The Court should deny HDR's Motion, in which HDR asks for a third bite, of indeterminate size, at the same apple.

       First, the Court should deny the Motion based on HDR's attempt to skirt the requirements of Local Rule 3.01(d). Although HDR acknowledges the requirement of that Local Rule to "specify the length of the proposed filing," and purports to comply by specifying that its requested reply will not exceed fifteen pages, HDR negates its "compliance" by simultaneously purporting to reserve unto itself the right "to file

supplemental exhibits and affidavits in addition to the Reply in support of same."[1] HDR fails to specify the length of these proposed additional filings, and thus fails to comply with the requirements of Local Rule 3.01(d). Given that HDR's filings to date include multiple motions and legal memoranda supported by hundreds of pages of affidavits and many thousands of pages of other exhibits, including one "supplemental" filing, the Court should neither underestimate HDR's ability or intent to swamp both it and TBW with paper, nor grant it unfettered leave to do so in violation of the Local Rules.

Second, HDR has already "overbriefed" this matter, arguably in violation of the Local Rules. Local Rule 3.01(a) requires that every motion include "a statement of the basis for the request and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document of not more than twenty-five (25) pages." HDR filed its Bill of Costs (Dkt. 642), its Motion for Costs (Dkt. 643) and its Motion for Attorney's Fees, Nontaxable Costs and Expenses of Suit (Dkt. 644) on May 2, 2012. In accordance with Local Rule 3.01(a), the two motions included citation of legal authority and legal argument in support of the relief requested by HDR. The Court then entered an Order granting the motions and directing HDR to file "all *evidence* supporting its costs, expenses and fees" by June 4, 2012.[2] The Court neither requested nor directed HDR to submit additional *legal briefing or memoranda* in support of the motions. Yet, HDR on June 4 filed an additional eighteen-page memorandum of law in support of its claims for fees and costs.[3] This was in addition to the thousands of pages of affidavits, invoices and exhibits (i.e., the

---

[1] Dkt. 665, Motion, at p.1 n.1.
[2] Dkt. 646, Order (e.s.).
[3] Dkt. 652, Memorandum of Law in Support of HDR's Motion for Attorney's Fees, Nontaxable Costs and Expenses of Suit.

"evidence") that the Court actually requested and directed be submitted. Although TBW did not object to this unauthorized filing, it does object to HDR's request to file yet another legal memorandum.

Third, HDR should not be permitted to cure its deficient previous filings under the guise of a reply. The purpose of a reply brief is to rebut matter contained in the opposition to a motion, not to assert new arguments or to present new evidence. *Tardiff v. People for the Ethical Treatment of Animals*, 2011 WL 2729145 (M.D. Fla. July 13, 2011); *Diaz v. Jenne*, 2007 WL 174154 (S.D. Fla. Jan. 19, 2007). It is certainly not to permit a movant to make legal argument that he could have made in his original motion. *United States v. O'Callaghan*, 2011 WL 3200263 (M.D. Fla. Apr. 26, 2011)(striking unauthorized reply characterized as a "third bite at the apple").

Much of what HDR claims it should be allowed to address in a reply should have been addressed somewhere in the required legal memoranda accompanying its prior motions and the subsequent (and arguably unauthorized) separate legal memorandum already filed by it. For example, HDR chose to provide no legal support for its approximately $3 million of e-discovery costs, or costs for transcripts, or its expert witness expenses under the applicable GSA limits. Rather, it chose to dump thousands of pages of invoices and documents on the Court and TBW and place the burden on TBW to sort through the mess. Now that TBW has done so and has pointed out the legal deficiencies in HDR's claims, HDR asks for leave to file a reply – to address matters that it could and should have addressed in its own previous filings. The legal standards for the recovery of such costs and expenses was obviously in

issue when HDR filed its motions; having elected to forego making legal argument *then* does not justify the filing of a reply *now*.

