# EXHIBIT 1

# Supplemental Declaration of Benjamin H. Hill, II

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TAMPA BAY WATER,**

    Plaintiff,

v.

**HDR ENGINEERING**, et al.,

    Defendant.

Case No. 8:08-cv-2446-T27-TBM

### THIRD SUPPLEMENTAL DECLARATION OF BENJAMIN H. HILL, III

My name is Benjamin H. Hill, III, and I make the following declaration under 28 USC §1746.

I have previously executed a declaration and two supplemental declarations in support of HDR's efforts to recover its attorneys' fees, legal costs, and litigation expenses. Since my second supplemental declaration, HDR has incurred additional fees, costs, and expenses. This third supplemental declaration relates to those additional items.

I.    Attorneys' Fees

This category includes the hourly fees charged to HDR by its attorneys and the attorneys' supporting professionals. At issue are two invoices from Forizs & Dogali (for time billed in June and July) and three invoices from Sedgwick (for time billed in June, July, and the first 10 days of August). I will discuss, generally, the work these invoices include and then offer my opinions on the number of hours expended. I have not included in this

1

supplement any discussion of the time keepers' hourly rates because those rates are the same rates previously stipulated to.

In June, HDR finalized and filed its initial fee motion, a supplement to the motion, gathered the supporting documents for both, and finalized and filed its response to Tampa Bay Water's request for a new trial. As I discussed in my prior declarations, those items were critically important and very time consuming. In July, HDR received Tampa Bay Water's response to HDR's initial fee motion, researched Tampa Bay Water's arguments to determine whether a reply was necessary, moved for leave to file a reply, drafted a reply brief, prepared for a possible appeal, and prepared for mediation of the fee issue. These tasks carried over into the first part of August—the reply brief was filed on August 6 and the mediation took place in Tampa on August 10. The time required to complete those tasks varied from moderate to significant, but each task was important.

*Forizs & Dogali*: At issue are invoices for time Forizs & Dogali billed during the months of June and July 2012. The invoice for work done in June includes a total of 58.1 hours—43.3 hours of attorney time and 14.8 hours of paralegal time. The firm's lead attorney on the case, Tim Woodward, billed 30.4 hours on this invoice. The invoice for work done in July includes a total of 16 hours—13.3 hours of attorney time and 2.7 hours of paralegal time. Tim Woodward was the highest biller with 6.3 hours. Given the work that took place in June and July and the firm's limited but important role, I believe the time expended was reasonable. Accordingly, I believe a reasonable fee for this period is the fee charged: $8,978.00 for June and $2,559.50 for July, for a total of $11,537.50.

2

***Sedgwick***: There are three Sedgwick invoices at issue.  The first covers time billed in June.  Consistent with prior invoices, lead trial counsel Wayne Mason remained engaged but did not manage the case on a day-to-day basis.  He billed 7.4 hours on this invoice.  The attorneys managing the case billed the bulk of the time:  Kurt Meaders billed 42.9 hours, David Kent billed 78.3 hours (he did a significant amount of work on the initial fee motion and the supplement), and Cori Steinmann billed 28 hours.  Two other attorneys billed a total of 3.3 hours and one paralegal billed 6.3 hours.  The total time billed for the work performed in June is 166.2 hours, resulting in total legal fees of $57,416.50.  I believe the hours expended on this invoice were reasonable given the work that was done.

The second and third Sedgwick invoices cover time billed in the entire month of July and the first ten days of August.  Three significant tasks were undertaken and completed during this time—reviewing and replying to Tampa Bay Water's response to HDR's fee motion, preparing for and attending the mediation, and preparing for an appeal.  Taking both invoices together:  Wayne Mason billed 31.3 hours (most of that time was traveling to and participating in the mediation), Kurt Meaders billed 129.3 hours, David Kent 67.2 hours, and Cori Steinmann 71.2 hours.  Other professionals billed a total of 14.7 hours on both invoices.  Sedgwick billed HDR for a total of 313.7 hours, resulting in legal fees of $104,783.50.