Similarly, HDR should not be granted leave to file a reply to now escape from its own strategic decision to submit invoices that heavily redact the descriptions of work accounting for almost a third of the entire amount claimed in attorney's fees. Factually, if HDR's fee expert, Mr. Hill, reviewed unredacted versions of these invoices, his affidavit or the affidavits of HDR's trial counsel should have clearly said that. They do not. More to the point, HDR's own submissions clearly state that Mr. Hill *was* provided *redacted* invoices for review[4] and *do not* indicate that he was ever furnished *unredacted* invoices. Why, if indeed he reviewed unredacted invoices, would he then need to be provided with the redacted invoices for review? In any event, it was HDR's burden to address this fundamental factual issue in its motions and supporting evidence and memoranda. It failed to do so.

As to the legal issues regarding HDR's election to rely on redacted invoices, HDR again failed to address a basic legal issue underlying its claim when it could and should have done so. It obviously knew that it was filing substantially redacted invoices, but elected to remain silent and to not even attempt to address the immediately apparent legal issues that arise from that strategic decision. It should not be permitted to change course in an effort to remedy that deficiency now. HDR's suggestion that the deficiency can somehow be cured by filing unredacted invoices *in camera* is for inspection by the Court is contrary to the Court's Order requiring that HDR file *all* of its supporting evidence by June 4. It is impractical, as

---

[4] See, for example, the time entries for 6.0 hours by C. Alm on May 1, 2012 with the description "Electronic redaction of invoices to be submitted to Ben Hill in support of Motion for Attorney Fees and Costs" and for 5.9 hours on May 15, 2012, by C. Alm with the description "Additional electronic redaction of invoices to be submitted to Ben Hill in support of Motion for Attorney Fees and Costs" at Dkt. 662-4 (Exhibit 4 to Harrison Affidavit – Sedgwick billing invoices).

the Court is surely not going to review thousands of pages of attorney's invoices. And it still fails to address the underlying legal issue: HDR cannot expect to rely on redacted invoices for more than $3.3 million of its attorney's fees claim when these extensive redactions clearly deprive TBW and its expert of any meaningful opportunity to comprehend and object to this vast amount of work, and the corresponding attorney's fees claimed by HDR, and deprive the Court of any ability to ascertain the reasonableness of the work done or the fees claimed. This is a fundamental issue of due process. HDR can certainly elect to submit redacted invoices to preserve what it contends is privileged matter in its billing invoices, which is what it elected to do here, but in so doing it assumes and bears the obvious risk that its redacted invoices are insufficient to satisfy its burden of proof as to the reasonableness of its attorney's fees. *Nationwide Payment Solutions, LLC v. Plunkett*, 831 F. Supp. 2d 337 (D. Me. 2011). These legal issues should have been addressed by HDR in its previous filings.

Finally, even if any additional briefing on these matters is appropriate, such briefing is premature (and may ultimately be wholly unnecessary). The parties have scheduled mediation of the claims to take place on August 10, in accordance with the Court's order of July 12, 2012.[5] If HDR's motions are resolved in mediation, then no further briefing will be required on these matters.

## Conclusion

For all of the foregoing reasons, HDR's Motion for Leave to File Reply in Support of Its Motion for Costs, Bill of Costs, and Motion for Fees, Nontaxable Costs and Expenses of Suit (Dkt. 665) should be denied.

---

[5] Dkt. 666.

        **s/ Richard A. Harrison**
        **Richard A. Harrison, Esquire**
        Florida Bar Number: 0602493
        rharrison@allendell.com
        Lead Trial Counsel
        ALLEN DELL, P.A.
        202 South Rome Avenue, Ste. 100
        Tampa, Florida 33606
        Phone: (813) 223-5351
        Fax: (813) 229-6682
        Attorneys for Plaintiff, Tampa Bay Water

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd of July, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        **s/ Richard A. Harrison**
        **Richard A. Harrison, Esquire**
        Florida Bar Number 0602493
        ALLEN DELL, P.A.
        202 South Rome Avenue, Ste. 100
        Tampa, Florida 33606
        Phone: (813) 223-5351
        Fax: (813) 229-6682
        rharrison@allendell.com