After considering the tasks accomplished and the amount of time billed I believe the time billed on the July and August invoices should be reduced by 20% ($20,956.70).  This reduction discounts time spent vetting appellate counsel and time associated with the mediation.  I do not believe the time I deducted was unnecessary or improperly billed to HDR, only that the time should not be shifted to Tampa Bay Water under the parties'

contract.  After the deduction, I believe the reasonable attorneys' fees HDR should recover from Tampa Bay Water for time the Sedgwick firm expended in July and the first part of August is $83,826.80.

With regard to the fees discussed in this supplement, the total legal fees I believe HDR is entitled to recover under the prevailing party provision in the contract prepared by Tampa Bay Water is $152,780.80.

II.     Legal Costs

This category includes cost items (but not fees for timekeepers) charged directly to HDR on the invoices discussed above.

**Forizs & Dogali**:  The invoice for June time includes $1,478.84 in costs.  The bulk of those charges ($1,258.02) are for travel expenses which are not being sought.  The costs which are sought ($220.82) are for legal research services and photocopies.  I did not deduct any of those charges.

The invoice for July time includes $560.38 in costs.  Most of those costs ($485.47) are for scanning and digitizing documents in preparation for trial (the invoice for those services was not billed until now due to an administrative oversight).  The remaining costs ($74.91) are for legal research services and photocopies.  I did not deduct any of those charges.

I believe the cost items referenced above, which total $781.20, are reasonable, necessary, and properly recoverable from Tampa Bay Water.

**Sedgwick**:  The Sedgwick invoice for time billed in June includes a total of $1,524.25 in costs.  The Sedgwick invoices for time billed in July and the first part of August include a

4

total of $1,995.12 in costs.  The charges are almost entirely for legal research, photocopying, and long distance telephone calls.  I did not deduct any of those charges.  I believe the entire $3,519.37 in legal costs is reasonable, necessary, and properly recoverable from Tampa Bay Water.

With regard to the costs discussed in this supplement, the total legal costs I believe HDR is entitled to recover is $4,300.57.

III.    Litigation Expenses

This category includes litigation related expenses charged to HDR directly by the vendor.  The invoices falling in this category are discussed individually below.

i.    Conflict Solutions:  There is a single invoice for $4,428, which represents one half of the costs for the recent mediation.

ii.    Digital Discovery:  There is a single monthly invoice for $1,770, which reflects the expense of storing some of the electronic information exchanged in this case.

iii.    Equivalent Data:  There are two monthly invoices for $66,150 each (a total of $132,300), which reflect the recurring expense of keeping active the database of electronic information exchanged in this case.  As stated in my (first) supplemental declaration, the monthly expense is reasonable and necessary given how much it would cost to deactivate the database and then reactivate it if a new trial was ordered.  I understand the database was deactivated after this Court denied Tampa Bay Water's motion for new trial.

iv.    GEI:   GEI billed HDR $585 for time spent retrieving and annotating expense reports (in connection with HDR's earlier fee submissions to this Court).

v.      Hill Ward Henderson:  Since my first declaration was filed, my firm has billed HDR $22,355 for work on this matter.   I will again defer to the Court as to the reasonableness of those fees.

vi.     iSolutions:   iSolutions billed HDR $1,050.25 for printing the evidence supporting HDR's fee motion and organizing that evidence into binders which will be submitted pursuant to this Court's recent order.

With the exception of my firm's invoices, which I am not offering an opinion on, I believe each of the expenses above was reasonably incurred and is reasonable in amount. With regard to the invoices discussed in this supplement, the total litigation expenses I believe HDR is entitled to recover is $162,488.25 (I have included my firm's invoices in this total to avoid confusion—any amount the Court chooses to deduct from those invoices should be deducted from this total).

IV.    Conclusion

With regard to the invoices discussed above, I believe HDR is entitled to recover from Tampa Bay Water under paragraph 21.4 of the parties' contract $152,780.80 in attorneys' fees, $4,300.57 in legal costs, and $162,488.25 in litigation expenses.  These are in addition to the amounts reflected in my prior declarations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2012

_____
Benjamin H. Hill, III